Michael R. Reese (SBN 206773)
George V. Granade (SBN 316050)
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
Email: *mreese@reesellp.com*
          *ggranade@reesellp.com*

Hassan A. Zavareei (SBN 181547)
**TYCKO & ZAVAREEI LLP**
1828 L. Street, NW, Suite 1000
Washington, D.C 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
Email: *hzavareei@tzlegal.com*

Sabita J. Soneji (SBN 224262)
Tanya Koshy (SBN 277095)
**TYCKO & ZAVAREEI LLP**
483 Ninth St., Suite 200
Oakland, California 94607
Telephone: (510) 254-6808
Facsimile: (202) 973-0950
Email*: ssoneji@tzlegal.com*
          *tkoshy@tzlegal.com*

*Counsel for Plaintiff Ronald Chinitz and the Proposed Classes*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
<u>SAN JOSE DIVISION</u>**

| | |
|---|---|
| RONALD CHINITZ, individually, and on behalf of a class of similarly situated persons, | Case No. <u>19-cv-3309</u> |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | JURY TRIAL DEMANDED |
| NRT LLC, | |
| Defendant. | |

-1-
CLASS ACTION COMPLAINT

Plaintiff Ronald Chinitz ("Plaintiff"), through his undersigned attorneys, on behalf of himself and all persons similarly situated, brings the following complaint against NRT LLC and its subsidiaries, including, but not limited to Coldwell Banker ("NRT" or "Defendant"), and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this class action complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in making unlawful calls to his residential telephone lines, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and Plaintiff's privacy rights.

2. The TCPA exists to prevent communications like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. When it passed the TCPA, Congress intended to provide consumers a choice as to how telemarketers may call them and found that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." Pub. L. No. 102–243, § 11. Congress also found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . . ." *Id.* at §§ 12-13.

4. Congress also authorized the Federal Communications Commission to establish a national database of consumers who object to receiving "telephone solicitations," which the act defined as commercial sales calls. *Id.* at § 3.

5. In 2003, FCC promulgated regulations that created the National Do Not Call Registry. *See* 47 C.F.R. § 64.1200(c)(2). The National Do Not Call Registry is a list containing the residential telephone numbers of individuals who affirmatively indicate that they do not wish to receive unsolicited calls from commercial telemarketers. Do not call registrations must be honored indefinitely. *Id.*

6. Today, 230 million numbers on are the National Do Not Call Registry.[1]

7. Despite the widespread embrace of the National Do Not Call Registry, companies like Defendant flagrantly ignores the Registry and invade the privacy of consumers with unwanted calls.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d). Plaintiff and members of the Classes have suffered aggregate damages exceeding $5,000,000, exclusive of interest and costs, and is a class action in which any member of the classes of plaintiffs is a citizen of a state different from any defendant.

9. This Court also has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331, pursuant to Defendant's violation of the TCPA, and supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because significant events giving rise to this case took place in this District.

## INTRADISTRICT ASSIGNMENT

11. Assignment to the San Jose Division is appropriate under Civil Local Rule 3-2(c) and (e) because a substantial part of the events or omissions that gave rise to Plaintiff's claims occurred within Santa Cruz County, including but not limited to Plaintiff's receipt of unwanted calls from or on behalf of Coldwell Banker, as detailed below.

## PARTIES

12. Plaintiff Ronald Chinitz is a citizen residing in Santa Cruz, California.

13. Defendant NRT LLC is a real estate brokerage firm with its principal place of business is in Madison, New Jersey. Defendant NRT does business under the name of a number of subsidiaries, such as Corcoran Group; Sotheby's; and Coldwell Banker. References to "Coldwell Banker" or other subsidiaries throughout this complaint are intended to reference NRT LLC.

---

[1] Simon van Zuylen-Wood, *How Robo-callers Outwitted the Government and Completely Wrecked the Do Not Call List*, WASH. POST (Magazine), Jan. 11, 2018, *available at* https://www.washingtonpost.com/lifestyle/magazine/how-robo-call-moguls-outwitted-the-government-and-completely-wrecked-the-do-not-call-list/2018/01/09/52c769b6-df7a-11e7-bbd0-9dfb2e37492a_story.html?utm_term=.d13dcc7f7fc6 (last visited October 1, 2018).

# **FACTS**

14. Shortly after the creation of the National Do Not Call Registry in 2003, Mr. Chinitz placed his landline number (831-420-####) on the Registry. In or around 2015, Mr. Chinitz placed a VOIP line (408-501-####) on the National Do Not Call Registry. In or around June 2017, Mr. Chinitz re-registered both numbers, under the mistaken impression that his original registration had expired.

15. On or around May 17, 2017, Mr. Chinitz, though his real estate agent, Katy Cowley, listed his home in Santa Cruz, California, for sale.

16. Ms. Cowley placed the listing on an online real estate listing portal, Multiple Listing Service ("MLS").

17. The MLS listing for Mr. Chinitz's home expired on November 1, 2017.

18. The listing included a private instruction to real estate agents that read, "OWNERS HAVE REQUESTED NOT TO BE CONTACTED."

19. On or shortly after November 1, 2017—the day the MLS listing expired—Mr. Chinitz began to receive unwanted calls from NRT through Coldwell Banker.

20. Coldwell Banker, directly through its agents as well as through a third party call center in the Philippines, began to call Mr. Chinitz on both of his residential telephone numbers.

21. On the first call from Coldwell Banker, Mr. Chinitz requested that Coldwell Banker no longer call him, as he was not interested in their services.

22. Despite his request, Coldwell Banker, through its agents and a third party call center, continued to call.

23. More than once, Mr. Chinitz repeated the request to stop calling him.

24. On more than one occasion, Mr. Chinitz would receive a call from or on behalf of Coldwell Banker using a prerecorded voice, stating that there was a bad connection and that the person would call Mr. Chinitz back. After the call with the prerecorded message ended, Mr. Chinitz would then receive a call from a live person calling on behalf of Coldwell Banker. The purpose of this initial prerecorded call was to determine whether Mr. Chinitz would answer the phone, to enable the live caller to be alerted to place the subsequent call.

25. The woman who called after the prerecorded voice called asked Mr. Chinitz if he wanted to speak with Matt Christensen. Mr. Chinitz responded with a request that they do not call him back. However, Mr. Chinitz received additional calls following the same pattern: a prerecorded voice call that gets disconnected, followed by a call from a live caller.

26. After the prerecorded voice scenario happened on a subsequent call, Mr. Chinitz asked the female who called back whether she was in a call center. The caller informed Mr. Chinitz that she was in the Philippines and that he was not the only one upset about the situation. She again offered for Mr. Chinitz to speak to Matt Christensen. Mr. Chinitz reiterated his request that they stop calling.

27. The caller from the Philippines identified herself as Bella Flores. On information and belief, her voice was also the voice on the initial prerecorded call.

28. On information and belief, the Coldwell Banker brokerage that was attempting to contact Mr. Chinitz was an office managed by John Carman. In an effort to get the calls to stop, Mr. Chinitz attempted to contact that office, but he was unable to speak to anyone there. Eventually, Mr. Chinitz was able to lodge his complaint by contacting Realogy's corporate offices.

29. After lodging his complaint with Realogy, Mr. Chinitz was contacted by Nancy Robinson, a regional vice president with Coldwell Banker. In a telephone call, Ms. Robinson said, "This is wrong; this will stop."

30. Ms. Robinson took full responsibility for the calls, and she informed Mr. Chinitz that the calls were not being made by independent contractors. Ms. Robinson also admitted that Coldwell Banker's agents were reaching out to him because Coldwell Banker was low on inventory. She told Mr. Chinitz that Coldwell Banker calls expired listings and asked, rhetorically, "How else are we supposed to generate business?"

31. Coldwell Banker called Mr. Chinitz using an artificial or prerecorded voice to deliver a message.

32. Coldwell Banker did not have prior express consent pursuant to 47 U.S.C. § 227(b)(1)(B) to make those calls.

33. Coldwell Banker's calls were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

34. Upon information and belief, Coldwell Banker has no written procedures to comply with National Do Not Call Registry regulations pursuant to 47 U.S.C. § 64.1200(c)(2)(i)(A), or to the extent it has written procedures, it remains out of compliance with National Do Not Call Registry regulations.

35. Upon information and belief, Coldwell Banker does not train personnel on any procedures to comply with National Do Not Call Registry regulations pursuant to 47 U.S.C. § 64.1200(c)(2)(i)(B), or to the extent it provides training, it remains out of compliance with National Do Not Call Registry regulations.

36. Upon information and belief, Coldwell Banker does not maintain and record a list of telephone numbers that it may not contact pursuant to 47 U.S.C. § 64.1200(c)(2)(i)(C), or to the extent it maintains a list, it remains out of compliance with National Do Not Call Registry regulations.

37. Upon information and belief, Coldwell Banker does not use any process to prevent telephone solicitations of any number on the National Do Not Call Registry and does not maintain records documenting its process pursuant to 47 U.S.C. § 64.1200(c)(2)(i)(D) , or to the extent it attempts to use such processes, it remains out of compliance with National Do Not Call Registry regulations.

38. Upon information and belief, Coldwell Banker does not have a written policy for maintaining an internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(1) , or to the extent it has a written policy, it remains out of compliance with National Do Not Call Registry regulations.

39. Upon information and belief, Coldwell Banker does not inform and train its personnel engaged in telemarking in the existence and the use of any internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(2) , or to the extent it provides such training, it remains out of compliance with National Do Not Call Registry regulations.

40. Upon information and belief, individuals or entities making a call for telemarketing purposes for or on behalf of Coldwell Banker do not record any request from a telephone subscriber

not to receive calls and do not place the subscriber's name and number on an internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(3), or to the extent such requests are recorded, Coldwell Banker remains out of compliance with National Do Not Call Registry regulations.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action on behalf of himself and a class of all others similarly situated pursuant to Federal Rule of Civil Procedure 23.

42. Plaintiff proposes to represent the following classes:

   a. **National Do Not Call Registry Class ("Class A")**: All persons in the United States who received more than one call made by Defendant in a 12-month period on their residential land line and whose residential land line number appears on the National Do Not Call Registry for the time period beginning October 4, 2014, to present.

   b. **National Internal Do Not Call Class ("Class B")**: All persons in the United States who received more than one call made by Defendant in a 12-month period on their residential land line and who made a request not to receive calls for the time period beginning October 4, 2014, to present.

   c. **National Artificial or Prerecorded Message Class ("Class C")**: All persons in the United States who received a call on their residential telephone line with an artificial or prerecorded message, initiated by or on behalf of Defendant, and without the recipient's prior express consent, for the time period beginning October 4, 2014, to present.

43. Defendant and its employees or agents are excluded from the Classes.

44. Members of the Classes are so numerous that joinder is impracticable. While the exact number of class members is unknown to Plaintiff, it is believed that the Classes are comprised of thousands of members geographically disbursed throughout the United States. The Classes are readily identifiable from information and records in the possession of Coldwell Banker and third parties.

45. Common questions of law and fact exist as to all members of the Classes. These questions predominate over questions that may affect only individual class members because

Defendant has acted on grounds generally applicable to the Classes. Such common and legal factual questions include:

    a. Whether Defendant's conduct violates the TCPA;

    b. Whether Defendant obtained valid prior express consent from artificial or prerecorded voice call recipients;

    c. Whether Defendant's calls were made for an emergency purpose;

    d. Whether Defendant's calls were made to collect on a debt;

    e. Whether Defendant adhered to requests by Class members to stop making calls to their residential telephone numbers;

    f. Whether Defendant keeps records of call recipients who revoked consent to receive calls;

    g. Whether Defendant has established written procedures to comply with National Do Not Call Registry registrations;

    h. Whether Defendant trains personnel on any procedures to comply with National Do Not Call Registry regulations;

    i. Whether Defendant maintains and record a list of telephone numbers that they may not contact;

    j. Whether Defendant uses any process to prevent telephone solicitations of any number on the National Do Not Call Registry and maintain records documenting the process;

    k. Whether Defendant has any written policies for maintaining an internal do not call list;

    l. Whether Defendant informs and train their personnel engaged in telemarking in the existence and the use of any internal do not call list pursuant to 47 U.S.C. §64.1200(d)(2);

    m. Whether individuals or entities making a call for telemarketing purposes for or on behalf of Defendant record any request from a telephone subscriber not to receive

calls and place the subscriber's name and number on an internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(1);

n. Whether Plaintiff and members of the Classes are entitled to damages, costs, or attorney's fees from Defendant;

o. Whether Defendant violated the privacy rights of Plaintiff and members of the Classes;

p. Whether Defendant's conduct caused Plaintiff and members of the Classes inconvenience or annoyance;

q. Whether Plaintiff and members of the Classes are entitled to compensatory damages;

r. Whether Plaintiff and members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct; and

s. Whether Plaintiff and members of the Classes are entitled to a permanent injunction enjoining Defendant from continuing to engage in their unlawful conduct.

46. Plaintiff's claims are typical of the members of Class A as all members of Class A are similarly affected by the Defendant's actionable conduct. Defendant's conduct that gave rise to the claims of Plaintiff and members of Class A (*i.e.*, making a call to a residential land line number that appears on the National Do Not Call Registry) is the same for all members of Class A.

47. Plaintiff's claims are typical of the members of Class B as all members of Class B are similarly affected by the Defendant's actionable conduct. Defendant's conduct that gave rise to the claims of Plaintiff and members of Class B (*i.e.*, failing to honor a residential telephone subscriber's do-not-call request) is the same for all members of Class B.

48. Plaintiff's claims are typical of the members of Class C as all members of Class C are similarly affected by the Defendant's actionable conduct. Defendant's conduct that gave rise to the claims of Plaintiff and members of Class C (*i.e.*, using an artificial or prerecorded voice to make a call to a residential land line number) is the same for all members of Class C.

49. Plaintiff will fairly and adequately protect the interests of the Classes because he has no interests antagonistic to, or in conflict with, the Classes that Plaintiff seeks to represent.

1 Furthermore, Plaintiff has retained counsel experienced and competent in the prosecution of complex class action litigation.

50. Class action treatment is a superior method for the fair and efficient adjudication of this controversy, in that, among other things, such treatment will permit a large number of similarly situated persons or entities to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, expense, or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender. The benefits of the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action.

51. Plaintiff knows of no difficulty to be encountered in the maintenance of this action that would preclude its maintenance as a class action.

52. Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole.

## COUNT I

### Violation of 47 U.S.C. § 227(c)(2)

**(On behalf of Plaintiff and Class A - National Do Not Call Registry Class)**

53. Plaintiff incorporates by reference all above paragraphs as though fully repeated herein.

54. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

55. Under 47 C.F.R. § 64.1200(c)(2), "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number

-10-
CLASS ACTION COMPLAINT

on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

56. A caller is not liable for violating the TCPA if it can demonstrate that its violation "is the result of error and that as part of its routine business practice, it meets the following standards:

(A) Written procedures. It has established and implemented written procedures to comply with the national do-not-call rules;

(B) Training of personnel. It has trained its personnel, and any entity assisting in its compliance, in procedures established pursuant to the national do-not-call rules;

(C) Recording. It has maintained and recorded a list of telephone numbers that the seller may not contact;

(D) Accessing the national do-not-call database. It uses a process to prevent telephone solicitations to any telephone number on any list established pursuant to the do-not-call rules, employing a version of the national do-not-call registry obtained from the administrator of the registry no more than 31 days prior to the date any call is made, and maintains records documenting this process."

47 C.F.R. § 64.1200(c)(2)(i).

57. Defendant initiated, or caused to be initiated, telephone solicitations to residential telephone subscribers like Plaintiff and Class A members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

58. Upon information and belief, Coldwell Banker has no written procedures to comply with National Do Not Call Registry regulations pursuant to 47 U.S.C. § 64.1200(c)(2)(i)(A), or to the extent it has written procedures, it remains out of compliance with National Do Not Call Registry regulations.

59. Upon information and belief, Coldwell Banker does not train personnel on any procedures to comply with National Do Not Call Registry regulations pursuant to 47 U.S.C. § 64.1200(c)(2)(i)(B), or to the extent it provides training, it remains out of compliance with National Do Not Call Registry regulations.

60. Upon information and belief, Defendant does not maintain or record a list of telephone numbers that they may not contact, pursuant to 47 C.F.R. § 64.1200(c)(2)(i)(C), or to the extent it maintains a list, it remains out of compliance with National Do Not Call Registry regulations.

61. Upon information and belief, Defendant does not employ a version of the National Do Not Call Registry obtained from the administrator of a registry no more than 31 days prior to the date any call is made, and maintain records documenting this process, pursuant to 47 C.F.R. § 64.1200(c)(2)(i)(D), or to the extent Defendant obtains a registry, Defendant remains out of compliance with National Do Not Call Registry regulations.

62. Because Plaintiff and Class A members received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(c)(2), as described above, Defendant further violated 47 U.S.C. § 227(c)(5).

63. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and members of Class A are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

64. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and members of Class A are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

65. Plaintiff and members of Class A also suffered damages in the form of invasion of privacy.

66. Plaintiff and members of Class A are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## COUNT II

### Violation of 47 U.S.C. § 227(c)(2)

**(On behalf of Plaintiff and Class B – National Internal Do Not Call Class)**

67. Plaintiff incorporate by reference all above paragraphs as though fully repeated herein.

68. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

69. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> "(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. **Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made.** This period may not exceed thirty days from the date of such request . . . .
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. **A do-not-call request must be honored for 5 years from the time the request is made.**"

47 C.F.R. § 64.1200(d)(3), (6) (emphasis added).

70. Plaintiff and Class B members made requests to Defendant not to receive calls from Defendant.

71. Defendant failed to honor Plaintiff and Class B members' requests.

72. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

73. Because Plaintiff and Class B members received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5) , or to the extent it maintains a list, it remains out of compliance with National Do Not Call Registry regulations.

74. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and members of Class B are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

75. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and members of Class B are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

76. Plaintiff and members of Class B also suffered damages in the form of invasion of privacy.

77. Plaintiff and members of Class B are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## COUNT IIII

### Violation of 47 U.S.C. § 227(b)(1)(B)

**(On behalf of Plaintiff and Class C - National Artificial or Prerecorded Message Class)**

78. Plaintiff incorporate by reference all above paragraphs as though fully repeated herein.

79. The TCPA prohibits a caller from initiating any telephone call to a residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the contacted party unless the call was initiated for emergency purposes, is made solely to collect a debt owed or guaranteed by the United States or is exempted by a FCC rule or order.

80. Defendant initiated multiple telephone calls using an artificial or prerecorded voice to residential telephone lines to Plaintiff and other members of Class C.

81. Defendant failed to obtain prior express consent to initiate such calls.

82. By initiating unsolicited telephone calls to Plaintiff and Class C members' residential telephone lines without prior express consent, and by using artificial or prerecorded messages to deliver a message, Defendant has violated 47 U.S.C. § 227(b)(1)(B).

83. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(B), Plaintiff and members of Class C are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3).

84. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(B), Plaintiff and members of Class C are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(b)(3).

85. Plaintiff and members of Class C also suffered damages in the form of invasion of privacy.

86. Plaintiff and members of Class C are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(b)(3).

## ER FOR RELIEF

WHEREFORE, Plaintiff and the Classes demand a jury trial on all claims so triable and judgment as follows:

1. Statutory damages of $500.00 for each negligent violation of the TCPA over the last four years;

2. Statutory damages of $1,500.00 for each knowing or willful violation of the TCPA over the last four years;

3. Actual and punitive damages arising from Defendant's wrongful and illegal conduct;

4. A permanent injunction prohibiting Defendant from using artificial or prerecorded messages to make calls without recipients' prior express consent;

5. Attorney's fees;

6. Litigation expenses and costs of the instant suit; and

7. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury on all counts for which a jury trial is permitted.

Date: June 11, 2019                                    Respectfully submitted,

**REESE LLP**

*/s/ Michael R. Reese*
Michael R. Reese (SBN 206773)
George V. Granade (316050)
100 West 93rd Street, 16th Floor
New York, New York 10025
Tel: (212) 643-0500
Fax: (212) 253-4272
*mreese@reesellp.com*
*ggranade@reesellp.com*

Hassan A. Zavareei (SBN 181547)
**TYCKO & ZAVAREEI LLP**
1828 L. Street, NW, Suite 1000
Washington, D.C 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
Email: hzavareei@tzlegal.com

Sabita J. Soneji (State Bar No. 224262)
Tanya Koshy (SBN 277095)
**TYCKO & ZAVAREEI LLP**
483 Ninth St., Suite 200
Oakland, California 94607
Telephone: (510) 254-6808
Facsimile: (202) 973-0950
Email: *ssoneji@tzlegal.com*
　　　　 *tkoshy@tzlegal.com*

*Counsel for Plaintiff Ronald Chinitz and the Proposed Class*