UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CHINITZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>REALOGY HOLDINGS CORP., et al.,<br><br>    Defendants. | Case No. 3:19-cv-03309-JD<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. No. 77 |

This putative class action alleges multiple violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200 *et seq*. Dkt. No. 55. The gravamen of the second amended complaint (SAC) is that defendants Realogy Holdings Corp., Realogy Intermediate Holdings, Realogy Group, Realogy Services Group, and Realogy Brokerage Group (collectively Realogy) operate a national conglomerate of real estate companies, including Coldwell Banker, whose agents make cold calls to potential clients listed on the National Do Not Call Registry (NDNCR) maintained by the Federal Trade Commission. Defendant Mojo Dialing Solutions LLC is said to be an autodialing company used by Realogy in connection with the calls. Realogy asks to dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6) on the basis of claim preclusion and failure to allege enough facts to plausibly show that Realogy is responsible for the wrongful cold calls. Dkt. No. 77.

The parties' familiarity with the record and the standards governing a motion to dismiss is assumed. *See McDonald v. Kiloo ApS*, 385 F. Supp. 3d 1022, 1030 (N.D. Cal. 2019) (standards). The motion is denied.

This case began in the San Jose division of this District, where named plaintiff Ronald Chinitz filed a class action complaint against Coldwell Banker under the TCPA. *See* Case No. 5:18-cv-06100-NC (Case No. 18-6100), Dkt. No. 1. Chinitz amended the complaint to "correct" defendant's name to "NRT West, Inc. ("NRT West") d/b/a Coldwell Banker Residential

Brokerage Company." Case No. 18-6100, Dkt. No. 16 at 1-2 & n.1. As discovery unfolded, Chinitz came to believe that NRT West may also not have been the correct defendant because it did not appear to be a nationwide entity, or the entity that set cold-calling policies for the Coldwell Banker agents. Dkt. No. 18 at 1-2. Chinitz sought a stipulation to amend again but NRT West refused to agree, for reasons that are not entirely clear. Chinitz filed this action to name what he had concluded were the proper defendants, which resulted in two cases in the District with overlapping allegations and, to some extent, parties. The Court intervened early to help the parties manage this less than optimal situation, and guided the discussion to a plan for an agreement to dismiss the San Jose action in favor of proceeding with the lawsuit here. Dkt. No. 19. The parties eventually stipulated to dismiss the San Jose case, leaving this action as the only one going forward. Dkt. No. 26; Case No. 18-6100, Dkt. No. 87.

Given this procedural history, it is rather surprising that one of Realogy's main arguments for dismissal is that the stipulation it signed precludes this action. The stipulation was agreed to and filed in Case No. 18-6100 in response to the Court's effort to fix a purely procedural sticking point that NRT West was unwilling to resolve in a more straightforward fashion. It did not resolve any of the claims on the merits, and certainly was not intended to do so. *See Wojciechowski v. Kohlberg Ventures, LLC*, 923 F.3d 685, 691 (9th Cir. 2019). To conclude otherwise would unfairly and unreasonably deny Chinitz his day in court, an outcome that would be all the more untenable in light of the fact that Chinitz filed the dismissal at the Court's suggestion and in a good-faith effort to improve the efficient management of this litigation. These circumstances are a country mile away from a situation where a finding of preclusion might be warranted to "protect against the expense and vexation attending multiple lawsuits, conserve[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (internal citation and quotation omitted). Finding preclusion here would also encourage and reward gamesmanship, a flavor of which is present in Realogy's preclusion argument.

Realogy's other main argument for dismissal is unavailing. It says that the SAC does not plausibly allege that Realogy is responsible for the cold calls that may have violated the NDNCR

2

United States District Court
Northern District of California

and TCPA. Not so. The SAC states enough facts to go forward on this score. Among other factual allegations, the SAC states that Realogy designed and oversaw the cold calling policies (Dkt. No. 55 ¶ 10), operated the Coldwell Banker offices in accordance with those policies (*id*. ¶¶ 51-53), was aware of the use of autodialing service providers such as Mojo by Coldwell Banker agents and at times sponsored training programs to promote that practice (*id*. ¶¶ 75-78), did not take adequate steps to ensure that people on the NDNCR were not subjected to cold calls (*id*. ¶¶ 83-90), and was motivated to engage in impermissible cold calling practices to make money, (*id*. ¶ 10). These and similar allegations in the SAC offer an abundance of detail that is, without doubt, sufficient to plausibly state claims for violations of the TCPA and the UCL against Realogy.

To be sure, the SAC identifies several Realogy entities as involved in the cold calling practices. Realogy professes to be befuddled by the identification of multiple entities, but the SAC plausibly lays out a corporate family tree of potentially liable affiliates that is more than enough for pleading purposes. *See, e.g.,* Dkt. No. 55 ¶¶ 20-30, 98-116. These statements are measurably more concrete than the boilerplate allegations of agency and relationship found to be inadequate in other cases. *See, e.g., Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007). Chinitz ultimately will be required to prove which Realogy entities are liable on his claims at summary judgement or trial, but that is an issue for a later day. The only question here is whether the SAC plausibly states a basis for going forward on this issue, and it does.

Realogy makes a final gesture at dismissal by saying that the SAC does not give it "proper notice" under Rule 8 of the claims against it. Dkt. No. 77 at 12-13. What this might mean is left unsaid, and in any event does not hold water in light of the factual detail the SAC provides. The complaint will not be dismissed on this basis.

**IT IS SO ORDERED.**

Dated: January 19, 2021

JAMES DONATO
United States District Judge