UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH BUMPUS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>REALOGY BROKERAGE GROUP LLC (F/K/A NRT LLC), et al.,<br><br>    Defendants. | Case No. 3:19-cv-03309-JD<br><br>**ORDER RE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 154, 166, 174, 184, 189 |

The Court has addressed the standards for sealing requests in conjunction with case filings, *see In re Google Play Store Antitrust Litigation*, --- F. Supp. 3d ---, 2021 WL 4190165, (N.D. Cal. Aug. 25, 2021), and that decision is incorporated here. In pertinent summary, "judicial records are public documents almost by definition, and the public is entitled to access by default." *Id.* at *1 (quoting *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (when considering a request to seal, "we start with a strong presumption in favor of access to court records.") (quotation omitted). The party seeking to seal a document bears the burden of articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* (quotation and citation omitted). General assertions of potential competitive or commercial harm are not enough to establish good cause for sealing court records, and the "fact that the parties may have designated a document as confidential under a stipulated protective order is also not enough to justify sealing." *Id.* (citation omitted).

Plaintiffs have filed three sealing motions in connection with their class certification filings. *See* Dkt. Nos. 154, 174, and 189. The documents proposed for sealing were produced by

1  defendants Mojo and Realogy and by third parties WAVV Communications and PhoneBurner.
2  Realogy also filed two sealing motions in connection with its opposition to class certification.
3  Dkt. Nos. 166 and 188.  The documents Realogy proposes for sealing were produced by plaintiffs,
4  Realogy, and third parties Verizon Services, PhoneBurner, and WAVV Communications.  As
5  required by Civil Local Rule 79-5, plaintiffs and Realogy filed the initial notice of sealing for
6  documents obtained during discovery that had been designated as confidential under the protective
7  order entered in this case.  *See* Dkt. No. 154 at 1-3; Dkt. No. 166 at 1-4; Dkt. No. 174 at 1-2; Dkt.
8  No. 184 at 2; Dkt. No. 189 at 1-2.  Civil Local Rule 79-5 required the parties that produced the
9  documents to state why they should be sealed, and propose ways of tailoring sealing to the
10 narrowest possible scope.

11 Realogy and defendant Mojo filed declarations to state why the documents they produced
12 should be sealed.  Dkt. Nos. 156, 157, 177, and 191.  Plaintiffs and third parties WAVV
13 Communications, PhoneBurner, and Verizon Services did not file declarations stating why the
14 documents they produced should be sealed.  Consequently, the only reason proffered for sealing
15 those documents is that they were labeled as confidential during document production.  This falls
16 far short of carrying the burden of establishing grounds for sealing.  For its part, Realogy says that
17 each of its documents contains "commercially sensitive information."  *See, e.g.*, Dkt. No. 156 at
18 ¶¶ 3-12.  This conclusory showing is generally insufficient to carry the burden to establish grounds
19 for sealing.  Mojo also says only that the documents it produced contain confidential business
20 information that would result in irreparable harm if disclosed, *see* Dkt. No. 157-1 at ¶¶ 7-8.

21 The parties have met their burdens for a small subset of the sealing requests.  The Court's
22 rulings are stated in the attached chart.  *See* Ex. A.  The Court grants sealing for documents
23 containing the names and addresses of Realogy's contractors, who are not parties to this suit and
24 whose private, personal information is contained in the documents.  The Court declines to seal
25 Realogy's training materials, because Realogy fails to demonstrate a plausible risk to its business
26 from disclosure of the documents.  The Court further declines to seal the documents that were
27 merely designated as "Confidential" with no further explanation of why they should be sealed.
28

2

The "default posture of public access prevails" for the documents that the Court declines to seal. *In re Google Play Store Antitrust Litigation*, --- F. Supp. 3d ---, 2021 WL 4190165 at *3 (quoting *Kamakana*, 447 F.3d at 1182). Plaintiffs and Realogy are directed to file unredacted versions of the documents on ECF within 7 days of this order. Civil L.R. 79-5(f).

**IT IS SO ORDERED.**

Dated: March 18, 2022

JAMES DONATO
United States District Judge

**Exhibit A to Order re Motions to Seal**

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| **MOTION FOR CLASS CERTIFICATION** | | | |
| Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Class Certification Dkt. No. 155 | Page 3/Lines 14, 15, 16, 24–25<br>Page 4/Lines 8, 16, 17–18, 20–21<br>Page 5/Lines 10–12, 13, 14, 15, 16–17<br>Page 6/Lines 7, 8, 13, 22<br>Page 7/Lines 6–7<br>Page 17/Lines 26–27, 28<br>Page 18/Line 1 | Describes and quotes other documents identified for sealing. (*See* Dkt. No. 156 at ¶ 12) | **Denied**. |
| Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Class Certification Dkt. No. 155 (Exhibit 1) | Entire document | Contains commercially sensitive information including details regarding the affiliation of independent contract salespersons, including their names, addresses, dates of affiliation, and type of affiliation. Would be valuable to competitors for recruiting activities. (*See* Dkt. No. 156 at ¶ 3) | **Granted**. The document contains the names and addresses of several Realogy agents who are not parties to this suit, and whose personal information and privacy should not be disclosed. |
| Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Class Certification Dkt. No. 155 (Exhibit 2) | Entire document | Contains commercially sensitive information regarding training materials, which would allow competitors an unfair advantage by not having to prepare their own training materials. (*See* Dkt. No. 156 at ¶ 4) | **Denied**. |

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Class Certification Dkt. No. 155 (Exhibit 3) | Entire document | Contains commercially sensitive information regarding Realogy's Do Not Contact Policy and contractor onboarding process, which would allow competitors an unfair advantage by not having to prepare their own policies and processes. (*See* Dkt. No. 156 at ¶ 5) | **Denied**. |
| Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Class Certification Dkt. No. 155 (Exhibit 4) | Entire document | Contains commercially sensitive information regarding Realogy's Do Not Contact Policy and contractor onboarding process, which would allow competitors an unfair advantage by not having to prepare their own policies and processes. (*See* Dkt. No. 156 at ¶ 5) | **Denied**. |
| Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Class Certification Dkt. No. 155 (Exhibit 5) | Entire document | Contains commercially sensitive information regarding Realogy's Do Not Contact Policy and contractor onboarding process, which would allow competitors an unfair advantage by not having to prepare their own policies and processes. (*See* Dkt. No. 156 at ¶ 5) | **Denied**. |

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Class Certification Dkt. No. 155 (Exhibit 6) | Entire document | Contains commercially sensitive information about the affiliation or onboarding process, which would give competitors an unfair advantage by not having to prepare their own onboarding process. (*See* Dkt. No. 156 at ¶ 6) | **Denied**. |
| Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Class Certification Dkt. No. 155 (Exhibit 7) | Entire document | Contains commercially sensitive information about the affiliation or onboarding process, which would give competitors an unfair advantage by not having to prepare their own onboarding process. (*See* Dkt. No. 156 at ¶ 7) | **Denied**. |
| Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Class Certification Dkt. No. 155 (Exhibit 8) | Entire document | Contains confidential business information of Mojo, the disclosure of which would cause irreparable harm to Mojo. (*See* Dkt. No. 157-1 at ¶ 7-9) | **Denied**. |
| Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Class Certification | Entire document | Contains confidential business information of Mojo, the disclosure of which would cause irreparable harm to Mojo. (*See* Dkt. No. 157-1 at ¶ 7-9) | **Denied**. |

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
| --- | --- | --- | --- |
| Dkt. No. 155 (Exhibit 9) | | | |
| Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Class Certification Dkt. No. 155 (Exhibit 10) | Entire document | Contains commercially sensitive information about training, tools, and resources available to independent contractor salespersons, which would give competitors an unfair advantage by not having to create their own materials. (*See* Dkt. No. 156 at ¶ 8) | **Denied**. |
| Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Class Certification Dkt. No. 155 (Exhibit 11) | Entire document | Contains commercially sensitive information about independent contractor salesperson onboarding and affiliation processes, which would give competitors an unfair advantage by not having to create their own materials. (*See* Dkt. No. 156 at ¶ 9) | **Denied**. |
| Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Class Certification Dkt. No. 155 (Exhibit 12) | Entire document | Contains commercially sensitive information about training available to independent contractor salespersons, which would give competitors an unfair advantage by not having to create their own materials. (*See* Dkt. No. 156 at ¶ 10) | **Denied**. |

7

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Class Certification Dkt. No. 155 (Exhibit 13) | Entire document | Contains commercially sensitive information about training and materials available to independent contractor salespersons, which would give competitors an unfair advantage by not having to create their own materials. (*See* Dkt. No. 156 at ¶ 11) | **Denied**. |
| Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Class Certification Dkt. No. 155 (Exhibit 14) | Entire document | Contains confidential business information of Mojo, the disclosure of which would cause irreparable harm to Mojo. (*See* Dkt. No. 157-1 at ¶ 7-9) | **Denied**. |
| Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Class Certification Dkt. No. 155 (Exhibit 17) | Entire document | Contains confidential business information of Mojo, the disclosure of which would cause irreparable harm to Mojo. (*See* Dkt. No. 157-1 at ¶ 7-9) | **Denied**. |
| Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Class Certification | Entire document | Designated confidential by non-party WAVV Communications LLC. (*See* Dkt. No. 154 at 3) | **Denied**. |

8

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| Dkt. No. 155 (Exhibit 19) | | | |
| Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Class Certification Dkt. No. 155 (Exhibit 20) | Entire document | Designated confidential by non-party PhoneBurner, Inc. (*See* Dkt. No. 154 at 3) | **Denied**. |
| **REALOGY'S OPPOSITION TO THE MOTION FOR CLASS CERTIFICATION** ||||
| Realogy's Opposition to the Motion for Class Certification (Exhibit 10) | Entire document | Designated as confidential by plaintiffs. (*See* Dkt. No. 166 at ¶ 4) | **Denied**. |
| Realogy's Opposition to the Motion for Class Certification (Exhibit 11) | Entire document | Designated as confidential by plaintiffs. (*See* Dkt. No. 166 at ¶ 5) | **Denied**. |
| Realogy's Opposition to the Motion for Class Certification (Exhibit 12) | Entire document | Designated as confidential by plaintiffs. (*See* Dkt. No. 166 at ¶ 6) | **Denied**. |
| Realogy's Opposition to the Motion for Class Certification (Exhibit 13) | Entire document | Designated as confidential by plaintiffs. (*See* Dkt. No. 166 at ¶ 7) | **Denied**. |

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| Realogy's Opposition to the Motion for Class Certification (Exhibit 14) | Entire document | Designated as confidential by plaintiffs. (*See* Dkt. No. 166 at ¶ 8) | **Denied**. |
| Realogy's Opposition to the Motion for Class Certification (Exhibit 15) | Entire document | Designated as confidential by plaintiffs. (*See* Dkt. No. 166 at ¶ 9) | **Denied.** |
| Realogy's Opposition to the Motion for Class Certification (Exhibit 16) | Entire document | Designated as confidential by plaintiffs. (*See* Dkt. No. 166 at ¶ 10) | **Denied**. |
| Realogy's Opposition to the Motion for Class Certification (Exhibit 18) | Entire document | Designated as confidential by plaintiffs and third-party Verizon Services Corp. (*See* Dkt. No. 166 at ¶ 11) | **Denied**. |
| Realogy's Opposition to the Motion for Class Certification (Exhibit 19) | Entire document | Designated as confidential by plaintiffs and third-party Verizon Services Corp. (*See* Dkt. No. 166 at ¶ 12) | **Denied**. |
| Realogy's Opposition to the Motion for Class Certification (Exhibit 22) | Entire document | Designated as confidential by third-party PhoneBurner, Inc. (*See* Dkt. No. 166 at ¶ 13) | **Denied**. |

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| Realogy's Opposition to the Motion for Class Certification (Exhibit 23) | Entire document | Designated as confidential by third-party WAVV Communications, LLC. (*See* Dkt. No. 166 at ¶ 14) | **Denied**. |
| Realogy's Opposition to the Motion for Class Certification (Exhibit 33) | Entire document | Designated as confidential by Realogy because it was based on records produced by WAVV Communications LLC, PhoneBurner, Inc., and Mojo, which were designated confidential. (*See* Dkt. No. 166 at ¶ 15) | **Denied.** |
| **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** ||||
| Plaintiffs' Reply in support of Motion for Class Certification | Page 6, lines 21-23<br>Page 7, lines 6-7<br>Page 12, lines 9, 10 | Describes and quotes other documents identified for sealing. (*See* Dkt. No. 174-1 at ¶ 6) | **Denied**. |
| Plaintiffs' Reply in support of Motion for Class Certification (Exhibit 4) | Entire Document | Designated as highly confidential by WAVV Communications LLC. (*See* Dkt. No. 174-1 at ¶ 8) | **Denied**. |
| Plaintiffs' Reply in support of Motion for Class Certification (Exhibit 5) | Entire Document | Designated as highly confidential by WAVV Communications LLC. (*See* Dkt. No. 174-1 at ¶ 9) | **Denied**. |

11

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| Plaintiffs' Reply in support of Motion for Class Certification (Exhibit 6) | Entire Document | Contains commercially sensitive information regarding the names of independent contractor salespersons, addresses, dates of affiliation, and type of affiliation, which would put competitors at an unfair advantage for recruiting purposes. (*See* Dkt. No. 177 at ¶¶ 3-4) | **Granted**. The document contains the names and addresses of several Realogy agents who are not parties to this suit, and whose personal information and privacy should not be disclosed. |
| Plaintiffs' Reply in support of Motion for Class Certification (Exhibit 9) | Entire Document | Designated as confidential by PhoneBurner, Inc. (*See* Dkt. No. 174-1 at ¶ 11) | **Denied**. |
| Plaintiffs' Reply in support of Motion for Class Certification (Exhibit 10) | Entire Document | Designated as confidential by PhoneBurner, Inc. (*See* Dkt. No. 174-1 at ¶ 12) | **Denied**. |
| **REALOGY'S AMENDED OPPOSITION TO THE MOTION FOR CLASS CERTIFICATION** ||||
| Realogy's Amended Opposition to the Motion for Class Certification (Exhibit 44) | Entire Document | Designated as confidential by third-party Verizon Services Corp. (*See* Dkt. No. 184-1 at ¶ 3) | **Denied.** |
| **PLAINTIFFS' AMENDED REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** ||||

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| Plaintiffs' Amended Reply in Support of Motion for Class Certification | Page 6, lines 21-23<br>Page 7, lines 6-7<br>Page 12, lines 10, 11 | Describes and quotes other documents identified for sealing. (*See* Dkt. No. 189-1 at ¶ 5) | **Denied**. |
| Plaintiffs' Amended Reply in Support of Motion for Class Certification (Exhibit 4) | Entire Document | Designated as highly confidential by WAVV Communications LLC. (*See* Dkt. No. 189-1 at ¶ 7) | **Denied.** |
| Plaintiffs' Amended Reply in Support of Motion for Class Certification (Exhibit 5) | Entire Document | Designated as highly confidential by WAVV Communications LLC. (*See* Dkt. No. 189-1 at ¶ 8) | **Denied.** |
| Plaintiffs' Amended Reply in Support of Motion for Class Certification (Exhibit 6) | Entire Document | Contains commercially sensitive information regarding the names of independent contractor salespersons, addresses, dates of affiliation, and type of affiliation, which would put competitors at an unfair advantage for recruiting purposes. (*See* Dkt. No. 191 at ¶ 3) | **Granted**. The document contains the names and addresses of several Realogy agents who are not parties to this suit, and whose personal information and privacy should not be disclosed. |

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| Plaintiffs' Amended Reply in Support of Motion for Class Certification (Exhibit 9) | Entire Document | Designated as confidential by PhoneBurner, Inc. (*See* Dkt. No. 189-1 at ¶ 10) | **Denied.** |
| Plaintiffs' Amended Reply in Support of Motion for Class Certification (Exhibit 10) | Entire Document | Designated as confidential by PhoneBurner, Inc. (*See* Dkt. No. 189-1 at ¶ 11) | **Denied.** |

United States District Court
Northern District of California