UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH BUMPUS, et al., *individually and on behalf of all similarly situated persons*,<br><br>Plaintiffs,<br><br>v.<br><br>REALOGY BROKERAGE GROUP LLC (F/K/A NRT LLC), et al.,<br><br>Defendants. | Case No. 3:19-cv-03309-JD<br><br>**ORDER RE SUMMARY JUDGMENT AND DAUBERT MOTIONS** |

In this class action, named plaintiffs Sarah Bumpus, Micheline Peker, and Cheryl Rowan, have alleged claims against defendant Realogy under the Telephone Consumer Protection Act (TCPA). The Court certified three classes under Federal Rule of Civil Procedure 26(b)(3). Dkt. No. 223. Plaintiffs ask for summary judgment in their favor. Dkt. No. 198. Realogy asks the same for itself. Dkt. No. 205. The parties' familiarity with the applicable standards for summary judgment under Federal Rule of Civil Procedure 56 and with the record is assumed. All of the summary judgment motions are denied.

The reason for the denial is straightforward. As the parties' own motion papers amply demonstrate, this case is replete with disputes of material fact that a jury will be required to resolve. Each party filed hundreds of pages in briefing, declarations, and exhibits with their motions. While volume alone is not necessarily fatal to a summary judgment motion, these filings reflect an almost total disagreement between the parties about the facts of the case. To take a few representative examples, the parties offer conflicting evidence about Realogy's vicarious liability for Coldwell Banker Agents' calls by apparent agency or ratification, and Realogy's consent and safe harbor defenses under the TCPA. These are just the tip of the factual iceberg that make

judgment for either side without a trial impossible.  *See FTC v. D-Link Systems, Inc.*, No. 17-cv-39-JD, 2018 WL 6040192, at *1 (N.D. Cal. Nov. 5, 2018) (citing *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1144 (9th Cir. 1997)).

For Realogy's suggestion that plaintiffs Peker and Rowan lack standing, Dkt. No. 205 at 8-9, the Court has already determined plaintiffs are not required to remember a call from an agent to have a TCPA claim.  *See* Dkt. No. 223 at 8; *see also Romero v. Dep't Stores Nat'l Bank*, 725 F. App'x 537, 539 (9th Cir. 2018) (unpublished).  For plaintiff Bumpus, the record demonstrates a genuine dispute of material fact about the calls made to Bumpus, and whether Bumpus had an established business relationship with NRT West.  *See, e.g.,* Dkt. No. 205 at 11-14; Dkt. No. 228 at 7-10.  For Bumpus's standing to pursue injunctive relief, plaintiffs have raised a genuine factual dispute about Realogy's policy practices and whether those policies are adequately enforced to prevent further violations.  This enough for an injunction request to go forward.  *See Riley's Am. Heritage Farms v. Alsasser*, --- F.4th ----, 2022 WL 1299945, at *14 n.14 (9th Cir. 2022).

Realogy's suggestion that Peker's and Rowan's claims are barred because they were called on their cell phones rather than on a residential line, Dkt. No. 205 at 10, is form over substance.  The TCPA prohibits making calls using artificial or prerecorded voices to cellular telephone numbers, 47 U.S.C. § 227(b)(1)(A)(iii), and to residential telephone lines, 42 U.S.C. § 227(b)(1)(B).  Plaintiffs have indicated that they inadvertently omitted a reference to the cell phone provision for Peker and Rowan, and have proposed to amend the complaint to fix that.  Dkt. No. 228 at 5 (plaintiffs' opposition); Dkt. No. 231 (plaintiffs' motion for leave to conform complaint).  This is in effect a scrivener's error.  There is no question that Peker and Rowan have pursued their claims on the basis of the cell phone provision, and Reaology cannot say that it is in any way surprised or disadvantaged by the drafting omission.  Consequently, the operative complaint is deemed to allege a claim for Peker and Rowan under Section 227(b)(1)(A)(iii). Plaintiffs' motion for leave to conform the complaint is terminated.

For the *Daubert* challenges to the expert reports of Anya Verkhovskaya (Realogy's motion, Dkt. No. 206) and Margaret Daley (plaintiffs' motion, Dkt. No. 212), the Court did not

rely on either report for this order.  They will be addressed in a separate order.  The hearing on the *Daubert* motions set for May 12, 2022, is vacated.

**IT IS SO ORDERED.**

Dated:  May 11, 2022

JAMES DONATO
United States District Judge