UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH BUMPUS, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>REALOGY BROKERAGE GROUP LLC (F/K/A NRT LLC), et al.,<br><br>　　　　　Defendants. | Case No. 3:19-cv-03309-JD<br><br>**ORDER RE MOTIONS TO SEAL** |

　　　　The Court has addressed the standards for sealing requests in conjunction with case filings, *see In re Google Play Store Antitrust Litigation*, 556 F. Supp. 3d 1106 (N.D. Cal. 2021), and that decision is incorporated here. In pertinent summary, "judicial records are public documents almost by definition, and the public is entitled to access by default." *Id*. at 1107 (quoting *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (when considering a request to seal, "we start with a strong presumption in favor of access to court records.") (quotation omitted)). The party seeking to seal a document bears the burden of articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id*. (quotation and citation omitted). General assertions of potential competitive or commercial harm are not enough to establish good cause for sealing court records, and the "fact that the parties may have designated a document as confidential under a stipulated protective order is also not enough to justify sealing." *Id*. (citation omitted).

　　　　Plaintiffs filed a sealing motion in connection with their summary judgment motion. Dkt. No. 200. The documents proposed for sealing were produced by Realogy, dismissed defendant

1   Mojo, and third parties WAVV Communications and PhoneBurner. Realogy filed two sealing

2   motions in connection with its summary judgment motion and *Daubert* motions. Dkt. Nos. 207,

3   208. Realogy's first motion was unopposed and proposes sealing documents that were produced

4   by Realogy itself. *See* Dkt. No. 207. Realogy's second motion proposes sealing documents

5   produced by plaintiffs, Mojo, WAVV, and PhoneBurner. As required by Civil Local Rule 79-5,

6   plaintiffs and Realogy filed the initial notice of sealing for documents obtained during discovery

7   that had been designated as confidential under the protective order entered in this case. *See* Dkt.

8   No. 200-1; Dkt. No. 208-1. Civil Local Rule 79-5 required the parties that produced the

9   documents to state why they should be sealed, and propose ways of tailoring sealing to the

10  narrowest possible scope.

11  Plaintiffs and Realogy filed declarations to state why the documents they produced should

12  be sealed. Dkt. Nos. 214, 215. Mojo filed a declaration to state why the documents in plaintiffs'

13  motion to seal, Dkt. No. 200, should be sealed, but failed to file a declaration to state why the

14  documents in Realogy's motion to seal, Dkt. No. 208, should be sealed. *See* Dkt. No. 213.

15  WAVV Communications and PhoneBurner did not file declarations stating why the documents

16  they produced should be sealed. Consequently, the only reason proffered for sealing WAVV and

17  PhoneBurner's documents, and some of Mojo's documents, is that they were labeled as

18  confidential during document production. This does not carry the burden of establishing grounds

19  for sealing. *In re Google Play Store Antitrust Litigation*, 556 F. Supp. 3d at 1107. For the

20  documents in plaintiffs' motion to seal, Mojo said only that the documents it produced contained

21  commercially sensitive information. *See, e.g.*, Dkt. No. 213 ¶ 4. This wholly conclusory

22  characterization also is not enough to warrant sealing.

23  For its part, Realogy says that its documents are commercially sensitive and disclosure of

24  the documents would provide competitors with an unfair advantage. Dkt. No. 214. The Court

25  finds that Realogy has met its burden for a small subset of the sealing requests, and the Court's

26  rulings are stated in the attached chart. *See* Ex. A. The Court grants sealing for documents

27  containing the names and addresses of Realogy's contractors, who are not parties to this suit and

28  whose private, personal information is contained in the documents. The Court also grants sealing

2

1   for Realogy's independent contractor agreements, which include information about compensation
2   structure and other details of Realogy's relationship with its independent contractors.  The Court
3   declines to seal Realogy's training materials and Do Not Call Policies, because Realogy fails to
4   demonstrate a plausible risk to its business from disclosure of those documents.

As for plaintiffs, they adequately showed that their documents contained sensitive personal information and call records.  Dkt. No. 215-1 ¶¶ 7-8.  Plaintiffs also demonstrated that one of their documents contained confidential business information of Class Experts Group, the company owned by plaintiffs' expert witness, that included information about the company's relationship with LexisNexis.

The "default posture of public access prevails" for the documents that the Court declines to seal.  *In re Google Play Store Antitrust Litigation*, 556 F. Supp. 3d at 1107 (quoting *Kamakana*, 447 F.3d at 1182).  Plaintiffs and Realogy are directed to file unredacted versions of the documents on ECF within 7 days of this order.  Civil L.R. 79-5(f).

**IT IS SO ORDERED.**

Dated:  August 22, 2022

JAMES DONATO
United States District Judge

**EXHIBIT A TO ORDER RE MOTIONS TO SEAL**

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| **MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST REAOLOGY DEFENDANTS** | | | |
| Plaintiffs' Motion for Partial Summary Judgment Against the Realogy Defendants, Dkt. No. 198 | Page 3/Lines 10-11, 20-21, 25, 26<br>Page 4/Lines 3, 6-7, 13, 14, 17, 18-19, 21-22<br>Page 5/Lines 12-13, 21-23, 24-26<br>Page 6/Lines 4, 5-6, 6-7, 16-17, 18-20, 21-23, 24, 25-27<br>Page 7/ Lines 2, 3, 4, 6, 10-11, 11-12, 12-13, 13-14, 22, 23-24<br>Page 8/ Lines 3, 4-5, 5-6, 6-7, 7-8, 8-9, 9-10, 11, 12-13, 19-21, 23<br>Page 9/Lines 5, 6, 11, 22, 27-28<br>Page 10/Lines 7-8<br>Page 11/Line 4<br>Page 15/Lines 18, 19-20, 24<br>Page 16/Lines 2, 3, 4, 6<br>Page 17/Lines 12, 13, 18, 19-20, 22-24<br>Page 19/Lines 21, 22, 26<br>Page 20/Lines 7-9, 9-12, 12-14<br>Page 21/Lines 18-20, 20-22, 27-28<br>Page 22/Lines 4-5 | Describes and quotes other documents identified for sealing. | **Denied**. |

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| Excerpts of June 10, 2021 deposition of Wendy Crane, Dkt. No. 198-3 | Entire document | Despite Realogy designating the document as confidential, Realogy does not believe any portion should be sealed. (*See* Dkt. No. 214 at 3) | **Denied**. |
| Excerpts of RBG005013A Dkt. No. 198-4 | Entire document | Contains commercially sensitive information, including details regarding the affiliation of independent contractor salespersons, including names, addresses, dates of affiliation, and type of affiliation. Would be valuable to competitors for recruiting activities. (*See* Dkt. No. 214 at 5) | **Granted**. The document contains the names and addresses of several Realogy agents who are not parties to this suit, and whose personal information and privacy should not be disclosed. |
| Excerpts of April 6, 2021 Deposition of Cathleen Livingstone, Dkt. No. 198-7 | Plaintiffs designated the entire document for sealing, but Realogy says that only the following portions should be redacted: 205:7-18, 208:22-209:1, 214:15-215:1, 223:1-8 | Discusses commercially sensitive information about Realogy's business, particularly their affiliation processes, relationships with sales associates, and Do Not Call policy. (*See* Dkt. No. 214 at 8-10) | **Denied**. |
| Words that Work, Dkt. No. 198-8 | Plaintiffs designated the entire document, but Realogy says that only the attachment, not the accompanying email should be sealed | Contains commercially sensitive information regarding Realogy's educational and training materials, which would allow competitors an unfair advantage by not having to prepare their | **Denied**. |

5

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| | | own materials. (*See* Dkt. No. 214 at 10) | |
| Form Contracts, Dkt. No. 198-9 | Entire document | Contains commercially sensitive information, including information regarding the affiliation of independent contractor salespersons, and form agreements used in connection with the onboarding process, compensation, commissions, and legal assistance. Disclosure would allow competitors an unfair advantage with respect to their relationships with independent contractors. (*See* Dkt. No. 214 at 11) | **Granted**. The document contains sensitive information about Realogy's contracts with their sales associates, including compensation and terms of the independent contractor relationship. |
| DNC policy updated March 2015, Dkt. No. 198-12 | Entire document | Contains commercially sensitive information about the Do Not Call policy that would provide competitors an unfair advantage by not having to prepare their own policy. (*See* Dkt. No. 214 at 12) | **Denied**. |
| Do Not Contact policy updated 2018, Dkt. No. 198-13 | Entire document | Contains commercially sensitive information about the Do Not Call policy that would provide competitors an unfair advantage by not | **Denied**. |

6

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| | | having to prepare their own policy. (*See* Dkt. No. 214 at 12) | |
| Do Not Contact Policy updated April 2019, Dkt. No. 198-14 | Entire document | Contains commercially sensitive information about the Do Not Call policy that would provide competitors an unfair advantage by not having to prepare their own policy. (*See* Dkt. No. 214 at 13) | **Denied**. |
| Excerpts of April 12, 2021 deposition of Lynn Murtagh, Dkt. No. 198-15 | Plaintiffs designated the entire document, but Realogy says only 45:6-25 and 49:14-23 should be sealed. | Contains specific questions about the Do Not Call policies that Realogy seeks to have sealed, and affiliation related materials. Disclosure would give competitors an unfair advantage by not having to prepare their own policies and processes. (*See* Dkt. No. 214 at 14-15) | **Denied**. |
| DC Policy Manual, Dkt. No. 198-16 | Entire document | Contains commercially sensitive information about the affiliation process for independent contractor sales associates, compensation, commissions, and legal assistance. Disclosure would allow competitors an unfair advantage with respect to their relationships with independent | **Granted**. The document contains sensitive information about Realogy's contracts with their sales associates, including compensation and terms of the independent contractor relationship. |

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| | | contractors. (*See* Dkt. No. 214 at 15-16) | |
| Get NEW Business NOW, Dkt. No. 198-17 | Entire document | Contains commercially sensitive information about educational and training information. Disclosure would give competitors an unfair advantage by not having to prepare their own training materials. (*See* Dkt. No. 214 at 16) | **Denied**. |
| Excerpts of April 19, 2021 Deposition of Charles Cusson, Dkt. No. 198-18 | Entire document | Despite Realogy designating the document as confidential, Realogy does not believe any portion should be sealed. Dkt. No. 214 at 17. | **Denied**. |
| Coldwell Banker Listing Presentation Guide, Dkt. No. 198-19 | Entire document | Contains commercially sensitive information about educational and training information. Disclosure would give competitors an unfair advantage by not having to prepare their own training materials. (*See* Dkt. No. 214 at 17) | **Denied**. |
| Get Ready, Dkt. No. 198-20 | Entire document | Contains commercially sensitive information about educational and training information. Disclosure would give competitors an unfair advantage by not | **Denied**. |

8

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| | | having to prepare their own training materials. (*See* Dkt. No. 214 at 17-18) | |
| CB_New Agent Orientation_2020, Dkt. No. 198-21 | Entire document | Contains commercially sensitive information about educational and training information. Disclosure would give competitors an unfair advantage by not having to prepare their own training materials. (*See* Dkt. No. 214 at 18) | **Denied**. |
| Dialogue Daze, Dkt. No. 198-22 | Entire document | Contains commercially sensitive information about educational and training information. Disclosure would give competitors an unfair advantage by not having to prepare their own training materials. (*See* Dkt. No. 214 at 18-19) | **Denied**. |
| Building Your Business, Dkt. No. 198-23 | Entire document | Contains commercially sensitive information about educational and training information. Disclosure would give competitors an unfair advantage by not having to prepare their own training materials. (*See* Dkt. No. 214 at 19) | **Denied**. |
| Getting Ready to Create and | Entire document | Contains commercially sensitive | **Denied**. |

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| Build your Business! Prospecting Worksheet, Dkt. No. 198-24 | | information about educational and training information. Disclosure would give competitors an unfair advantage by not having to prepare their own training materials. (*See* Dkt. No. 214 at 19-20) | |
| Lead Generation 2015, Dkt. No. 198-25 | Entire document | Contains commercially sensitive information about educational and training information. Disclosure would give competitors an unfair advantage by not having to prepare their own training materials. (*See* Dkt. No. 214 at 20) | **Denied**. |
| Mojo Sales Team Training Manual, Dkt. No. 198-26 | Entire document | Contains sensitive information about Mojo's operations, procedures, policies, products, and business decisions, including profits, employee training, and customer interaction strategies. Disclosure would provide competitors an unfair advantage by copying Mojo's practices. (*See* Dkt. No. 213 ¶ 4) | **Denied**. |
| Excerpts of March 17, 2021 Deposition of Davis | Entire document | Contains sensitive information about Mojo's operations, procedures, policies, products, and business | **Denied**. |

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| Mangold, Dkt. No. 198-27 | | decisions, including profits, employee training, and customer interaction strategies. Disclosure would provide competitors an unfair advantage by copying Mojo's practices. (*See* Dkt. No. 213 ¶ 4) | |
| Mojo Data Layout 2019, Dkt. No. 198-28 | Entire document | Contains sensitive information about Mojo's operations, procedures, policies, products, and business decisions, including profits, employee training, and customer interaction strategies. Disclosure would provide competitors an unfair advantage by copying Mojo's practices. (*See* Dkt. No. 213 ¶ 4) | **Denied**. |
| Declaration of Spencer Harman, Dkt. No. 198-32 | Entire document | WAVV Communications did not provide any reason why the documents should be sealed. | **Denied**. |
| Declaration of Paul Rydell, Dkt. No. 198-33 | Entire document | PhoneBurner, Inc. did not provide any reason why the documents should be sealed. | **Denied**. |
| Excerpts of April 15, 2021 deposition of David Metten, Dkt. No. 198-35 | Plaintiffs designated the entire document for sealing, but Realogy says only 173:7-25 should be redacted. | Contains sensitive information about the Do Not Call Policy and affiliation related form materials. Disclosure would give competitors an unfair advantage by not | **Denied**. |

11

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| | | having to prepare their own policies and processes. (*See* Dkt. No. 214 at 20-21) | |
| CB Bootcamp Lead Generation: Farming & Expireds, Dkt. No. 198-36 | Entire document | Contains commercially sensitive information about educational and training information. Disclosure would give competitors an unfair advantage by not having to prepare their own training materials. (*See* Dkt. No. 214 at 21-22) | **Denied**. |
| **MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST MOJO** | | | |
| Plaintiffs' Motion for Partial Summary Judgment Against Mojo, Dkt. No. 201 | Page 2/Lines 5-6, 8-11, 11-13, 14-17, 25-27<br>Page 3/Lines 1-2, 17-19, 21-24, 28<br>Page 4/Lines 1-5, 6-8, 12-16, 18-19, 21-22<br>Page 6/Lines 15-16, 18-20, 25-26, 26-28<br>Page 7/Lines 1-2, 3-4, 5-8, 8-9, 10-12, 12-13, 13-16, 17-18<br>Page 11/Lines 11-14, 19-20, 21, 22, 23-25, 25-26<br>Page 12/Lines 7-9, 18, 27-28<br>Page 13/Lines 1, 5-8, 9-10, 11-13, 13-14, 15-17, 17-19 | Describes and quotes other documents identified for sealing. | **Denied**. |
| Excerpts from March 17, 2021 Davis Mangold Deposition and Exhibits | Entire documents | Contains sensitive information about Mojo's operations, procedures, policies, products, and business decisions, including | **Denied**. Not narrowly tailored redactions. |

12

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| to Deposition, Dkt. Nos. 200-33 through 200-47 | | profits, employee training, and customer interaction strategies. Disclosure would provide competitors an unfair advantage by copying Mojo's practices. (*See* Dkt. No. 213 ¶ 4) | |
| **REALOGY'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT** | | | |
| Exhibit A to Exhibit 1 of Declaration in support of Realogy's Motion for Summary Judgment, Dkt. No. 205-1 at ECF 17 | Entire Document | Contains commercially sensitive information about the affiliation process for independent contractor sales associates, compensation, commissions, and legal assistance. Disclosure would allow competitors an unfair advantage with respect to their relationships with independent contractors. (*See* Dkt. No. 207-1 ¶ 3) | **Granted**. The document contains sensitive information about Realogy's contracts with their sales associates, including compensation and terms of the independent contractor relationship. |
| Exhibit B to Exhibit 1 of Declaration in support of Realogy's Motion for Summary Judgment, Dkt. No. 205-1 at ECF 17 | Entire Document | Contains commercially sensitive information about the affiliation process for independent contractor sales associates, compensation, commissions, and legal assistance. Disclosure would allow competitors an unfair advantage with respect to their relationships with | **Granted**. The document contains sensitive information about Realogy's contracts with their sales associates, including compensation and terms of the independent contractor relationship. |

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| | | independent contractors. (*See* Dkt. No. 207-1 ¶ 4) | |
| Exhibit C to Exhibit 1 of Declaration in support of Realogy's Motion for Summary Judgment, Dkt. No. 205-1 at ECF 17 | Entire Document | Contains commercially sensitive information about the affiliation process for independent contractor sales associates, compensation, commissions, and legal assistance. Disclosure would allow competitors an unfair advantage with respect to their relationships with independent contractors. (*See* Dkt. No. 207-1 ¶ 5) | **Granted**. The document contains sensitive information about Realogy's contracts with their sales associates, including compensation and terms of the independent contractor relationship. |
| Exhibit D to Exhibit 1 of Declaration in support of Realogy's Motion for Summary Judgment, Dkt. No. 205-1 at ECF 17 | Entire Document | Contains commercially sensitive information about the Do Not Call Policy, and would give competitors an unfair advantage in not having to prepare their own policies. (*See* Dkt. No. 207-1 ¶ 6) | **Denied.** |
| Exhibit E to Exhibit 1 of Declaration in support of Realogy's Motion for Summary Judgment, Dkt. No. 205-1 at ECF 17 | Entire Document | Contains commercially sensitive information about the Do Not Call Policy, and would give competitors an unfair advantage in not having to prepare their own policies. (*See* Dkt. No. 207-1 ¶ 7) | **Denied.** |
| Exhibit F to Exhibit 1 of | Entire Document | Contains commercially sensitive | **Denied.** |

14

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| Declaration in support of Realogy's Motion for Summary Judgment, Dkt. No. 205-1 at ECF 17 | | information about the Do Not Call Policy, and would give competitors an unfair advantage in not having to prepare their own policies. (*See* Dkt. No. 207-1 ¶ 8) | |
| Exhibit G to Exhibit 1 of Declaration in support of Realogy's Motion for Summary Judgment, Dkt. No. 205-1 at ECF 17 | Entire Document | Contains commercially sensitive information about the Do Not Call Policy and affiliation, and would give competitors an unfair advantage in not having to prepare their own policies. (*See* Dkt. No. 207-1 ¶ 9) | **Denied.** |
| Exhibit H to Exhibit 1 of Declaration in support of Realogy's Motion for Summary Judgment, Dkt. No. 205-1 at ECF 17 | Entire Document | Contains commercially sensitive information about the Do Not Call Policy and affiliation, and would give competitors an unfair advantage in not having to prepare their own policies. (*See* Dkt. No. 207-1 ¶ 10) | **Denied.** |
| Exhibit I to Exhibit 1 of Declaration in support of Realogy's Motion for Summary Judgment, Dkt. No. 205-1 at ECF 17 | Entire Document | Contains commercially sensitive information about the Do Not Call Policy and affiliation, and would give competitors an unfair advantage in not having to prepare their own policies. (*See* Dkt. No. 207-1 ¶ 11) | **Denied.** |

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| Exhibit 16 of Declaration in support of Realogy's Motion for Summary Judgment, Dkt. No. 205-1 at ECF 234 | Entire Document | Contains sensitive personal information. (*See* Dkt. No. 215-1 at 2) | **Granted**. Contains personal phone records of plaintiff suing over privacy interests. |
| Exhibit 17 of Declaration in support of Realogy's Motion for Summary Judgment, Dkt. No. 205-1 at ECF 235 | Entire Document | Contains sensitive personal information. (*See* Dkt. No. 215-1 at 2) | **Granted**. Contains personal phone records of plaintiff suing over privacy interests. |
| Exhibit 18 of Declaration in support of Realogy's Motion for Summary Judgment, Dkt. No. 205-1 at ECF 236 | Entire Document | Contains sensitive personal information. (*See* Dkt. No. 215-1 at 2) | **Granted**. Contains personal phone records of plaintiff suing over privacy interests. |
| Exhibit 19 of Declaration in support of Realogy's Motion for Summary Judgment, Dkt. No. 205-1 at ECF 237 | Entire Document | Contains sensitive personal information. (*See* Dkt. No. 215-1 at 2) | **Granted**. Contains personal phone records of plaintiff suing over privacy interests. |
| Exhibit 20 of Declaration in support of Realogy's Motion for Summary | Entire Document | Contains sensitive personal information. (*See* Dkt. No. 215-1 at 2) | **Granted**. Contains personal phone records of plaintiff suing over privacy interests. |

16

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| Judgment, Dkt. No. 205-1 at ECF 238 | | | |
| Exhibit 21 of Declaration in support of Realogy's Motion for Summary Judgment, Dkt. No. 205-1 at ECF 239 | Entire Document | Contains sensitive personal information. (*See* Dkt. No. 215-1 at 2) | **Granted**. Contains personal phone records of plaintiff suing over privacy interests. |
| Exhibit 22 of Declaration in support of Realogy's Motion for Summary Judgment, Dkt. No. 205-1 at ECF 240 | Entire Document | Contains sensitive personal information. (*See* Dkt. No. 215-1 at 2) | **Granted**. Contains personal phone records of plaintiff suing over privacy interests. |
| Exhibit 32 of Declaration in support of Realogy's Motion for Summary Judgment, Dkt. No. 205-1 at ECF 381 | Entire Document | Contains sensitive personal information. (*See* Dkt. No. 215-1 at 2) | **Granted**. Contains personal phone records of plaintiff suing over privacy interests. |
| Exhibit 34 of Declaration in support of Realogy's Motion for Summary Judgment, Dkt. No. 205-1 at ECF 420 | Entire Document | Contains sensitive personal information. (*See* Dkt. No. 215-1 at 3) | **Granted**. Contains personal phone records of plaintiff suing over privacy interests. |
| Exhibit 38 of Declaration in | Entire Document | Contains information designated as | **Denied.** |

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| support of Realogy's Motion for Summary Judgment, Dkt. No. 205-1 at ECF 427 | | confidential by third-party PhoneBurner. (*See* Dkt. No. 208 ¶ 10) | |
| Exhibit 39 of Declaration in support of Realogy's Motion for Summary Judgment, Dkt. No. 205-1 at ECF 428 | Entire Document | Contains information designated as confidential by third-party PhoneBurner. (*See* Dkt. No. 208 ¶ 11) | **Denied.** |
| Exhibit 40 of Declaration in support of Realogy's Motion for Summary Judgment, Dkt. No. 205-1 at ECF 429 | Entire Document | Contains information designated as confidential by Mojo. (*See* Dkt. No. 208 ¶ 12) | **Denied.** |
| **REALOGY'S *DAUBERT* MOTION** | | | |
| Exhibit 11 of Declaration in support of Realogy's *Daubert* Motion, Dkt. No. 206-1 at ECF 306 | Entire Document | Contains information designated as confidential by Mojo and third parties PhoneBurner and WAVV Communications. (*See* Dkt. No. 208 ¶ 13) | **Denied.** |
| Exhibit 15 of Declaration in support of Realogy's *Daubert* Motion, Dkt. | Entire Document | Contains information designated as confidential by third party PhoneBurner. (*See* Dkt. No. 208 ¶ 14) | **Denied.** |

18

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| No. 206-1 at ECF 401 | | | |
| Exhibit 16 of Declaration in support of Realogy's *Daubert* Motion, Dkt. No. 206-1 at ECF 402 | Entire Document | Contains information designated as confidential by third party WAVV Communications. (*See* Dkt. No. 208 ¶ 15) | **Denied.** |
| Exhibit 25 of Declaration in support of Realogy's *Daubert* Motion, Dkt. No. 206-1 at ECF 570 | Entire Document | Contains confidential business information of plaintiffs' expert witness's company, Class Expert Group, pertaining to the company's contractual relationship with Lexis Nexis. (*See* Dkt. No. 215 ¶ 11) | **Granted**. The document contains confidential information about the relationship between Class Expert Group and Lexis Nexis. |

19