Sabita J. Soneji (State Bar No. 224262)
ssoneji@tzlegal.com
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
Telephone: (510) 254-6808

[Additional Counsel on Signature Page]

*Counsel for Plaintiffs Sarah Bumpus, Micheline Peker, and Cheryl Rowan and the Proposed Class*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| SARAH BUMPUS, DAVID GRITZ, MICHELINE PEKER, *and* CHERYL ROWAN, *individually, and on behalf of a class of similarly situated persons*,<br><br>Plaintiffs,<br><br>v.<br><br>REALOGY HOLDINGS CORP., REALOGY INTERMEDIATE HOLDINGS LLC, REALOGY SERVICES GROUP LLC, REALOGY GROUP LLC, *and* REALOGY BROKERAGE GROUP LLC (f/k/a NRT LLC),<br><br>Defendants. | Case No.: 3:19-cv-03309-JD<br><br>**PLAINTIFFS' NOTICE OF MOTION AND CORRECTED MOTION TO MODIFY THE CLASS DEFINITION AND TO DISMISS WITHOUT PREJUDICE THE IDNC CLAIM**<br><br>Judge:         Hon. James Donato<br>Hearing Date: February 15, 2024<br>Time:          10:00 AM<br>Courtroom:    11 |

1    NOTICE IS HEREBY GIVEN that on May 7, 2023 at 10:00am or as soon thereafter as the
2  matter may be heard, Plaintiffs respectfully move under Federal Rules of Civil Procedure 23(d)(1)(A)
3  and 23(c)(1)(C) to amend the class definitions approved in the Court's March 23, 2022 class
4  certification order. Plaintiffs propose the amendments to streamline the presentation of class evidence
5  for the upcoming May 15, 2023 trial and address certain defense challenges to the evidence. Plaintiffs
6  also respectfully move under Rule 41(a)(2) to dismiss Plaintiffs' Internal Do Not Call Claim expressed
7  in Claim III from the Third Amended Complaint without prejudice.

8    Plaintiffs provided their proposed narrowing to Defendants on February 21, 2023 and met
9  and conferred by both phone and videoconference about it after that date. Defendants have indicated
10 they oppose narrowing the classes for trial.

## BACKGROUND

12   On March 23, 2022, the Court granted Plaintiffs' Motion for Class Certification, and certified
13 the following classes:

14   a. **NDNC Class:** All persons in the U.S. who received two or more calls made by a
15      Coldwell Banker-affiliated Agent using a Mojo, PhoneBurner, and/or Storm dialer in
16      any 12 month period on a residential landline or cell phone number that appeared on
17      the National Do Not Call Registry for at least 31 days for the time period beginning
18      June 11, 2015, to present;

19   b. **Internal DNC Class:** All persons in the United States who received, in any 12-month
20      period, two or more calls promoting Coldwell Banker's services and made by a
21      Coldwell Banker-affiliated Agent to their residential landline or cell phone number, for
22      the time period beginning June 11, 2015, to present (the "Internal DNC Class"); and

23   c. **Prerecorded Message Class:** All persons in the United States who received a call on
24      their residential telephone line or cell phone number with an artificial or prerecorded
25      message, as indicated by the following call disposition codes: (i) 'Drop Message' (if
26      using the Mojo dialer), (ii) ATTENDED_TRANSFER' (if using the Storm dialer, and
27      (iii) 'VOICEMAIL' (if using a PhoneBurner dialer) in the call records listed in

Appendix A and made by a Coldwell Banker-affiliated Agent for the time period beginning June 11, 2015, to present (the "Prerecorded Message Class").

To identify members of each class, Plaintiffs' expert witness Anya Verkhovskaya analyzed the available call records and other data in her July 14, 2021 report. In response, the Realogy Defendants produced an expert report from Margaret Daley critiquing Ms. Verkhovskaya's report and analysis; former Defendant Mojo Solutions, Inc. also produced a report (from Jan Kostyun) critiquing Ms. Verkhovskaya's work. Broadly speaking, these reports outlined numerous challenges to Ms. Verkhovskaya's work, including challenges regarding the inclusion of certain categories of calls in Ms. Verkhovskaya's analysis.

Plaintiffs have considered these challenges, and believe that, in the interest of streamlining issues for the expected 5-day trial to facilitate the effective presentation of class-wide proof of each cause of action, certain telephone numbers and calls to those numbers should be carved out of the class through a modification of the NDNCR and Prerecorded Message class definitions as follows:

   a. **NDNC Class:** All persons in the U.S. who received two or more calls made by a Coldwell Banker-affiliated Agent using a Mojo, PhoneBurner, and/or Storm dialer in any 12 month period on a residential landline or cell phone number that appeared on the National Do Not Call Registry for at least 31 days for the time period beginning June 11, 2015, to present, *except for persons whose numbers fall into the proposed exclusions categories set forth in Table 1.*

   b. **Prerecorded Message Class:** All persons in the United States who received a call on their residential telephone line or cell phone number with an artificial or prerecorded message, as indicated by the following call disposition codes: (i) 'Drop Message' (if using the Mojo dialer), (ii) ATTENDED_TRANSFER' (if using the Storm dialer, and (iii) 'VOICEMAIL' (if using a PhoneBurner dialer) in the call records listed in Appendix A and made by a Coldwell Banker-affiliated Agent for the time period beginning June 11, 2015, to present (the "Prerecorded Message Class"), *except for persons whose numbers fall into the proposed exclusions categories set forth in Table 1.*

Ms. Verkhovskaya concluded in her initial report that there were 1,196,835 phone calls made to 245,302 phone numbers in the NDNCR Class and 264,104 phone calls made to 201,001 phone numbers in the Prerecorded Message Class. Below are the categories of phone numbers and calls that Plaintiffs propose to exclude from the Classes.[1]

**Table 1. Proposed Exclusions from Class Definitions**

| Category for Exclusion | National Do Not Call Class: Excluded Phone Numbers / Calls | Prerecorded Message Class: Excluded Phone Numbers / Calls |
|---|---|---|
| Calls with zero duration with the disposition "No Answer," "NO_ANSWER," or "NOANSWER" | 720,289 / 77,961 | N/A |
| Calls with disposition "NOT YET INTERESTED" | 32 / 0 | N/A |
| Voicemail and Connection Fields indicate caller did not leave a prerecorded message[2] | 21 / 0 | 75 / 38 |
| Calls made by agents whose names were identified as a Coldwell Banker-affiliated Agent by Soundex Software (inexact match of spelling of name)[3] | 37,840 / 10,058 | 34,259 / 24,113 |
| Calls where any field contained the word "Test" | 2 / 1 | 4 / 2 |
| Calls where the prerecorded message did not identify the agent as affiliated with | 63,387 / 7,050 | 64,812 / 48,641 |

---

[1] Plaintiffs have prepared a list of the telephone numbers they propose excluding from the Classes. Due to the nature of the claims at issue here, counsel for Plaintiffs do not believe it would be appropriate to put the personal telephone numbers of unnamed class members into the public record. Counsel for Plaintiffs can provide that list to the Court *in camera* or under seal should the Court wish to review it. Similarly, Counsel for Plaintiffs will provide the list to Defendants should Defendants wish to review the list in responding to this Motion.

[2] The following applied to records from PhoneBurner. Regardless of date, all calls where the "Voicemail" field was "0" were excluded. For calls on or before June 26, 2019, all calls where the "Voicemail" field was "1," and the "Connected" column was "1" were also excluded.

[3] Plaintiffs did not remove calls from Chris Mitchell, whose name was listed as Christopher Mitchell in the Defendants' list of agents because there was independent evidence that these two individuals were the same person.

| Coldwell Banker | | |
|---|---|---|
| Calls where only 1 call was made to a number on the National Do Not Call Registry in a 12-month period after above analysis was complete | 54,512 / 51,384 | N/A |
| **TOTAL PROPOSED EXCLUSIONS** | 876,083 / 146,454 | 99,150/ 72,794 |
| **TOTAL REMAINING IN MODIFIED CLASS** | 320,752 / 98,848 | 164,954/ 128,207 |

Under Rule 23(b)(2), the Court also certified a "National Internal Do Not Call" or "Internal DNC" class, consisting of "[a]ll persons in the United States who received, in any 12-month period, two or more calls promoting Coldwell Banker's services and made by a Coldwell Banker-affiliated Agent to their residential landline or cell phone number, for the time period beginning June 11, 2015, to present." ECF No. 223 at 2, 15-16. This class seeks only injunctive relief, not damages. *Id.* at 15.

## ARGUMENT

**A.  The Court has authority to modify the class and should do so in order to streamline the upcoming trial.**

Rule 23(d)(1)(A) gives district courts broad power to "issue orders that . . . determine the course of proceedings or prescribe measures to prevent the undue repetition or complication in presenting evidence or argument[.]" And more specifically, a district court may modify a class definition at any time before final judgment. Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denied class certification may be altered or amended before final judgment."); *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982) ("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation."); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n. 11 (1978) (describing class certification order as "inherently tentative").

Modifying the class definition as trial approaches is common in class actions, including TCPA class actions. For example, in a TCPA class action tried to verdict, the district court approved three stipulations to modify the class definition by carving out certain class telephone numbers as the parties

1  prepared for trial. *See* Soneji Decl. Ex. A, *Krakauer v. Dish Network, L.L.C.,* No. 1:14-CV-00333 (M.D.
2  N.C.) at ECF No. 271, Second Order Modifying Class Definition, Dec. 29, 2016; Soneji Decl. Ex. B,
3  *Krakauer* at ECF No. 264, Third Stip. Regarding the Class Definition, Dec. 23, 2016. These stipulations
4  proposed to exclude certain telephone numbers from the original list of class members (identified by
5  the same expert who will testify in this trial) after class certification but prior to trial due to the
6  defense's common challenges to discrete groups of class members, like here. *Id.* ¶¶ 2, 3, 5. Plaintiffs
7  also proposed, as they do here, to dismiss without prejudice all Internal Do Not Call claims due to
8  evidentiary and legal challenges. *Id.* ¶ 6. This approach was endorsed on appeal. In affirming a class
9  judgment obtained after a five-day jury trial, the Fourth Circuit credited the district court's approach,
10 noting the "substantial diligence and care by the district court in managing the class[,]"in particular
11 pointing out that "[w]hen new evidence became available, the court modified the class appropriately."
12 *Krakauer v. Dish Network, L.L.C.,* 925 F3d 643, 652 (4th Cir. 2019).

13        Modifying the class definition as proposed will not prejudice the Defendants in any way. In
14 fact, the exclusion of the class members dramatically reduces their liability exposure and
15 accommodates challenges they have made to Plaintiffs' evidence. Further, the analysis and conclusions
16 set forth in Ms. Verkhovskaya's expert report are not changed by carving out the numbers that fall
17 into the distinct categories above.

**B.   The Court should direct Plaintiffs to provide notice to the affected class members.**

20 Because class members have already received notice of class certification under Federal Rule
21 of Civil Procedure 23(c)(2)(B), class members whose telephone numbers Plaintiffs propose excluding
22 shall be notified by Plaintiffs that they are no longer included in the modified class definitions. At the
23 Court's direction, the Plaintiffs will, within thirty days after an order modifying the class definition is
24 entered, send notice to those persons previously provided with class notice with respect to those
25 telephone numbers explaining that they are excluded from the class.

**C.   The Court should dismiss Plaintiffs' IDNC Claim without prejudice.**

In the further interest of narrowing disputed legal and factual issues for trial, Plaintiffs propose to dismiss without prejudice the IDNC claim expressed in Claim III of the Third Amended Complaint, ECF No. 118 ¶¶ 251-261.

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted); *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996) ("[T]he district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal.").

"Although case law does not articulate a precise definition of 'legal prejudice,' the cases focus on the rights and defenses available to a defendant in future litigation." *Westlands*, 100 F.3d at 97 (citing 5 James W. Moore, Moore's Federal Practice ¶ 41.05[1]). The Ninth Circuit has concluded that "'legal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Smith*, 263 F.3d at 976 (citation omitted). By contrast, uncertainty from an unresolved dispute or the threat of future litigation "does not result in plain legal prejudice." *Smith*, 263 F.3d at 976. Nor does legal prejudice "result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id*.

Granting or denying a Rule 41(a)(2) dismissal is within the district court's sound discretion. *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989).

Plaintiffs know of no legal prejudice to the Realogy Defendants from dismissal without prejudice of this claim. The IDNC claim does not seek monetary relief, and as the Court stated in its certification order, injunctive relief is still possible for the Rule 23(b)(3) classes. ECF No. 223 at 16. Thus, dismissing the IDNC claim will have no impact on the relief available to members of the certified classes, will have no impact on the Defendants, and will simplify trial for both parties.

## CONCLUSION

For the reasons above, Plaintiffs believe that streamlining the classes for trial will benefit the class by allowing effective presentation of evidence in a short trial, the Defendants by drastically reducing their potential exposure, and the Court by conserving judicial resources. Plaintiffs ask that the Court grant this motion to modify the class definitions and dismiss the IDNC class.

| | | |
|---|---|---|
| 1 | Dated: February 5, 2024 | Respectfully submitted, |
| 2 | | By: */s/ John W. Barrett* |
| | | John W. Barrett (*pro hac vice*) |
| 3 | | *jbarrett@baileyglasser.com* |
| | | 209 Capitol Street |
| 4 | | Charleston, West Virginia 25301 |
| | | Telephone: (304) 340-2287 |
| 5 | | |
| | | **TYCKO & ZAVAREEI LLP** |
| 6 | | Sabita J. Soneji (State Bar No. 224262) |
| | | ssoneji@tzlegal.com |
| 7 | | 1970 Broadway, Suite 1070 |
| | | Oakland, California 94612 |
| 8 | | Telephone: (510) 254-6808 |
| 9 | | Hassan A. Zavareei (State Bar No. 181547) |
| | | *hzavareei@tzlegal.com* |
| 10 | | Glenn E. Chappell (*pro hac vice*) |
| | | *gchappell@tzlegal.com* |
| 11 | | Gemma Seidita (State Bar No. 322201) |
| | | *gseidita@tzlegal.com* |
| 12 | | 2000 Pennsylvania Ave. NW, Suite 1010 |
| | | Washington, District of Columbia 20006 |
| 13 | | Telephone: (202) 973-0900 |
| 14 | | **KAUFMAN P.A.** |
| | | Rachel E. Kaufman (State Bar No. 259353) |
| 15 | | *rachel@kaufmanpa.com* |
| | | Avi R. Kaufman (*pro hac vice*) |
| 16 | | *kaufman@kaufmanpa.com* |
| | | 400 Northwest 26th Street |
| 17 | | Miami, Florida 33127 |
| | | Telephone: (305) 469-5881 |
| 18 | | |
| | | **REESE LLP** |
| 19 | | George V. Granade (State Bar No. 316050) |
| | | *ggranade@reesellp.com* |
| 20 | | 8484 Wilshire Boulevard, Suite 515 |
| | | Los Angeles, California 90211 |
| 21 | | Telephone: (310) 393-0070 |
| 22 | | **REESE LLP** |
| | | Michael R. Reese (State Bar No. 206773) |
| 23 | | *mreese@reesellp.com* |
| | | 100 West 93rd Street, 16th Floor |
| 24 | | New York, New York 10025 |
| | | Telephone: (212) 643-0500 |
| 25 | | |
| | | **BAILEY GLASSER, LLP** |
| 26 | | Brian A. Glasser (*pro hac vice*) |
| | | *bglasser@baileyglasser.com* |
| 27 | | 209 Capitol Street |
| | | Charleston, West Virginia 25301 |
| 28 | | Telephone: (304) 340-2287 |

PLAINTIFFS' CORRECTED MOTION TO MODIFY THE CLASS DEFINITION AND DISMISS IDNC CLAIM
*Bumpus v. Realogy Holdings Corp.*, Case No. 3:19-cv-03309
7

*Counsel for Plaintiffs Sarah Bumpus, Micheline Peker, and Cheryl Rowan and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2024, I caused a true and correct copy of the foregoing Motion to be filed and served via the Court's CM/ECF system, which shall provide notice and service on all registered counsel of record.

*/s/ John W. Barrett*
John W. Barrett
