EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SARAH BUMPUS, MICHELINE PEKER, *and* CHERYL ROWAN, *individually, and on behalf of a class of similarly situated persons*,<br><br>Plaintiffs,<br><br>v.<br><br>REALOGY HOLDINGS CORP.; REALOGY INTERMEDIATE HOLDINGS LLC; REALOGY GROUP LLC; REALOGY SERVICES GROUP LLC; REALOGY BROKERAGE GROUP LLC (f/k/a NRT LLC),<br><br>Defendants. | Case No. 3:19-cv-03309-JD |

**SETTLEMENT AGREEMENT**

This Settlement Agreement ("Settlement Agreement") is made and entered into this 20th day of January, 2024 (the "Execution Date"), by and between defendants Anywhere Real Estate, Inc. (f/k/a Realogy Holdings Corp.), Anywhere Intermediate Holdings LLC (f/k/a Realogy Intermediate Holdings LLC) ("Intermediate Holdings"), Anywhere Real Estate Group LLC (f/k/a Realogy Group LLC), Anywhere Real Estate Services Group LLC (f/k/a Realogy Services Group LLC), and Anywhere Advisors LLC (f/k/a Realogy Brokerage Group LLC) ("Anywhere Advisors") (collectively "Anywhere") and plaintiffs Sarah Bumpus, Micheline Peker, and Cheryl Rowan, (collectively "Plaintiffs"), who filed suit in the above captioned action ("the Action"), both individually and as representatives of one or more classes. Plaintiffs enter this Settlement Agreement both individually and on behalf of the Settlement Classes, as defined below.

WHEREAS, in the Action Plaintiffs allege that certain real estate agents affiliated with the Anywhere brand, Coldwell Banker, violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*;

WHEREAS, Anywhere denies Plaintiffs' allegations in the Action and has asserted defenses to Plaintiffs' claims;

WHEREAS, extensive arm's-length settlement negotiations, including mediation, have taken place between Plaintiffs' Counsel and counsel for Anywhere, leading to this Settlement Agreement;

WHEREAS, Plaintiffs have conducted an extensive investigation into the facts and the law regarding the claims asserted in the Action, including more than four years of fact and expert discovery, and have concluded that a settlement according to the terms set forth below is fair, reasonable, and adequate and in the best interest of Plaintiffs and the Settlement Classes;

WHEREAS, Anywhere believes that it is not liable for the claims asserted and has good defenses to Plaintiffs' claims, but nevertheless has decided to enter into this Settlement Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, to obtain the releases, orders, and judgment contemplated by this Settlement Agreement, and to put to rest with finality all claims that Plaintiffs and Settlement Class Members have or could have asserted against the Released Parties, as defined below; and

WHEREAS, Anywhere Advisors has implemented changes to inform independent contractor real estate agents affiliated with its company-owned brokerages of TCPA requirements and to discourage them from violating any provision of the TCPA, including (a) adopting a formal Anywhere Advisors Do Not Contact Manual and (b) requiring all independent contractor real estate agents to execute a certificate of compliance with its Do Not Contact Manual upon affiliation. Anywhere Advisors and Anywhere's subsidiary franchisor companies, respectively, further (c) include TCPA warnings on training materials for affiliated independent contractor real estate agents and (d) distribute periodic TCPA reminders to all Anywhere Advisors' affiliated independent contractor real estate agents and franchisees affiliated with Anywhere's subsidiary franchisor companies.

NOW, THEREFORE, in consideration of the agreements and releases set forth herein and other good and valuable consideration, and intending to be legally bound, it is agreed by and between Anywhere and Plaintiffs that the Action be settled, compromised, and dismissed with prejudice, without costs to Plaintiffs, the Settlement Class, or Anywhere except as provided for herein, subject to the approval of the Court, on the following terms and conditions:

A.   **Definitions**

1.   "Appeal" means a request for appellate review of any order or judgment of the Court entered in this Litigation, including but not limited to appeals as of right, discretionary appeals, interlocutory appeals, any order reinstating an appeal, and proceedings involving writs of certiorari and any proceedings thereon.

2.   "Approved Claim" means a claim submitted by a Settlement Class Member that: (a) is received by the Settlement Administrator or postmarked on or before the Claims Deadline; (b) is fully and truthfully completed by a Settlement Class Member with all information requested in the Claim Form and in accordance with the directions on the Claim Form; (c) is signed by the Settlement Class Member, physically or electronically; and (d) is approved by the Settlement Administrator pursuant to the provisions of this Agreement as a valid claim eligible to receive payment from the Settlement Fund under the Settlement Agreement and the final approval order and judgment.

3.   "CAFA Notice" means the notice of this Settlement to the appropriate federal and state officials, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and as further described in Paragraph 36.

4.   "Certified Classes" means the classes of persons that were certified by the Court on March 23, 2022.

5.     "Claims Deadline" means the date that is approximately ninety (90) days after the Notice Date.

6.     "Claim Form" means the document to be submitted by Claimants seeking payment pursuant to this Settlement, attached as Exhibit E.

7.     "Claimant" means a Settlement Class Member who submits a Claim Form.

8.     "Court" means the U.S. District Court for the Northern District of California.

9.     "Complaint" means the operative complaint in the Action at the time the Court enters the Preliminary Approval Order.

10.     "Effective" means that all conditions set forth below in the definition of "Effective Date" have occurred.

11.     "Effective Date" means the date when: (a) the Court has entered a final judgment order approving the Settlement set forth in this Settlement Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and a final judgment dismissing the Action with prejudice has been entered; and (b) the time for Appeal or to seek permission to appeal from the Court's approval of the Settlement and the entry of a final judgment has expired or, if appealed, approval of the Settlement and the final judgment have been affirmed in their entirety by the Court of last resort to which such Appeal has been taken and such affirmance is no longer subject to further Appeal or review.

12.     "Fee Award" means the amount of attorneys' fees and reimbursement of expenses, including the costs of prior notice to the Certified Classes, that may be awarded by the Court and that will be paid out of the Settlement Fund.

13.     "Notice" means a document substantially in the form of Exhibit F hereto, and "Summary Notice" means documents substantially in the form of Exhibits G and H hereto, to be disseminated in accordance with the preliminary approval order, informing members of the

Settlement Classes of, among other things, the pendency of the Action, the material terms of the proposed Settlement, and their options with respect thereto. "Non-Settlement Class Notice" means a document substantially in the form of Exhibit I hereto, to be disseminated in accordance with the preliminary approval order, informing members of the Certified Classes who are not members of the Settlement Classes, among other things, that they are not members of the Settlement Classes.

14.    "Notice Date" means the date by which the Notice and Non-Settlement Class Notice is first disseminated by mail and/or email pursuant to the Notice Plan.

15.    "Notice Plan" means the proposed plan of disseminating to Settlement Class Members notice of the proposed Settlement and of the final approval hearing and to members of the Certified Classes who are not Settlement Class Members notice of their rights going forward, as approved by the Court.

16.    "Opt-Out Deadline" means the date that is approximately ninety (90) days after the Notice Date.

17.    "Opt-Out Members" means members of the Certified Classes who previously timely exercised their rights to be excluded from the Certified Classes and members of the Settlement Classes who have timely exercised their rights to be excluded from the Settlement Classes or have otherwise obtained Court approval to exercise such rights.

18.    "Plaintiffs' Counsel" means the following law firms:

TYCKO & ZAVEREEI LLP
1970 Broadway, Suite 1070
Oakland, California 94612

KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, Florida 33133

REESE LLP
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211

BAILEY GLASSER, LLP
209 Capitol Street
Charleston, West Virginia 25301

19.    "Released Claims" means any and all claims, liabilities, demands, causes of action, or lawsuits of the Settlement Class Members, whether known or unknown, whether legal, statutory, equitable, or of any other type or form, whether under federal, state, or local law (such as any violations of the TCPA, the FCC's related regulations, or an unfair or deceptive practices act), and whether brought in an individual, representative, or any other capacity, that were brought in the Action or could have been brought in the Action or that arise from telephone communications made or attempted by any Coldwell Banker affiliated real estate agent from June 11, 2015 to December 3, 2020 to Settlement Class Members or telephone numbers assigned to Settlement Class Members.

20.    "Released Parties" means Anywhere and all of its respective past and present direct and indirect corporate parents (including holding companies), subsidiaries, related entities and affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), predecessors, and successors, and all of their respective franchisees, officers, directors, managing directors, employees, agents, contractors, independent contractors, attorneys, legal or other representatives, accountants, auditors, experts, trustees, trusts, heirs, beneficiaries, estates, executors, administrators, insurers, and assigns, and all of the franchisees' officers, directors, managing directors, employees, agents, and independent contractors.

21.    "Releasing Parties" means Plaintiffs and any Settlement Class Members (including any of their immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates, acting in their capacity as such; and for entities including any of their past, present or future officers, directors, insurers, general or limited partners, divisions, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, joint ventures, subsidiaries, heirs, executors, administrators, predecessors, successors and assigns, acting

in their capacity as such) solely with respect to the claims based on or derived from claims of the Plaintiffs or Settlement Class Members.

22.    "Service Award" means the amount paid to the Plaintiffs for service as class representatives.

23.    "Settlement" means the settlement of the Action contemplated by this Settlement Agreement.

24.    "Settlement Administrative Expenses" means the expenses incurred by the Settlement Administrator in providing notice, processing claims, administering the Settlement, and mailing checks for Approved Claims. Settlement Administrative Expenses shall be paid exclusively from the Settlement Fund.

25.    "Settlement Administrator" means Epiq Class Action & Claims Solutions, Inc., which has been selected by the Settling Parties after receiving five competing bids.

26.    "Settlement Classes" means the classes of persons that will be certified by the Court for settlement purposes only, namely:

(a)    "NDNC Class" means all persons in the United States who received two or more calls, as indicated by non-zero call durations and/or disposition codes other than "No Answer," "NO_ANSWER," or "NOANSWER," made by a Coldwell Banker-affiliated real estate agent using a Mojo, PhoneBurner, and/or Storm dialer in any 12-month period on a residential landline or cell phone number that appeared on the National Do Not Call Registry for at least 31 days for the time period beginning June 11, 2015 and ending December 3, 2020 (all phone numbers within NDNC Class are listed in Exhibit A hereto);

(b)    "Prerecorded Message Class" means all persons in the United States who received a call on their residential telephone line or cell phone number with an artificial or prerecorded message, as indicated by the following call disposition codes: (i) 'Drop Message' (if using

the Mojo dialer), (ii) ATTENDED_TRANSFER' (if using the Storm dialer), and (iii) 'VOICEMAIL' (if using a PhoneBurner dialer) and made by a Coldwell Banker-affiliated real estate agent for the time period beginning June 11, 2015 and ending December 3, 2020 (all phone numbers within the Prerecorded Message Class are listed in Exhibit B hereto).

Excluded from both Settlement Classes are: (a) current or former officers and directors of Anywhere, (b) Anywhere's employees, agents, and counsel and its counsel's employees, (c) independent contractor real estate agents affiliated with an Anywhere brand, (d) Plaintiff's Counsel and their employees, (e) any judge, magistrate, mediator, arbitrator, and/or court personnel that was involved in presiding over or rendering a decision in this case, and their immediate family members, and (f) any valid Opt-Out Members.

27.    "Settlement Class Member" means a member of the Settlement Classes who is not a valid Opt-Out Member.

28.    "Settlement Fund" means the common fund that Plaintiffs' Counsel will cause to be created consisting of the Total Settlement Amount.

29.    "Settling Parties" means Plaintiffs, Anywhere, and all Settlement Class Members.

30.    "Total Settlement Amount" means $20 million in United States currency.  All costs of settlement, including all payments to Settlement Class Members, all Fee Awards, all Service Awards, and all Settlement Administrative Expenses, will be paid out of the Total Settlement Amount, and Anywhere will pay nothing apart from the Total Settlement Amount.

**B.    Denial of Wrongdoing and Liability**

31.    This Settlement Agreement and any actions taken to carry out the Settlement are not intended to be, nor may they be deemed or construed to be, an admission or concession of liability, or of the validity of any claim, defense, or point of fact or law on the part of any party.  Anywhere denies the material allegations of the Complaint in the Action.  Neither this Settlement Agreement,

nor the fact of Settlement, nor settlement proceedings, nor the settlement negotiations, nor any related document, shall be used as an admission of any fault or omission by Anywhere, or be offered in evidence as an admission, concession, presumption, or inference of any wrongdoing by Anywhere in any proceeding.

**C.    The Benefits of Settlement**

31.    Plaintiffs' Counsel and Plaintiffs recognize and acknowledge the expense and length of continued proceedings that would be necessary to prosecute the Action through trial and appeals. Plaintiffs' Counsel also has taken into account the strength of Anywhere's defenses, difficulties in proving liability, difficulties in maintaining class certification, and the uncertain outcome and risk of the litigation, especially in complex actions such as this one. Plaintiffs' Counsel believes that the proposed Settlement confers substantial benefits upon the Settlement Class. Based on their evaluation of all of these factors, Plaintiffs and Plaintiffs' Counsel have determined that the Settlement is in the best interests of Plaintiffs and the Settlement Classes.

**D.    Stipulation to Class Certification**

32.    Without prejudice to the prior certification of the Certified Classes, the Settling Parties hereby stipulate for purposes of this Settlement only that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied and, subject to Court approval, the Settlement Classes shall be certified for settlement purposes. The Settling Parties further stipulate for purposes of this Settlement only to the appointment of Sarah Bumpus as the representative for the Settlement NDNC Class, Micheline Peker and Cheryl Rowan as the representatives for the Settlement Prerecorded Message Class, and Plaintiffs' Counsel as counsel for the Settlement Classes. The Settling Parties stipulate and agree to the conditional certification of the Settlement Classes for purposes of this Settlement only.  Should, for whatever reason, the Settlement not become Effective, the Settling Parties' stipulation to class certification as part of the Settlement shall become null and void.

33.     Neither this Settlement Agreement, nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of this Settlement Agreement should be intended to be, construed as, or deemed to be evidence of an admission or concession by Anywhere that a class should be or should have been certified for any purposes other than settlement, and none of them shall be admissible in evidence for any such purpose in any proceeding.

**E.     Approval of this Settlement Agreement and Dismissal of the Action**

34.     The Settling Parties agree to make reasonable best efforts to effectuate this Settlement Agreement, including, but not limited to, seeking the Court's approval of procedures—including the giving of class notice under Federal Rules of Civil Procedure 23(c) and (e) and scheduling a final fairness hearing—to obtain final approval of the Settlement and the final dismissal with prejudice of the Action.

35.     By January 20, 2025, Plaintiffs will submit to the Court a motion requesting that the Court preliminarily approve the Settlement (the "Motion").  The Motion shall include: (a) a proposed form of order preliminarily approving the Settlement; and (b) a proposed form of final judgment order. To the extent the Court finds that the Settlement does not meet the standard for preliminary approval, the Settling Parties will negotiate in good faith to modify the Settlement Agreement and will endeavor to resolve any issues to the satisfaction of the Court.

36.     Within ten (10) days after the filing with the Court of this Settlement Agreement and the accompanying motion papers seeking its preliminary approval, the Settlement Administrator must cause the CAFA Notice to be served upon appropriate State and Federal officials as provided in the Class Action Fairness Act, 28 U.S.C. § 1715. The Settlement Administrator will file a certification with the Court stating the date(s) on which the CAFA Notices were sent. Each Party will provide the other Parties with any substantive responses received in response to any CAFA Notice.

37.    Within thirty (30) days of preliminary approval, the Settlement Administrator will create and maintain a Class Settlement Website. The Settlement Administrator's responsibilities will include securing an appropriate URL to be agreed upon by the Parties. The Class Settlement Website will contain information about the Settlement and case-related documents such as the Settlement Agreement, the Notice, Summary Notice, and Non-Settlement Class Notice, the Claim Form, and the preliminary approval order. Settlement Class Members shall have the option to file a claim electronically using the Class Settlement Website. The Class Settlement Website will terminate (be removed from the internet) and no longer be maintained by the Settlement Administrator thirty (30) days after either (a) the Effective Date or (b) the date on which the Settlement Agreement is terminated or otherwise not approved in full, if the Settlement is terminated or otherwise not approved in full.

38.    After preliminary approval, and subject to approval by the Court, the Settling Parties will effectuate the following Notice Plan:

a.    The Settlement Administrator will use reasonable measures to identify, and provide email and mailing addresses for, the owners of all phone numbers listed on Exhibit C, which is the de-duplicated consolidation of the phone numbers within the NDNC Class (Exhibit A), the Prerecorded Message Class (Exhibit B), and the owners of all phone numbers listed on Exhibit D, which is the list of the phone numbers within the Certified Classes that are not included in the Settlement Classes.

b.    Within thirty (30) days of preliminary approval, the Settlement Administrator will send direct notice substantially in the form of the Summary Notice, as modified and/or approved by the Court, via U.S. Postal Service and email, to all members of Settlement Classes, as identified from their phone numbers listed on Exhibit C, and direct notice substantially in the form of the Non-Settlement Class Notice, as modified and/or approved

by the Court, via U.S. Postal Service, to all members of the Certified Classes who are not members of the Settlement Classes, as identified from their phone numbers listed on Exhibit D.

      c.     Within thirty (30) days of preliminary approval, the Settlement Administrator will publish notice of the Settlement in a magazine, website, and/or through targeted social media ads to be agreed upon by the Parties substantially in the form of the Summary Notice.

39.    All costs and expenses related to the CAFA Notice, the Class Settlement Website, and the Notice Plan will be paid out of the Settlement Fund.

40.    If the Settlement is preliminarily approved by the Court and after notice is disseminated to the Settlement Classes, Plaintiffs shall timely seek final approval of the Settlement and entry of a final judgment order:

      (a) certifying the Settlement Classes under Federal Rule of Civil Procedure 23(b)(3), solely for purposes of this Settlement;

      (b) granting final approval of the Settlement as fair, reasonable, and adequate within the meaning of Federal Rules of Civil Procedure 23(e) and directing the consummation of the Settlement according to its terms;

      (c) directing that the Action be dismissed with prejudice and without costs except as provided for herein; and

      (d) reserving exclusive jurisdiction over the Settlement and this Settlement Agreement, including reserving exclusive jurisdiction over the administration and consummation of this Settlement to the United States District Court for the Northern District of California.

41.    Settlement Class Members have the right to appear and show cause, if they have any reason why the terms of this Settlement Agreement should not be given final approval. Any objection

to this Settlement Agreement must be in writing, and either filed with the Court or mailed to the Clerk's Office of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102-3489 by no later than the Opt-Out Deadline. Settlement Class Members may object either on their own or through an attorney hired at their own expense. Any objection must contain the following information: (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector with respect to the objection; and (iii) the factual basis and legal grounds for the objection, including any documents sufficient to establish the basis for his or her standing as a Settlement Class Member, including the phone number(s) at which he or she received communications covered by this Settlement; and (iv) identification of the case name, case number, and court for any prior class action lawsuit in which the objector and the objector's attorney (if applicable) has objected to a proposed class action settlement. If an objecting party chooses to appear at the hearing, no later than the Opt-Out Deadline, a notice of intention to appear, either in person or through an attorney, must be filed with the Court and list the name, address, and telephone number of the person and attorney, if any, who will appear.

42.     A Settlement Class Member who appears at the Final Approval Hearing, either personally or through counsel, is permitted to argue only those matters that were set forth in the timely and validly submitted written objection filed by such Settlement Class Member. No Settlement Class Member may raise matters at the Final Approval Hearing that the Settlement Class Member could have raised in his/her written objection, but failed to do so, and all objections to the Settlement Agreement that are not set forth in a timely and validly submitted written objection are waived.

43.     If a Settlement Class Member wishes to present witnesses or evidence at the final approval hearing in support of a timely and validly submitted objection, all witnesses must be identified in the objection, and true and correct copies of all supporting evidence must be appended

to, or filed and served with, the objection. Failure to identify witnesses or provide copies of supporting evidence in this manner waives any right to introduce such testimony or evidence at the Final Approval Hearing.

44.    Any Settlement Class Member who fails to comply with the applicable provisions of the preceding Paragraphs 41-43 concerning their objection waives and forfeits any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence, is barred from appearing, speaking, or introducing any testimony or evidence at the final approval hearing, is precluded from seeking review of this Agreement by Appeal or other means, and is bound by all the terms of this Agreement and by all proceedings, orders and judgments in the Action. By filing an objection, objectors and their counsel submit to the jurisdiction of the Court for all purposes, including but not limited to subpoenas and discovery.

45.    The Settling Parties have the right, but not the obligation, to respond to any objection no later than seven (7) days prior to the final approval hearing. The Settling Party so responding must file a copy of the response with the Court, and serve a copy, by electronic filing, hand, overnight delivery, or email, to the objector (or counsel for the objector).

46.    Any member of the Settlement Classes who does not wish to participate in this Settlement must write to the Settlement Administrator stating an intention to be "excluded" from this Settlement. This written request for exclusion must be sent via first class United States mail to the Settlement Administrator at the address set forth in the Notice and postmarked no later than the Opt-Out Deadline. A request for exclusion must be signed by the Opt-Out Member and must include the Opt-Out Member's name, address, and the telephone number that allegedly received a telephone communication covered by this Settlement, and must clearly state that the Opt-Out Member wishes to be excluded from the Action and the Settlement. A request for exclusion that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not

postmarked within the time specified, is invalid, and the Person serving such a request is a member of the Settlement Class and is bound as a Settlement Class Member by the Court's Orders in the Action and by this Agreement, if approved. The request for exclusion must be personally signed by the Opt-Out Member. So-called "mass" or "class" opt-outs are not allowed.

47.    Opt-Out Members may not file objections to the Settlement. If an Opt-Out Member validly opts-out, he or she is not be bound by the Settlement if approved by the Court.

48.    This Settlement Agreement will become Effective only after the occurrence of all conditions set forth above in the definition of the Effective Date.

**F.    The Settlement Fund**

49.    The Settlement Administrator will open a special interest-bearing settlement escrow account or accounts, established for that purpose as a qualified settlement fund as defined in Section 1.468B-1(a) of the U.S. Treasury Regulations (the "Escrow Account"). Within 14 business days after the Escrow Account has been opened and preliminary approval is granted, Anywhere will deposit $1 million into the Escrow Account.  Anywhere will pay the remaining balance of the Total Settlement Amount into the Escrow Account within 21 business days after the Effective Date.

50.    The Settlement Fund will be invested in United States Government Treasury obligations or United States Treasury money market funds.

51.    The Total Settlement Amount and any interest earned thereon shall be held in the Escrow Account and constitute the "Settlement Fund."  The full and complete cost of the Settlement Administrative Expenses, Service Awards, Fee Awards, and Settlement Class Members' compensation (all as approved by the Court), and all applicable taxes, if any, assessable on the Settlement Fund or any portion thereof, will be paid out of the Settlement Fund.  In no event will Anywhere's monetary liability with respect to the Settlement exceed the Total Settlement Amount.

52.     The Settling Parties and their counsel will not have any responsibility, financial obligation, or liability for any fees, costs, or expenses related to Settlement Administrative Expenses, Service Awards, or Fee Awards. Such fees, costs, and expenses shall be paid solely from the Settlement Fund with Court approval.  The balance of the Settlement Fund shall be disbursed to Settlement Class Members as provided herein and as approved by the Court.

53.     After preliminary approval of the Settlement, Plaintiffs' Counsel may utilize a portion of the Settlement Fund to provide notice of the Settlement to potential members of the Settlement Classes.  The amount spent or accrued for Settlement Administrative Expenses is not refundable to Anywhere in the event the Settlement Agreement is disapproved, rescinded, or otherwise fails to become Effective.

54.     Anywhere will not have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, use, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such investment, distribution, use or administration except as expressly otherwise provided in this Settlement Agreement.  Anywhere's only payment obligation is to pay the Total Settlement Amount.

55.     There will be no reduction of the Total Settlement Amount based on Opt-Out Members.  The Settlement will be non-reversionary except as set forth below in Section L.  If the Settlement becomes Effective, no proceeds from the Settlement will revert to Anywhere regardless of the claims that are made.

56.     No disbursements shall be made from the Settlement Fund prior to the Effective Date of this Settlement Agreement except as described in Paragraph 53.

57.     The Releasing Parties will look solely to the Settlement Fund for settlement and satisfaction against the Released Parties of all Released Claims and shall have no other recovery against Anywhere or the Released Parties.

**G.**     <u>**Attorneys' Fees, Expenses, and Costs**</u>

58.     Plaintiffs' Counsel may apply to the Court for attorneys' fees and documented and reasonable expenses and costs, including the costs of prior notice to members of the Certified Classes. Plaintiffs' Counsel agree that they will not seek in excess of 30% of the Total Settlement Amount for attorneys' fees. In addition to the attorneys' fees, Plaintiffs' Counsel shall also make a separate request for reimbursement of costs. Class Counsel's application for fees, expenses, and costs and the request for an incentive award must be filed no later than sixty (60) days prior to the Opt-Out Deadline. Any Fee Award approved by the Court shall be paid solely out of the Settlement Fund and will not increase Anywhere's total financial liability with respect to this Settlement. In the event the Court approves the Settlement but declines to award a Fee Award in the amount requested by Class Counsel, the Settlement will nevertheless be binding on the Parties and the Settlement Class Members.

59.     Anywhere has no liability to Plaintiffs' Counsel arising from any claim regarding the division of any award of attorneys' fees, expenses, and costs between and among Plaintiffs' Counsel or any other counsel who may claim entitlement to any portion of the Fee Award.

60.     The Fee Award, if approved by the Court, will be paid by wire transfer from the Settlement Fund within thirty (30) days following the Effective Date, provided that the law firms or attorneys being paid have executed a Form W-9 to the Settlement Administrator.

61.     The Court shall retain jurisdiction of any dispute regarding the Fee Award.

**H.**     <u>**Service Awards**</u>

62.     Plaintiffs' Counsel, on behalf of Plaintiffs, may petition the Court for Service Awards. In the event the Court approves the Settlement but declines to award Service Awards in the amount requested by Plaintiffs' Counsel, the Settlement will nevertheless be binding on the Parties and all Settlement Class Members.

63.     The Service Awards, in the amounts approved by the Court, will be paid solely out of the Settlement Fund within thirty (30) days of the Effective Date. The recipient of any Service Award is responsible for providing a form W-9 to the Settlement Administrator prior to payment. Anywhere has no liability to Plaintiffs arising from any claim regarding payment of any Service Award, so long as Anywhere complies with its obligations under this Agreement.

**I.     Claims Process**

64.     One claim may be submitted per telephone number that falls within either of the Settlement Classes.  If more than one Settlement Class Member submits a claim for the same telephone number, the Settlement Administrator will use adequate procedures to determine which claim is valid.  Payment will be made to Settlement Class Members who submit Approved Claims. Each Settlement Class Member who submits an Approved Claim is entitled to a single payment in an amount equivalent to his or her pro rata share of the Settlement Fund after any approved Fee Award, Service Awards, and Settlement Administrative Expenses are deducted. Payments will be made directly to the Settlement Class Member by the Settlement Administrator.

65.     Settlement Class Members must timely submit, by mail or online, a valid Claim Form substantially in the form attached as Exhibit E, as modified and/or approved by the Court, by the Claims Deadline. All Claim Forms must be postmarked or submitted to the Settlement Administrator, either in hard copy form or electronically via the Settlement Website, by the Claims Deadline. A valid Claim Form means a Claim Form containing all required information, including a unique claim identification number, and which is signed by the claimant and is timely submitted. Any Claim Form which is not timely submitted shall be denied. In the event a Settlement Class Member submits a Claim Form by the Claims Deadline but the Claim Form is not complete, then the Settlement Administrator will give such Settlement Class Member a reasonable opportunity to provide any requested missing information. For any Class Member who submits a Claim Form determined by the

Settlement Administrator to be incomplete, the Settlement Administrator may mail a notice directly to such Class Member, notifying him or her of the missing information and providing him or her with an opportunity to cure (the "Cure Notice"). Class Members must cure incomplete claims on or before the Effective Date.

66.    The Settlement Administrator must apply the terms of this Settlement Agreement and the requirements set forth in the Claim Form, and any Claim Form submitted that does not meet the requirements of this Agreement is not eligible to be an Approved Claim. The Settlement Administrator also shall employ reasonable procedures to screen claims for abuse, fraud, or duplication, including by issue a unique claim identification number to each Settlement Class Member or other person submitting a claim, and shall deny such claims. The Settlement Administrator's decisions to approve or not approve claims are final. The Parties, the Released Parties, and their respective counsel have no responsibility or liability whatsoever for the Settlement Administrator's conduct, omissions, or actions.

67.    Within sixty (60) days after the Effective Date, or such other date as the Court may set, the Settlement Administrator will pay from the Settlement Fund all Approved Claims by electronic payment or check made payable to the Settlement Class Member submitting each Approved Claim, and will mail the checks via first-class mail.

68.    All payments to Settlement Class Members via electronic payment or check will state that the payment will expire and become null and void unless cashed within one hundred eighty (180) days after the date of issuance. To the extent that any payments to Settlement Class Members expire and become null and void, the Settlement Administrator will distribute the funds associated with those payments on a pro rata basis to Settlement Class Members who submitted an Approved Claim and who settled their prior payments, if doing so is administratively and economically feasible (i.e., those Settlement Class Members would receive a second distribution of more than $1 after costs of

administration). If there are any remaining monies, including to the extent a second distribution is not administratively feasible, the parties shall confer regarding and seek Court approval of any *cy pres* recipient..

69.    No decisions by the Settlement Administrator may be deemed to constitute a finding, admission, or waiver by Anywhere as to any matter of fact, law, or evidence having any collateral effect on any claim hereunder or in any other proceeding or before any other forum or authority. Further, such decisions may not be submitted to or admissible in any other proceeding or before any other forum or authority.

**J.    Releases, Discharge, and Covenant Not to Sue**

70.    Upon the occurrence of the Effective Date, the Releasing Parties expressly and irrevocably waive, and fully, finally, and forever settle, discharge, and release the Released Parties from, any and all manner of claims, demands, actions, suits, and causes of action, whether individual, class, representative, or otherwise in nature, for damages, restitution, disgorgement, interest, costs, expenses, attorneys' fees, fines, civil or other penalties, or other payment of money, or for injunctive, declaratory, or other equitable relief, whenever incurred, whether directly, indirectly, derivatively, or otherwise, whether known or unknown, suspected or unsuspected, in law or in equity, that any Releasing Party ever had, now has, or hereafter can, shall, or may have and that have accrued as of the date of preliminary approval of the Settlement arising from or related to the Released Claims.  In connection therewith, upon the Effective Date of Settlement, each of the Releasing Parties (i) shall forever be enjoined from prosecuting in any forum any Released Claims against any of the Released Parties; and (ii) agrees and covenants not to sue any of the Released Parties with respect to any Released Claims.  For avoidance of doubt, this release extends to, but only to, the fullest extent permitted by law.

71.    The Releasing Parties may hereafter discover facts other than or different from those

which they now know or believe to be true with respect to the subject matter of the Released Claims. Nevertheless, the Releasing Parties expressly, fully, finally, and forever settle and release, and, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, fully, finally, and forever settled and released, any and all Released Claims, without regard to the subsequent discovery or existence of such other, different, or additional facts, as well as any and all rights and benefits existing under (i) Cal. Civ. Code Section 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

or any equivalent, similar or comparable present or future law or principle of law of any jurisdiction, including but not limited to Section 20-7-11 of the South Dakota Codified Laws, which provides that "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR;" or (ii) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above, without regard to the subsequent discovery or existence of such other, different, or additional facts.  The Releasing Parties acknowledge that the inclusion of unknown claims in the definition of Released

Claims was separately bargained for and was a material element of the Agreement.

**K.**    **Taxes**

72.    The Settlement Administrator is solely responsible for filing all informational and other tax returns necessary to report any net taxable income earned by the Settlement Fund and shall file all informational and other tax returns necessary to report any income earned by the Settlement Fund and shall be solely responsible for taking out of the Settlement Fund, as and when legally required, any tax payments, including interest and penalties due on income earned by the Settlement Fund.  All taxes (including any interest and penalties) due with respect to the income earned by the Settlement Fund shall be paid from the Settlement Fund.  Anywhere has no responsibility to make any filings relating to the Settlement Fund and will have no responsibility to pay tax on any income earned by the Settlement Fund or to pay any taxes on the Settlement Fund unless the Settlement does not become Effective and the Settlement Fund is returned to Anywhere.  In the event the Settlement does not become Effective and any funds including interest or other income are returned to Anywhere, Anywhere will be responsible for the payment of all taxes (including any interest or penalties), if any, on said interest or other income.  Anywhere makes no representations regarding, and will not be responsible for, the tax consequences of any payments made pursuant to this Settlement Agreement to Plaintiffs' Counsel or to any Settlement Class Member.

**L.**    **Rescission**

73.    If the Court does not certify the Settlement Classes as defined in this Settlement Agreement, or if the Court does not approve this Settlement Agreement in all material respects, or if such approval is modified or set aside on Appeal, or if the Court does not enter final approval as provided for in Paragraph 40 herein, or if any judgment approving this Settlement Agreement is materially modified or set aside on Appeal, or if all of the conditions for the Effective Date do not occur, then this Settlement Agreement may be rescinded by Anywhere or by Plaintiffs on behalf of

the Settlement Classes by written notice to the Court and to counsel for the other Settling Party filed and served within ten (10) business days of the entry of an order not granting court approval or having the effect of disapproving or materially modifying the terms of the Settlement Agreement. A modification or reversal on Appeal of any amount of the Settlement Fund that the Court authorizes to be used to pay Plaintiffs' fees or litigation expenses shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or such final judgment order. The decision of certain members of the Settlement Classes to opt out of the Settlement shall not be a basis for Anywhere to rescind or terminate the Settlement Agreement.

74.     If the Settlement or Settlement Agreement is rescinded for any reason, then the balance of the Total Settlement Amount in the Settlement Fund will be returned to Anywhere. In the event that the Settlement Agreement is rescinded, the funds already expended from the Settlement Fund for the Settlement Administrative Expenses will not be returned to Anywhere. Funds to cover Settlement Administrative Expenses that have been incurred but not yet paid from the Settlement Fund will also not be returned to Anywhere.

75.     If the Settlement or Settlement Agreement is rescinded for any valid reason before payment of claims to Settlement Class Members, then the Settling Parties will be restored to their respective positions in the Action as of January 20, 2025. In the event of rescission, the Action will proceed as if this Settlement Agreement had never been executed and this Settlement Agreement, and representations made in conjunction with this Settlement Agreement, may not be used in the Action or otherwise for any purpose. Anywhere and Plaintiffs expressly reserve all rights if the Settlement Agreement does not become Effective or if it is rescinded by Anywhere or the Plaintiffs.

76.     The Parties' rights to terminate this Settlement Agreement and withdraw from this Settlement Agreement are a material term of this Settlement Agreement.

77.     Anywhere reserves all of its legal rights and defenses with respect to any claims brought by potential Opt-Out Members.

**K. <u>Miscellaneous</u>**

78.     The Settling Parties acknowledge that it is their intent to consummate this Settlement Agreement, and they agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. The Settling Parties agree that they will not solicit, facilitate, or assist in any way requests for exclusions or objections by putative or actual Settlement Class Members. Plaintiffs' Counsel recognize that they have an obligation to support the Settlement and to seek the Court's approval of its terms. Plaintiffs' Counsel will abide by all applicable and governing ethical rules, opinions, and obligations precluding their representation of Opt-Out Members.

79.     Any disputes relating to this Settlement Agreement will be governed by California law without regard to conflicts of law provisions.

80.     This Settlement Agreement constitutes the entire agreement among Plaintiffs and Anywhere pertaining to the Settlement of the Action.  This Settlement Agreement may be modified or amended only by a writing executed by Plaintiffs and Anywhere.

81.     This Settlement Agreement may be executed in counterparts by Plaintiffs and Anywhere, and a facsimile, pdf, or docusign signature shall be deemed an original signature for purposes of executing this Settlement Agreement.

82.     Neither Plaintiffs nor Anywhere shall be considered the drafter of this Settlement Agreement or any of its provisions for the purpose of any statute, the common law, or rule of interpretation that would or might cause any provision of this Settlement Agreement to be construed against the drafter.

83.     The provisions of this Settlement Agreement must, where possible, be interpreted in a manner to sustain their legality and enforceability.

84.     The Court shall retain jurisdiction over the implementation and enforcement of this Settlement Agreement and the Settlement.

85.     Any disputes between Anywhere and Plaintiffs' Counsel concerning this Settlement Agreement shall, if they cannot be resolved by the Settling Parties, be subject to mediation and, if a resolution is not reached, be presented to the Court.

86.     Each Settling Party acknowledges that he, she, or it has been and is being fully advised by competent legal counsel of such Settling Party's own choice and fully understands the terms and conditions of this Settlement Agreement, and the meaning and import thereof, and that such Settling Party's execution of this Settlement Agreement is with the advice of such Settling Party's counsel and of such Settling Party's own free will.  Each Settling Party represents and warrants that it has sufficient information regarding the transaction and the other parties to reach an informed decision and has, independently and without relying upon the other parties, and based on such information as it has deemed appropriate, made its own decision to enter into this Settlement Agreement and was not fraudulently or otherwise wrongfully induced to enter into this Settlement Agreement.

87.     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Settlement Agreement.


**s/ Hassan A. Zavareei**
_____
TYCKO & ZAVEREEI LLP



_____
KAUFMAN P.A.

_____

REESE LLP


.

/s John W. Barrett

_____

BAILEY GLASSER, LLP



_____

Timothy Gustavson
Senior Vice President, Chief Accounting Officer, and Corporate Controller
Anywhere Real Estate, Inc.

_____

REESE LLP

_____

BAILEY GLASSER, LLP

Signed by:

_Tim Gustavson_

771DF8E83FBB488...
_____

Timothy Gustavson
Senior Vice President, Chief Accounting Officer, and Corporate Controller
Anywhere Real Estate, Inc.

# INDEX OF EXHIBITS

**Exhibit A:** List of telephone numbers remaining in Settlement NDNC Class

**Exhibit B:** List of telephone numbers remaining in Settlement Prerecorded Message Class

**Exhibit C:** Consolidated, de-duplicated list of all telephone numbers in both Settlement NDNC Class and Settlement Prerecorded Message Class

**Exhibit D:** List of telephone numbers within the Certified Classes that are not included in the Settlement Classes

**Exhibit E:** Claim form

**Exhibit F:** Long-form notice

**Exhibit G:** Email notice

**Exhibit H:** Postcard notice

**Exhibit I:** Non-Settlement Class Notice

EXHIBIT E

**CLAIM FORM**

| Section I - Instructions |
|:---:|

**This Form must be received by the Settlement Administrator no later than [Month] [Day], [Year].**

This Claim Form may be submitted in one of three ways:

1.  Electronically through www.[xxx].com.
2.  Via email to [xxx]@[xxx].com. Please fill out the enclosed pages, scan the document in its entirety if necessary, and include the form as an attachment.
3.  Mail to: *Coldwell Banker Realty TCPA Settlement,* c/o ___, [Address], [City] [State], [Zip Code].

To be effective as a Claim under the proposed settlement, this form must be completed, signed, and sent, as outlined above, **no later than [Month] [Day], [Year].** If this Form is not postmarked or submitted by this date, you will remain a member of the Class but will not receive any payment from the Settlement.

| Section II - Class Member Information |
|:---:|

**Claimant Name (Required):**

**Claimant Identification Number:**

**Current Contact Information**

**Street Address (Required):**

**City (Required):**                    **State (Required):**    **Zip Code (Required):**

**Email (Optional):**

**Preferred Phone Number (Required):**

*Your contact information will be used by the Settlement Administrator to contact you, if necessary, about your Claim. Provision of your email address is optional. By providing contact information, you agree that the Settlement Administrator may contact you about your Claim.*

## Section III – Confirmation of Class Membership

Telephone Number(s) for which you were the regular user or subscriber at some point from June 11, 2015 and ending December 3, 2020 at which you received one or more calls from a real estate agent affiliated with Coldwell Banker:

## Section IV – Election of Payment

Please select your preferred method of payment for any approved Claim:

_____ Check mailed to the address identified above in Section II

_____ Electronic payment, select from the options below:

       __ [Option 1]

       __ [Option 2]

       __ [Option 3]

## Section IV – Required Affirmations

IF SUBMITTED ELECTRONICALLY:

☐  **I agree that, by submitting this Claim Form, the information in this Claim Form is true and correct to the best of my knowledge. Checking this box constitutes my electronic signature on the date of its submission.**

IF SUBMITTED BY U.S. MAIL:

**I agree that, by submitting this Claim Form, the information in this Claim Form is true and correct to the best of my knowledge.**

Dated:_____          Signature: _____

**<u>SETTLEMENT ADMINISTRATOR ADDRESS (*where to send the completed form if submitting by mail*)</u>:**

*Coldwell Banker Realty TCPA Settlement*, c/o _____, [Address], [City], [State] [Zip Code].

EXHIBIT F



United States District Court for the Northern District of California

*Bumpus et al. v. Realogy Holdings Corp. et al.*

Case No. 3:19-cv-03309-JD

# Class Action Notice

## *Authorized by the U.S. District Court*

| | | |
|---|---|---|
| **Did you receive calls made on behalf of Coldwell Banker while your number was on the National Do Not Call Registry or with a prerecorded voice?** | **There is a $20 million settlement of a lawsuit.**<br><br>**You may be entitled to money.** | **To be part of this settlement, you should:**<br><br>**Read this notice.**<br><br>**Respond by [date].** |

Important things to know:

- While we cannot know the amount each Settlement Class Member will receive until all claims are submitted, if 15% of Settlement Class Members make Approved Claims, then each Settlement Class Member who submits an Approved Claim will receive approximately $281. This number is only an estimate, and could be higher or lower depending on the number of claims submitted.

- You can submit a claim for payment HERE [link to form].

- If you take no action, you will still be bound by the settlement, and your rights will be affected.

- If you have questions or need assistance, please call [phone number]

- You can learn more at: [website].

# Table of Contents

Table of Contents ........................................................................................................ 2

**About This Notice** ...................................................................................................... 3

   Why did I get this notice? .......................................................................................... 3

   What do I do next? ..................................................................................................... 3

   What are the most important dates? ........................................................................... 3

**Learning About the Lawsuit** ..................................................................................... 3

   What is this lawsuit about? ......................................................................................... 3

   Why is there a settlement in this lawsuit? .................................................................. 4

   What happens next in this lawsuit? ............................................................................ 4

**Learning About the Settlement** ................................................................................ 5

   What does the settlement provide? ............................................................................ 5

   How do I know if I am part of this settlement? ............................................................ 5

   How much will my payment be? ................................................................................. 6

**Deciding What to Do** ................................................................................................. 7

   How do I weigh my options? ...................................................................................... 7

   What is the best path for me? ..................................................................................... 7

**Submitting a Claim** ................................................................................................... 7

   How do I get a payment if I am a class member? ...................................................... 7

   Do I have a lawyer in this lawsuit? ............................................................................. 7

   Do I have to pay the lawyers in this lawsuit? ............................................................. 8

**Opting Out** ................................................................................................................. 8

   What if I don't want to be part of this settlement? ...................................................... 8

   How do I opt out? ....................................................................................................... 8

**Objecting** ................................................................................................................... 9

   What if I disagree with the settlement? ...................................................................... 9

**Doing Nothing** ........................................................................................................... 9

   What are the consequences of doing nothing? .......................................................... 9

**Key Resources** ......................................................................................................... 10

   How do I get more information? ................................................................................ 10

   Accessing PACER .................................................................................................... 10

# About This Notice

## Why did I get this notice?

This notice is to tell you about the settlement of a class action lawsuit, *Bumpus et al. v. Realogy Holdings Corp. et al.* brought on behalf of people who received certain calls from Coldwell Banker-affiliated real estate agents in alleged violation of the Telecommunications Consumer Protection Act ("TCPA"). **You received this notice because you may be a member of the group of people affected, called the "class."** This notice gives you a summary of the terms of the proposed settlement agreement, explains what rights class members have, and helps class members make informed decisions about what action to take.

## What do I do next?

Read this notice to understand the settlement and to determine if you are a class member. Then, decide if you want to:

| Options | More information about each option |
|---|---|
| **Submit a Claim Form** | You must submit a claim to receive payment. You will be bound by the settlement. |
| **Do Nothing** | Get no payment. Give up rights resolved by settlement. |
| **Opt Out** | Get no payment. Allows you to bring another lawsuit about the same telephone calls. |
| **Object** | Tell the Court why you don't like the settlement. |

Read on to understand the specifics of the settlement and what each choice would mean for you.

## What are the most important dates?

Your deadline to submit a claim form: **[date]**
Your deadline to object or opt out: **[date]**
Settlement approval hearing: **[date]**

# Learning About the Lawsuit

## What is this lawsuit about?

On June 11, 2019, a class action lawsuit was filed against Realogy Holdings Corp., Realogy Intermediate Holdings LLC, Realogy Group LLC, Realogy Services Group LLC, and Realogy Brokerage Group LLC (collectively, "Defendants"). The lawsuit claims that Defendants, through their Coldwell Banker-affiliated real estate agents, violated the Telecommunications Consumer Protection Act ("TCPA") by calling Plaintiffs and others to solicit real estate business on telephone numbers registered on the National Do Not Call Registry and/or by calling Plaintiffs and others using a prerecorded message. The TCPA entitles consumers who prove they received illegal calls to recover money damages and get a court order stopping the calls.

The Defendants deny that they did anything wrong.

**Where can I learn more?**
You can get a complete copy of the proposed settlement and other key documents in this lawsuit at:
[website]

## Why is there a settlement in this lawsuit?

In 2024, the parties agreed to settle, which means they have reached an agreement to resolve the lawsuit. Both sides want to avoid the risk and expense of further litigation.

The Court has not decided this case in favor of either side.

**What is a class action settlement?**
A class action settlement is an agreement between the parties to resolve and end the case. Settlements can provide money to class members.

## What happens next in this lawsuit?

The Court will hold a Fairness hearing to decide whether to approve the settlement. The hearing will be held at:

**Where:** U.S. District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102

**When:** [time] on [date].

The Court has directed the parties to send you this notice about the proposed settlement. Because the settlement of a class action decides the rights of all members of the proposed class, the Court must give final approval to the settlement before it can take effect. Payments will only be made if the Court approves the settlement.

You don't have to attend, but you may at your own expense. You may also ask the Court for permission to speak and express your opinion about the

4

settlement. If the Court does not approve the settlement or the parties decide to end it, it will be void and the lawsuit will continue. The date of the hearing may change without further notice to members of the class. To learn more and confirm the hearing date, go to [website].

# Learning About the Settlement

## What does the settlement provide?

Defendants have agreed to pay $20 million into a settlement fund. This money will be divided among the class members and will also be used to pay for costs and attorney's fees approved by the Court, including the cost of administering this settlement (expected to be approximately $XXX). Members of the settlement classes will "release" their claims as part of the settlement, which means they cannot sue Defendants for the same issues in this lawsuit. The full terms of the release can be found [here].

## How do I know if I am part of this settlement?

The easiest way is to visit the settlement website. Enter your telephone number, and you will learn if your number is included.

The formal class definition is based upon call records obtained in the case. It includes:

(1) The "**NDNC Class**" - all persons in the United States who received two or more calls, as indicated by non-zero call durations and/or disposition codes other than "No Answer," "NO_ANSWER," or "NOANSWER," made by a Coldwell Banker-affiliated real estate agent using a Mojo, PhoneBurner, and/or Storm dialer in any 12-month period on a residential landline or cell phone number that appeared on the National Do Not Call Registry for at least 31 days for the time period beginning June 11, 2015 and ending December 3, 2020;

(2) The "**Prerecorded Messages Class**" - all persons in the United States who received a call on their residential telephone line or cell phone number with an artificial or prerecorded message, as indicated by the following call disposition codes: (i) 'Drop Message' (if using the Mojo dialer), (ii) ATTENDED_TRANSFER' (if using the Storm dialer), and (iii) 'VOICEMAIL' (if using a PhoneBurner dialer) and made by a Coldwell Banker-affiliated real estate agent for the time period beginning June 11, 2015 and ending December 3, 2020.

## How much will my payment be?

While we cannot know the amount each Settlement Class Member will receive until all claims are submitted, if 15% of Settlement Class Members make timely Approved Claims, then each Settlement Class Member who submits an Approved Claim will receive approximately $281. This number is only an estimate, and could be higher or lower depending on the number of claims submitted.

Actual payments will be calculated based on the total number of claims submitted.

# Deciding What to Do

## How do I weigh my options?

You have four options. You can stay in the settlement and submit a claim, you can opt out of the settlement, you can object to the settlement, or you can do nothing. This chart shows the effects of each option:

|  | Submit a Claim | Opt out | Object | Do Nothing |
|---|---|---|---|---|
| **Can I receive settlement money if I . . .** | YES | NO | YES | NO |
| **Am I bound by the terms of this lawsuit if I . . .** | YES | NO | YES | YES |
| **Can I pursue my own case if I . . .** | NO | YES | NO | NO |
| **Will the class lawyers represent me if I . . .** | YES | NO | NO | YES |

# Submitting a Claim

## How do I get a payment if I am a class member?

If you wish to receive money, you must submit a completed claim form to the Settlement Administrator online [HYPERLINK] or by downloading a claim form at [website] and mailing to the Settlement Administrator (address below).

## Do I have a lawyer in this lawsuit?

In a class action, the court appoints class representatives and lawyers to work on the case and represent the interests of all the class members. For this settlement, the Court has appointed the following individuals and lawyers.

**Your lawyers:** John Barrett (Bailey Glasser), Brian Glasser (Bailey Glasser), Avi Kaufman (Kaufman PA), Rachel Kaufman (Kaufman PA), George Granade (Reese LLP), Michael Reese (Reese LLP), Sabita Soneji (Tycko & Zavareei), Hassan Zavareei (Tycko & Zavareei), and Gemma Seidita (Tycko & Zavareei). These are the lawyers who negotiated this settlement on your behalf.

7

If you want to be represented by your own lawyer, you may hire one at your own expense.

## Do I have to pay the lawyers in this lawsuit?

Lawyers' fees and costs will be paid from the Settlement Fund. **You will not have to pay the lawyers directly.**

To date, your lawyers have not been paid any money for their work or the expenses that they have paid for the case. To pay for some of their time and risk in bringing this case without any guarantee of payment unless they were successful, your lawyers will request that the Court approve a payment of up to $____ million total in attorneys' fees, plus the reimbursement of out-of-pocket expenses of $_____.

Lawyers' fees and expenses will only be awarded if approved by the Court as a fair and reasonable amount. You have the right to object to the lawyers' fees even if you think the settlement terms are fair.

Your lawyers will also ask the Court to approve a payment of up to $_____ to the Class Representatives for the time and effort they contributed to the case. If approved by the Court, this will be paid from the Settlement Fund.

# Opting Out

## What if I don't want to be part of this settlement?

You can opt out. If you do, you will not receive payment and cannot object to the settlement. However, you will not be bound or affected by anything that happens in this lawsuit and may be able to file your own case.

## How do I opt out?

If you do not wish to participate in the settlement you must mail a letter to the Settlement Administrator (address below) that is postmarked by [date], stating an intention to be "excluded" from this Settlement that includes your name, address, the telephone number(s) you received a telephone communication covered by this Settlement, and your signature. Mail the letter to:

[Settlement Administrator]
[Street address]
[City, State, Zip Code]
[Phone Number]

# Objecting

## What if I disagree with the settlement?

If you disagree with any part of the settlement but don't want to opt out, you may object. You must give reasons why you think the Court should not approve it and say whether your objection applies to just you, a part of the classes, one entire class, or both classes. The Court will consider your views. The Court can only approve or deny the settlement — it cannot change the terms of the settlement. You may, but don't need to, hire your own lawyer to help you.

To object, you must send a letter to the Court that:

(1) is postmarked by [date];
(2) includes the case name and number (*Bumpus et al. v. Realogy Holding Corp.* and 3:19-cv-03309-JD);
(3) includes your full name, address and telephone number;
(4) includes the name, address, and telephone number of any attorney representing you with respect to the objection;
(5) includes documents showing the telephone number(s) at which you received calls from a Coldwell-Banker affiliated real estate agent;
(6) states the reasons for your objection; and
(7) lists the case names, case numbers, and court for any prior case in which you and your lawyer (if applicable) have objected to a proposed class action settlement.

File the letter with the Court or mail the letter to:

U.S. District Court for the Northern
District of California
450 Golden Gate Avenue
San Francisco, CA 94102

# Doing Nothing

## What are the consequences of doing nothing?

If you do nothing, you will not get any money, but you will still be bound by the settlement and its "release" provisions. That means you won't be able to start, continue, or be part of any other lawsuit against Defendants about the issues in this case. A full description of the claims and persons who will be released if this settlement is approved can be found [here].

# Key Resources

## How do I get more information?

This notice is a summary of the proposed settlement. The complete settlement with all its terms can be found [here]. To get a copy of the settlement agreement or get answers to your questions:

- contact your lawyers (information below)
- visit the case website at [website]
- access the Court's PACER system online or by visiting the Clerk's office of the Court (address below).

| Resource | Contact Information |
|---|---|
| **Case website** | [website] |
| **Settlement Administrator** | [Settlement Administrator]<br>[Street address]<br>[City, State, Zip Code]<br>[Phone Number] |
| **Your Lawyers** | Bailey & Glasser LLP<br>jbarrett@baileyglasser.com;<br>bglasser@baileyglasser.com<br>1055 Thomas Jefferson St. NW, Suite 540<br>Washington, DC 20007<br><br>Kaufman PA<br>avi@kaufmanpa.com; rachel@kaufmanpa.com<br>237 South Dixie Highway, Floor 4<br>Coral Gables, FL 33133<br><br>Reese LLP<br>ggranade@reesellp.com; mreese@reesellp.com<br>8484 Wilshire Bvld., Suite 515<br>Los Angeles, CA 90211<br><br>Tycko & Zavareei LLP<br>ssoneji@tzlegal.com; hzavareei@tzlegal.com;<br>gseidita@tzlegal.com<br>1970 Broadway, Suite 1070<br>Oakland, CA 94612 |

| **Court (DO NOT CONTACT – visit Clerk's office only)** | U.S. District Court for the Northern District of California<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |
|---|---|

EXHIBIT G

To:      [Class Member email address]
From:    Coldwell Banker/Realogy Calls Class Action Notice Administrator
Subject: You could be eligible for a cash payment – Notice of Coldwell Banker/ Realogy Class Action Settlement

_____

**A Court has directed that this Notice be mailed to you. You are not being sued. You may be eligible for a cash payment from a class action settlement.**

**CLICK HERE<WEBSITE HYPERLINK> TO SUBMIT A CLAIM**

**Records were obtained in a pending class action lawsuit titled *Bumpus et al. v. Realogy Holdings Corp. et al.*, No. 3:19-cv-03309-JD (N.D. Cal.). They show that you may have received telephone calls from Coldwell Banker-affiliated real estate agents in violation of the Telephone Consumer Protection Act ("TCPA") from June 11, 2015 to December 3, 2020. As a result, you may be a Settlement Class Member in this case.**

**What is this lawsuit about?**  The lawsuit claims that Coldwell Banker-affiliated real estate agents associated with Realogy Holdings Corp. and its affiliates violated the TCPA by calling Plaintiffs and others to solicit real estate business on telephone numbers registered on the National Do Not Call Registry and/or by calling Plaintiffs and others using a prerecorded message.  Realogy and its affiliates deny they did anything wrong.  **The Court has not yet decided who is right.**

**A $20 million settlement has been proposed to resolve the lawsuit. While we cannot know the amount each Settlement Class Member will receive until all claims are submitted, if 15% of Settlement Class Members make Approved Claims, then each Settlement Class Member who submits an Approved Claim will receive approximately $281. This number is only an estimate, and could be higher or lower depending on the number of claims submitted.**

**How do I make a claim?**  You may make a Claim for settlement relief by: (1) submitting a Claim online at <WESBSITE> (2) calling <HOTLINE> and providing information requested by the Settlement Administrator; or (3) printing out the Claim Form from the website, completing it and emailing it to [address] or mailing it to *Coldwell Banker/ Realogy TCPA* Settlement Administrator, <ADMINISTRATOR MAILING ADDRESS>.

**The deadline to file a Claim is <DATE>.**  If you make a Claim, you give up the right to sue separately for damages.

**Do I have a lawyer?**  Yes.  The Court appointed Bailey & Glasser, LLP, Kaufman P.A., Reese LLP, and Tycko & Zavareei LLP as counsel for the Settlement Class, to be paid from the Settlement Fund.  Or you may appear through an attorney at your own expense.

**What are my other options?** If you do not want to be legally bound by the Settlement, you must exclude yourself by <DATE> by visiting the Website and completing the "Opt Out" form, and mailing it to the Settlement Administrator at: [MAILING ADDRESS]. If you do not exclude yourself, you will release any claims you may have, as more fully described in the Settlement Agreement, available at the Settlement Website.  You may remain a Settlement Class Member and object to the Settlement by <DATE>.  The Website explains how to object to the Settlement.

**Final Approval Hearing.** The Court has scheduled a hearing for <DATE> at <TIME> in Courtroom <#> of the U.S. District Court for the Northern District of California, San Francisco Division. At that time, it will decide whether to give Final Approval to the Settlement. The hearing may be changed without notice. It is not necessary for you to appear at this hearing, but you may attend at your own expense.

**More information** is available at [insert website] or by calling toll-free insert hotline phone number.

EXHIBIT H

U.S. District Court for the Northern District of California
*Bumpus et al. v. Realogy Holding Corp. et al.*
Case No. 3:19-cv-03309-JD

# Class Action Settlement Notice
### *Authorized by the U.S. District Court*



**Did you receive calls made on behalf of Coldwell Banker while your number was on the National Do Not Call Registry or with a prerecorded voice?**



**There is a $20 million settlement of a lawsuit. You may be entitled to money.**

**Your Claim ID is: <CLAIM ID>**



**To be part of this settlement, respond by [date].**

**You can visit [website] to learn more.**

**Key things to know:**

- This is an important legal document.
- If 15% of Settlement Class Members make Approved Claims, then each Approved Claim will receive approximately $281. This number is only an estimate, and could be higher or lower.
- If you take no action, any ruling from the court will apply to you, and you will not be able to sue Realogy Holding Corp. and certain affiliates about the same issues.
- You can learn more at [website], scanning the QR code, or by calling <HOTLINE>

# Court-Approved Legal Notice



<<MAIL ID>>

<<NAME 1>>
<<NAME 2>>
<<ADDRESS LINE 1>>
<<ADDRESS LINE 2>>
<<ADDRESS LINE 3>>
<<ADDRESS LINE 4>>
<<ADDRESS LINE 5>>
<<CITY, STATE ZIP>>
<<COUNTRY>>

This is an important notice about a class action lawsuit.

EXHIBIT I



U.S. District Court for the Northern District of California
*Bumpus et al. v. Realogy Holding Corp. et al.*
Case No. 3:19-cv-03309-JD

# Class Action Notice
### *Authorized by the U.S. District Court*



In July 2022, you received notice of a pending class action lawsuit titled *Bumpus et al. v. Realogy Holdings Corp. et al.*, No. 3:19-cv-03309-JD (N.D. Cal.). It stated that you may be a class member who received certain calls in alleged violation of the Telephone Consumer Protection Act, or TCPA.

There is a proposed settlement in the case. **However, we're notifying you that you are *not* a member of the proposed settlement classes entitled to a payment.**

**You may still have claims under the TCPA for the Coldwell Banker/ Realogy calls. You may wish to consult an attorney regarding these claims. The proposed settlement does not affect your right to bring these claims.**

You can learn more at [website], scanning the QR code, or by calling <HOTLINE>.

# Court-Approved Legal Notice



This is an important notice about a class action lawsuit.

<<MAIL ID>>

<<NAME 1>>
<<NAME 2>>
<<ADDRESS LINE 1>>
<<ADDRESS LINE 2>>
<<ADDRESS LINE 3>>
<<ADDRESS LINE 4>>
<<ADDRESS LINE 5>>
<<CITY, STATE ZIP>>
<<COUNTRY>>