George V. Granade (State Bar No. 316050)
ggranade@reesellp.com
**REESE LLP**
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

Michael R. Reese (State Bar No. 206773)
mreese@reesellp.com
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

Sabita J. Soneji (State Bar No. 224262)
ssoneji@tzlegal.com
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
Telephone: (510) 254-6808

Hassan A. Zavareei (State Bar No. 181547)
hzavareei@tzlegal.com
Gemma Seidita (State Bar No. 322201)
gseidita@tzlegal.com
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue, NW, Suite 1010
Washington, District of Columbia 20006
Telephone: (202) 973-0900

Brian A. Glasser (*pro hac vice*)
bglasser@baileyglasser.com
John W. Barrett (*pro hac vice*)
jbarrett@baileyglasser.com
**BAILEY & GLASSER LLP**
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555

Rachel E. Kaufman (State Bar No. 259353)
rachel@kaufmanpa.com
Avi Kaufman (*pro hac vice*)
avi@kaufmanpa.com
**KAUFMAN P.A.**
237 South Dixie Highway, Floor 4
Coral Gables, Florida 33133
Telephone: (305) 469-5881

Stefan Coleman (*pro hac vice*)
law@stefancoleman.com
**LAW OFFICES OF STEFAN COLEMAN**
66 West Flagler Street, Unit 900
Miami, Florida 33130
Telephone: (877) 333-9427

*Counsel for Plaintiffs Sarah Bumpus, Micheline Peker,
and Cheryl Rowan and the Classes*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH BUMPUS, MICHELINE PEKER, and CHERYL ROWAN, *individually, and on behalf of a class of similarly situated persons*,<br><br>Plaintiffs,<br>v.<br><br>REALOGY HOLDINGS CORP.; REALOGY INTERMEDIATE HOLDINGS LLC; REALOGY GROUP LLC; REALOGY SERVICES GROUP LLC; *and* REALOGY BROKERAGE GROUP LLC (f/k/a NRT LLC),<br>Defendants. | Case No. 3:19-cv-03309-JD<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: August 28, 2025<br>Time: 10:00 a.m.<br>Place: Courtroom 11, 19th Floor<br>Judge: Honorable James Donato |

**TO THE COURT, ALL PARTIES, AND ALL COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 28, 2025, at 10:00 a.m., or as soon thereafter as this matter may be heard, before the Honorable James Donato in Courtroom 11, 19th Floor, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiffs Sarah Bumpus, Micheline Peker, and Cheryl Rowan will and hereby do respectfully move for entry of an Order awarding attorneys' fees and providing for payment of litigation expenses and service awards to Plaintiffs.

Plaintiffs base the motion on the following documents: this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the pleadings, record, and other filings in the case; the concurrently filed Declaration of George V. Granade and its accompanying exhibits; the Declaration of Sabita J. Soneji and its accompanying exhibits; the Declaration of Avi Kaufman and its accompanying exhibits; the Declaration of Stefan Coleman and its accompanying exhibits; the Declaration of John W. Barrett; the Declaration of Sarah Bumpus; the Declaration of Micheline Peker; the Declaration of Cheryl Rowan; and such other oral and written points, authorities, and evidence as the parties may present at the time of the hearing on the motion.

Respectfully submitted,

Date: May 2, 2025

**REESE LLP**

By:  */s/ George V. Granade*
George V. Granade (State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

**REESE LLP**
Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

**TYCKO & ZAVAREEI LLP**
Sabita J. Soneji (State Bar No. 224262)
*ssoneji@tzlegal.com*
1970 Broadway, Suite 1070
Oakland, California 94612
Telephone: (510) 254-6808

**TYCKO & ZAVAREEI LLP**
Hassan A. Zavareei (State Bar No. 181547)

*hzavareei@tzlegal.com*
Gemma Seidita (State Bar No. 322201)
*gseidita@tzlegal.com*
2000 Pennsylvania Avenue, NW, Suite 1010
Washington, District of Columbia 20036
Telephone: (202) 973-0900

**BAILEY & GLASSER LLP**
Brian A. Glasser (*pro hac vice*)
*bglasser@baileyglasser.com*
John W. Barrett (*pro hac vice*)
*jbarrett@baileyglasser.com*
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555

**KAUFMAN P.A.**
Rachel E. Kaufman (State Bar No. 259353)
*rachel@kaufmanpa.com*
Avi Kaufman (*pro hac vice*)
*avi@kaufmanpa.com*
237 South Dixie Highway, Floor 4
Coral Gables, Florida 33133
Telephone: (305) 469-5881
**LAW OFFICES OF STEFAN COLEMAN**
Stefan Coleman (*pro hac vice*)
*law@stefancoleman.com*
66 West Flagler Street, Unit 900
Miami, Florida 33130
Telephone: (877) 333-9427

*Counsel for Plaintiffs Sarah Bumpus, Micheline Peker,
and Cheryl Rowan and the Classes*

1

## <u>TABLE OF CONTENTS</u>

2  TABLE OF AUTHORITIES .................................................................................................................. ii

3  MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 1

4  I.    Introduction ..................................................................................................................... 1

5  II.   Overview of the History of the Litigation ................................................................. 1

6  III.  The Requested Fee Is Fair and Reasonable ............................................................. 1

7         A.   A Reasonable Percentage of the Fund Is the Appropriate Method for
               Awarding Attorneys' Fees in Common Fund Cases .......................................... 1

8         B.   An Upward Adjustment of the Ninth Circuit Benchmark Is Warranted ..................... 2

9

10              1.   Plaintiffs' Counsel Achieved a Great Result for the Settlement Class ............. 4

11              2.   Continued Litigation of This Complex Action Poses Substantial Risk ............. 5

12              3.   Both Sides Were Represented by Skilled and Experienced Counsel ............... 6

13              4.   Plaintiffs' Counsel Faced the Risk of Recovering No Fees At All .................... 8

14              5.   The Fee Request Is Consistent with Awards in Comparable Cases ................. 9

15              6.   A Lodestar Crosscheck Confirms the Requested Fee's
                     Reasonableness ......................................................................................... 10

16                   a.   Plaintiffs' Counsel's Rates Are Reasonable ....................................... 11

17                   b.   The Hours Plaintiffs' Counsel Have Expended Are
                          Reasonable ....................................................................................... 13

18  IV.   Plaintiffs' Counsel's Expenses Are Reasonable and Should Be Approved ............................ 13

19  V.    Plaintiffs' Request for Service Awards Is Reasonable ............................................. 14

20  VI.   Conclusion ................................................................................................................... 15

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**CASES**

*Andrews v. Plains All Am. Pipeline L.P.*, No. 15-cv-04113-PSG-
JEM, 2022 WL 4453864 (C.D. Cal. Sept. 20, 2022) .................................................. 3

*Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245 (N.D. Cal. 2015) .......................... 15

*Birch v. Off. Depot, Inc.*, No. 06-cv-01690-DMS-WMC, 2007 WL
9776717 (S.D. Cal. Sept. 28, 2007).................................................................. 9

*Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980)........................................................ 2

*Boyd v. Bank of Am. Corp.*, No. 13-cv-00561-DOC, 2014 WL
6473804 (C.D. Cal. Nov. 18, 2014) ................................................................. 7

*Brown v. Transurban USA, Inc.*, No. 1:15-cv-00494-JCC-MSN,
2016 WL 6909683 (E.D. Va. Sept. 29, 2016) .................................................... 12

*Cabiness v. Educ. Fin. Sols., LLC*, No. 16-cv-01109-JST, 2019 WL
1369929 (N.D. Cal. Mar. 26, 2019)...........................................................3, 9, 15

*Carlin v. DairyAmerica, Inc.*, 380 F. Supp. 3d 998 (E.D. Cal. 2019)............................... 5

*Cuellar v. First Transit Inc.*, No. 8:20-cv-01075-JWH-JDE, 2024
WL 83231 (C.D. Cal. Jan. 8, 2024) ................................................................. 3

*Davis v. Yelp, Inc.*, No. 18-cv-00400-EMC, 2023 WL 3063823
(N.D. Cal. Jan. 27, 2023)..........................................................................2, 3, 8

*Destefano v. Zynga, Inc.*, No. 12-cv-04007-JSC, 2016 WL 537946
(N.D. Cal. Feb. 11, 2016) ............................................................................. 7

*Estrada v. iYogi, Inc.*, No. 2:13-cv-01989-WBS-CKD, 2015 WL
5895942 (E.D. Cal. Oct. 6, 2015) ................................................................... 5

*Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997 (9th Cir.
2002) ..................................................................................................... 4

*Fleming v. Impax Lab'ys Inc.*, No. 16-cv-06557-HSG, 2022 WL
2789496 (N.D. Cal. July 15, 2022) ................................................................ 12

*Floyd v. First Data Merch. Servs. LLC*, No. 5:20-cv-02162-EJD,
2022 WL 6173122 (N.D. Cal. Oct. 7, 2022) ....................................................3, 4, 9

*Franco v. Ruiz Food Prods., Inc.*, No. 1:10-cv-02354-SKO, 2012 WL
5941801 (E.D. Cal. Nov. 27, 2012)................................................................. 14

*Gergetz v. Telenav, Inc.*, No. 16-cv-04261-BLF, 2018 WL 4691169
(N.D. Cal. Sept. 27, 2018)..........................................................................9, 15

*Harris v. Marhoefer*, 24 F.3d 16 (9th Cir. 1994) ..................................................... 13

*Hefler v. Wells Fargo & Co.*, No. 16-cv-05479-JST, 2018 WL

6619983 (N.D. Cal. Dec. 18, 2018) ................................................................. 4

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ........................................................ 4

*Ikuseghan v. Multicare Health Sys.*, No. 14-cv-05539-BHS, 2016 WL
4363198 (W.D. Wash. Aug. 16, 2016) ......................................................... 15

*In re Bard IVC Filters Prod. Liab. Litig.*, 81 F.4th 897 (9th Cir.
2023) ....................................................................................................... 2

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir.
2011) .................................................................................................. 2, 10

*In re Cap. One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781
(N.D. Ill. 2015) ......................................................................................... 5

*In re Capacitors Antitrust Litig.*, No. 3:14-cv-03264-JD, 2018 WL
4790575 (N.D. Cal. Sept. 21, 2018) ............................................... 2, 3, 11, 13

*In re Capacitors Antitrust Litig.*, No. 3:14-cv-03264-JD, 2023 WL
2396782 (N.D. Cal. Mar. 6, 2023) ............................................................... 3

*In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d 617 (N.D.
Cal. 2021) ......................................................................................... 11, 15

*In re Google Play Dev. Antitrust Litig.*, No. 20-cv-05792-JD, 2024
WL 150585 (N.D. Cal. Jan. 11, 2024) ......................................................... 14

*In re HP Inkjet Printer Litig.*, 716 F.3d 1173 (9th Cir. 2013) ................................ 2

*In re Lenovo Adware Litig.*, No. 15-md-02624-HSG, 2019 WL
1791420 (N.D. Cal. Apr. 24, 2019) .............................................................. 3

*In re Lidoderm Antitrust Litig.*, No. 14-md-02521-WHO, 2018 WL
4620695 (N.D. Cal. Sept. 20, 2018) ............................................................. 3

*In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust
Litig.*, 2017 WL 6040065 (N.D. Cal. Dec. 6, 2017) ......................................... 8

*In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2008) ........... 2, 5, 8, 13

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934 (9th Cir.
2015) ............................................................................................. 2, 8, 14

*In re Pac. Enters. Secs. Litig.*, 47 F.3d 373 (9th Cir. 1995) .................................. 3

*In re VeriFone Holdings, Inc. Secs. Litig.*, No. 07-cv-06140-EMC,
2014 WL 12646027 (N.D. Cal. Feb. 18, 2014) .............................................. 11

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab.
Litig.*, 2017 WL 1047834 (N.D. Cal. Mar. 17, 2017) ....................................... 12

*In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291 (9th
Cir. 1994) ......................................................................................... 8, 13

*Izor v. Abacus Data Sys., Inc.*, No. 19-cv-01057-HSG, 2020 WL
    12597674 (N.D. Cal. Dec. 21, 2020) ............................................... 9, 12

*Judson v. Goldco Direct, LLC*, No. 19-cv-06798-PSG-PLA, 2021
    WL 8462049 (C.D. Cal. June 11, 2021) .......................................... 9, 12

*Karri v. Oclaro, Inc.*, No. 3:18-cv-03435-JD, 2024 WL 5374889
    (N.D. Cal. July 26, 2024) ...................................................................... 3

*Kumar v. Salov North America Corp.*, No. 14-cv-02411-YGR, 2017
    WL 2902898 (N.D. Cal. July 7, 2017) ................................................. 11

*Lalli v. First Team Real Est.-Orange Cnty.*, No. 8:20-cv-00027-JWH-
    ADS, 2022 WL 8207530 (C.D. Cal. Sept. 6, 2022) ........................... 4, 9

*LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748 (2d Cir. 1998) ...................... 13

*Lowery v. Rhapsody Int'l, Inc.*, 75 F.4th 985 (9th Cir. 2023) ......................... 4

*Manouchehri v. Styles for Less, Inc.*, No. 14-cv-02521-NLS, 2016 WL
    3387473 (S.D. Cal. June 20, 2016) ....................................................... 5

*Marshall v. Northrop Grumman Corp.*, No. 16-cv-06794-AB-JC, 2020
    WL 5668935 (C.D. Cal. Sept. 18, 2020) ............................................... 7

*Missouri v. Jenkins*, 491 U.S. 274 (1989) .................................................... 13

*Morales v. Conopco, Inc.*, No. 2:13-cv-02213-WBS-EFB, 2016 WL
    6094504 (E.D. Cal. Oct. 18, 2016) ....................................................... 8

*Nat'l Rural Telecommc'ns Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523
    (C.D. Cal. 2004) .................................................................................... 6

*Norton v. LVNV Funding, LLC*, No. 18-cv-05051-DMR, 2021
    WL 3129568 (N.D. Cal. July 23, 2021) .............................................. 10

*Ochoa v. McDonald's Corp.*, No. 3:14-cv-02098-JD, 2016 WL
    8290114 (N.D. Cal. Nov. 14, 2016) .................................................... 14

*Odom v. ECA Mktg., Inc.*, No. 20-cv-00851-JGB-SHK, 2021 WL
    4803488 (C.D. Cal. May 27, 2021) ....................................................... 5

*Rabin v. PricewaterhouseCoopers LLP*, No. 16-cv-02276-JST, 2021
    WL 837626 (N.D. Cal. Feb. 4, 2021) .................................................... 9

*Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) ...................... 14

*Rose v. Bank of Am. Corp.*, No. 5:11-cv-02390-EJD, 2014 WL
    4273358 (N.D. Cal. Aug. 29, 2014) ....................................................... 5

*Schmitt v. Kaiser Found. Health Plan of Washington*, No. 2:17-cv-
    01611, 2024 WL 1676754 (W.D. Wash. Apr. 18, 2024) .................... 10

*Scott v. Blackstone Consulting, Inc.*, No. 21-cv-01470-MMA-KSC,
    2024 WL 271439 (S.D. Cal. Jan. 24, 2024) ....................................... 10

*Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301
    (9th Cir. 1990) .................................................................................................. 3

*Smith v. Apple, Inc.*, No. 21-cv-09527-HSG, 2025 WL 1266927
    (N.D. Cal. May 1, 2025) ................................................................................. 10

*Stathakos v. Columbia Sportswear Co.*, 15-cv-04543-YGR, 2018
    WL 1710075 (N.D. Cal. Apr. 9, 2018) ......................................................... 12

*Suarez v. Bank of Am., Nat'l Ass'n*, No. 18-cv-01202-LB, 2024 WL
    150721 (N.D. Cal. Jan. 11, 2024) ................................................................. 10

*Thomas v. Dun & Bradstreet Credibility Corp.*, No. 15-cv-03194-
    BRO-GJS, 2017 WL 11633508 (C.D. Cal. Mar. 22, 2017) ........................... 5

*Todd v. STAAR Surgical Co.*, No. 14-cv-05263-MWF-GJS, 2017
    WL 4877417 (C.D. Cal. Oct. 24, 2017) ........................................................ 15

*Vandervort v. Balboa Cap. Corp.*, 8 F. Supp. 3d 1200 (C.D. Cal.
    2014) ............................................................................................................. 15

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) .............................. 2, 3, 5, 10

*Wakefield v. ViSalus, Inc.*, 51 F.4th 1109 (9th Cir. 2022) .................................. 6

*Williams v. PillPack LLC*, No. 3:19-cv-05282-DGE, 2025 WL
    1149710 (W.D. Wash. Apr. 18, 2025) .......................................................... 3, 4, 9, 10

*Wing v. Asarco Inc.*, 114 F.3d 986 (9th Cir. 1997) ............................................. 7

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    Introduction

After more than five years of litigating this hard-fought case against Realogy,[1] a well-defended opponent, to the eve of trial, Plaintiffs[2] secured a $20,000,000 common fund for the Settlement Class. If the Court awards the requested $6,000,000 in attorneys' fees, $898,739.46 in costs, and Service Awards of $5,000 per Plaintiff, as well as Settlement Administrative Expenses of $340,000,[3] $12,746,260.54 will remain for distribution to class members,[4] who would receive approximately $284.67 each if there is a 15% claim rate. This is an outstanding recovery for the Settlement Class.

Plaintiffs' Counsel now request attorneys' fees equal to 30% of the Settlement Fund, which is reasonable given the substantial recovery the obtained for the class members. An upward adjustment from the 25% benchmark is appropriate not only because of the exceptional result for the class, but also because the requested award represents a *negative multiplier* of 0.62 on Plaintiffs' Counsel's lodestar of over $9,739,959.65 for over 10,243.75 hours of work. Plaintiffs' Counsel also seek costs of $898,739.46, which were necessarily incurred. And they ask for Service Awards of $5,000 for each Plaintiff as an appropriate recognition of their dedication to pursuing this case for years for the class.

## II.    Overview of the History of the Litigation

The Declaration of George V. Granade, which includes a detailed description of factual and procedural history of the case, is an integral part of this submission. Decl. Granade ¶¶ 5-141.

## III.    The Requested Fee Is Fair and Reasonable

### A.    A Reasonable Percentage of the Fund Is the Appropriate Method for Awarding Attorneys' Fees in Common Fund Cases

Under the common fund doctrine, "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from

---

[1] Collectively, Realogy Holdings Corp., Realogy Intermediate Holdings LLC, Realogy Group LLC, Realogy Services Group LLC, and Realogy Brokerage Group LLC are "Realogy."

[2] Unless otherwise indicated, capitalized terms are defined in the Settlement Agreement, filed as Exhibit 1 to the Declaration of George V. Granade in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and for Certification of Settlement Classes, ECF No. 395-2.

[3] *See* Decl. Azari re Revised Notice Plan ¶ 19, ECF No. 401 (agreeing to $340,000 cap).

[4] There are 298,494 unique telephone numbers in the combined Settlement Classes. Decl. Granade ¶ 138 (filed concurrently herewith).

1  the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

2       While courts have discretion to employ either the percentage-of-the-fund method or the

3  lodestar method to assess the reasonableness of a request for attorneys' fees, *In re Bluetooth Headset*

4  *Prods. Liab. Litig.*, 654 F.3d 935, 941-42 (9th Cir. 2011) ("*Bluetooth*"), the Ninth Circuit has consistently

5  approved the use of the percentage method in common fund cases, *see, e.g., Vizcaino v. Microsoft Corp.*,

6  290 F.3d 1043, 1047-48 (9th Cir. 2002). Indeed, "the percentage-of-the-fund method is *preferred* when

7  counsel's efforts have created a common fund for the benefit of the class." *In re Capacitors Antitrust*

8  *Litig.*, No. 3:14-cv-03264-JD, 2018 WL 4790575, at *2 (N.D. Cal. Sept. 21, 2018) ("*Capacitors I*")

9  (Donato, J.); *see also In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) ("[U]se of

10  the percentage method in common fund cases appears to be dominant.").

11       "The rationale behind awarding a percentage of the fund to counsel in common fund cases is

12  the same that justifies permitting contingency fee arrangements in general . . . . The underlying premise

13  is the existence of **risk**—the contingent risk of non-payment." *Capacitors I*, 2018 WL 4790575, at *1.

14  "In addition, attorneys' fees are awarded as a means of ensuring the beneficiaries of a common fund

15  share with those whose labors created the fund." *Id.*; *accord In re Bard IVC Filters Prod. Liab. Litig.*, 81

16  F.4th 897, 905 n.8 (9th Cir. 2023). Courts "try to . . . [tie] together the interests of class members and

17  class counsel" by "tether[ing] the value of an attorneys' fees award to the value of the class recovery."

18  *In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1178 (9th Cir. 2013). "The more valuable the class recovery,

19  the greater the fees award . . . [a]nd vice versa." *Id.* at 1178-79. Use of the percentage-of-recovery

20  method is particularly appropriate in common fund cases such as this one because "the benefit to the

21  class is easily quantified." *Bluetooth*, 654 F.3d at 942.

22       **B.     An Upward Adjustment of the Ninth Circuit Benchmark Is Warranted**

23       "Courts in the Ninth Circuit applying the 'percentage of the fund' approach use a twenty-five

24  percent benchmark." *Capacitors I*, 2018 WL 4790575, at *3. However, the 25% benchmark is merely a

25  starting point, as "in most common fund cases, the award exceeds that benchmark." *In re Omnivision*

26  *Techs., Inc.*, 559 F. Supp. 2d at 1047; *Davis v. Yelp, Inc.*, No. 18-cv-00400-EMC, 2023 WL 3063823, at

27  *2 (N.D. Cal. Jan. 27, 2023) ("[A]n upwards fee multiplier [is] commonplace in complex class

28  actions."); *see also In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 955 (9th Cir. 2015) (25%

benchmark is "a helpful 'starting point'"); *Vizcaino*, 290 F.3d at 1047 (20-30% is "the usual range").

Plaintiffs' Counsel's 30% fee request is well within the range of percentage fees that courts in this Circuit have awarded in other complex class actions. *See, e.g.*, *Williams v. PillPack LLC*, No. 3:19-cv-05282-DGE, 2025 WL 1149710, at *2-3 (W.D. Wash. Apr. 18, 2025) (awarding one-third of settlement fund in TCPA case); *Karri v. Oclaro, Inc.*, No. 3:18-cv-03435-JD, 2024 WL 5374889, at *1 (N.D. Cal. July 26, 2024) (Donato, J.) (awarding one-third of fund in securities case); *Cuellar v. First Transit Inc.*, No. 8:20-cv-01075-JWH-JDE, 2024 WL 83231, at *13 (C.D. Cal. Jan. 8, 2024) (awarding 30% of settlement fund in wage-and-hour case); *In re Capacitors Antitrust Litig.*, No. 3:14-cv-03264-JD, 2023 WL 2396782, at *1-2 (N.D. Cal. Mar. 6, 2023) ("*Capacitors II*") (Donato, J.) (awarding 40% of $165 million partial settlement, resulting in cumulative 31.01% award of total $604,550,000 settlement); *Davis*, 2023 WL 3063823, at *2 (awarding 33% of settlement fund in securities case and collecting cases awarding same percentage); *Floyd v. First Data Merch. Servs. LLC*, No. 5:20-cv-02162-EJD, 2022 WL 6173122, at *2 (N.D. Cal. Oct. 7, 2022) (awarding fees of $533,280.00 from settlement fund of $1,600,000, which was 33.33% of the fund, in TCPA case); *Andrews v. Plains All Am. Pipeline L.P.*, No. 15-cv-04113-PSG-JEM, 2022 WL 4453864, at *2, *4 (C.D. Cal. Sept. 20, 2022) (awarding 32% of $230 million settlement); *In re Lenovo Adware Litig.*, No. 15-md-02624-HSG, 2019 WL 1791420, at *8-9 (N.D. Cal. Apr. 24, 2019) (awarding 30% of $8.3 million settlement amount); *Cabiness v. Educ. Fin. Sols., LLC*, No. 16-cv-01109-JST, 2019 WL 1369929, at *7-8 (N.D. Cal. Mar. 26, 2019) (awarding 30% of common fund in TCPA case); *In re Lidoderm Antitrust Litig.*, No. 14-md-02521-WHO, 2018 WL 4620695, at *1, *2 (N.D. Cal. Sept. 20, 2018) (awarding one-third of $104.75 million settlement); *In re Pac. Enters. Secs. Litig.*, 47 F.3d 373, 378-79 (9th Cir. 1995) (holding district court did not abuse discretion in awarding one-third of $12 million settlement).

Adjustments to the benchmark may be made in light of the following factors, which the Ninth Circuit considered in *Vizcaino v. Microsoft Corp.*: (1) the results achieved for the class; (2) the complexity of the case and the risk of and expense to counsel of litigating it; (3) the skill, experience, and performance of counsel on both sides; (4) the contingent nature of the fee; and (5) fees awarded in comparable cases. *Capacitors I*, 2018 WL 4790575, at *3; *see also Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). Furthermore, the Ninth Circuit has held the court may

compare the lodestar and the percentage benchmark to determine if the requested attorneys' fees are inappropriately high or low, although it is not required to do so. *Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1007 (9th Cir. 2002). As discussed below, the requested fee is fair and reasonable in light of the *Vizcaino* factors and a lodestar crosscheck.

> **1.    Plaintiffs' Counsel Achieved a Great Result for the Settlement Class**

"The touchstone for determining the reasonableness of attorneys' fees in a class action is the benefit to the class." *Lowery v. Rhapsody Int'l, Inc.*, 75 F.4th 985, 988 (9th Cir. 2023). Courts have consistently recognized that the result achieved is "the most critical factor" to consider in making a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *Hefler v. Wells Fargo & Co.*, No. 16-cv-05479-JST, 2018 WL 6619983, at *13 (N.D. Cal. Dec. 18, 2018).

As described above, after more than five years of litigation, Plaintiffs' Counsel negotiated a Settlement that establishes a $20,000,000 non-reversionary fund for the Settlement Class, which will result in an estimated payment per claimant of $284.67 if the claim rate is 15% and all fees, costs, and service awards are approved. In similar recent TCPA actions, courts have awarded attorneys' fees of more than 30% of the settlement fund. *Williams*, 2025 WL 1149710, at *2 (awarding fees of one-third of $6,500,000 TCPA settlement fund where each claimant was anticipated to receive between $212 and $350); *see also Floyd*, 2022 WL 6173122, at *1, *2 (finally approving TCPA settlement where each claimant received approximately $202.57 and awarding fees of 33.33% of $1,600,000 settlement fund).

Indeed, the estimated payment of $284.67 exceeds similar TCPA settlements approved by other courts, including many in this Circuit, particularly in cases involving allegations of a realty brokerage's vicarious liability for agents' calls. *See, e.g.*, *DeShay v. Keller Williams Realty, Inc.*, No. 2022CA000457 (Fla. Cir. Ct. 19th Jud. Cir. Indian-River Cty. 2023) (TCPA vicarious liability case against realty brokerage arising from agents' calls in which claimants received approximately $14 each from settlement); *Wright v. eXp Realty, LLC*, No. 6:18-cv-01851-PGB-EK (M.D. Fla. 2022) (TCPA vicarious liability case against realty brokerage arising from agents' calls in which claimants received approximately $59 each from settlement); *Lalli v. First Team Real Est.-Orange Cnty.*, No. 8:20-cv-00027-JWH-ADS, 2022 WL 8207530, at *8, *10 (C.D. Cal. Sept. 6, 2022) (finally approving settlement in TCPA vicarious liability case against realty brokerage arising from agents' calls in which claimants

received approximately $110 each); *Odom v. ECA Mktg., Inc.*, No. 20-cv-00851-JGB-SHK, 2021 WL 4803488, at *3 (C.D. Cal. May 27, 2021) (preliminarily approving TCPA settlement where each claimant would receive approximately $35); *Thomas v. Dun & Bradstreet Credibility Corp.*, No. 15-cv-03194-BRO-GJS, 2017 WL 11633508, at *2, *13-14 (C.D. Cal. Mar. 22, 2017) (finally approving TCPA settlement where each claimant received approximately $100); *Manouchehri v. Styles for Less, Inc.*, No. 14-cv-02521-NLS, 2016 WL 3387473, at *2 (S.D. Cal. June 20, 2016) (preliminarily approving TCPA settlement where class members could choose to receive $10 cash or $15 voucher); *Estrada v. iYogi, Inc.*, No. 2:13-cv-01989-WBS-CKD, 2015 WL 5895942, at *7 (E.D. Cal. Oct. 6, 2015) (preliminarily approving TCPA settlement where each claimant would receive $40); *In re Cap. One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 789 (N.D. Ill. 2015) (finally approving TCPA settlement where defendants paid $34.60 per claimant); *Rose v. Bank of Am. Corp.*, No. 5:11-cv-02390-EJD, 2014 WL 4273358, at *10 (N.D. Cal. Aug. 29, 2014) (finally approving TCPA settlement where claimants would receive "an average recovery of between $20 to $40," which was "in the lower range of recovery achieved in other TCPA class action settlements").

The monetary benefit to the Settlement Class is a commendable result.

### 2. Continued Litigation of This Complex Action Poses Substantial Risk

"The risk that further litigation might result in Plaintiffs not recovering at all, particularly [in] a case involving complicated legal issues, is a significant factor in the award of fees." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d at 1046-47 (citing *Vizcaino*, 290 F.3d at 1048); *Carlin v. DairyAmerica, Inc.*, 380 F. Supp. 3d 998, 1020 (E.D. Cal. 2019) ("Risk is a relevant circumstance.").

While Plaintiffs' Counsel are confident in the strength of Plaintiffs' claims, Plaintiffs would face substantial risks should this action proceed in litigation. Plaintiffs' claims could be dismissed or narrowed by motions *in limine*, at trial, or on a subsequent appeal. Decl. Granade ¶ 142. The Court could grant Realogy's motion *in limine* to exclude the PhoneBurner and WAVV call logs, and it could decline to admit the Mojo call logs, which at minimum would greatly increase the complexity and difficulty of prevailing on a classwide basis at trial. *Id.* The jury could also decline to credit Plaintiffs' evidence. *Id.* For example, if the jury does not credit Sarah Bumpus's testimony that she told Coldwell Banker agents not to call her back before she received the calls at issue, then Ms. Bumpus would not

1   be able to prevail on the NDNC Class's claims because she would have an established business

2   relationship with Coldwell Banker. *Id.* The jury could also find for the NDNC Class but award them

3   only a de minimis amount in damages on a per violation basis, *see* 47 U.S.C. § 227(c)(5) (providing for

4   "up to $500" per call). Decl. Granade ¶ 142. Even if Plaintiffs prevailed, they would likely face a post-

5   verdict motion to reduce the judgment amount for both the NDNC Class and Prerecorded Message

6   Class based on the Ninth Circuit's direction in *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109 (9th Cir. 2022).

7   Decl. Granade ¶ 142. Realogy has also repeatedly requested to decertify the classes, and the Court has

8   held open the possibility that decertification could occur at or after trial. *Id.*; ECF No. 390.

9        This case also involves significant ongoing risk at trial and on appeal due to the Settlement

10  Class's novel theory of real estate brokerage vicarious liability. Notably, at the time this case was filed,

11  no court had certified a class on a similar theory of realty brokerage vicarious liability for TCPA-

12  violative calls made by affiliated realtors or found the theory otherwise viable in any legal context.

13  Decl. Granade ¶ 143. Plaintiffs' Counsel are at the forefront of this novel theory and are not aware of

14  a single such case being filed in any court before Plaintiffs' Counsel began pursuing it in May 2018,

15  seven years ago. *Id.* (collecting cases). Since then, courts across the country have repeatedly disagreed

16  about the viability of Plaintiffs' Counsel's vicarious liability theory seeking to hold brokerages liable

17  for the acts of affiliated realtors. *Id.* (collecting cases). Indeed, courts have disagreed about the viability

18  of this theory at every stage of litigation, including at the class certification stage. *Id.* (citing cases).

19       There is significant ongoing risk involved in continuing to pursue the class's claims through

20  trial and appeals, which, at best, would delay any benefit to the class for years. Courts recognize it may

21  be "proper to take the bird in hand instead of a prospective flock in the bush." *Nat'l Rural Telecommc'ns*

22  *Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004).

23       **3.    Both Sides Were Represented by Skilled and Experienced Counsel**

24       The demonstrated skill of Plaintiffs' Counsel and the quality of their work further support the

25  reasonableness of the requested 30% fee. A fee award in excess of 25% "is justified where class counsel

26  'has significant experience in the particular type of litigation at issue'" and, moreover, "is appropriate

27  where '[c]ounsel litigated effectively, and their experience was essential for obtaining the result.'"

28  *Marshall v. Northrop Grumman Corp.*, No. 16-cv-06794-AB-JC, 2020 WL 5668935, at *3 (C.D. Cal. Sept.

18, 2020); *Boyd v. Bank of Am. Corp.*, No. 13-cv-00561-DOC, 2014 WL 6473804, at *10 (C.D. Cal. Nov. 18, 2014) ("The skill and work of counsel merits an upward adjustment from the [25%] benchmark.").

As this Court is aware, Plaintiffs' Counsel successfully overcame several potentially dispositive motions and have vigorously advocated for the Settlement Class throughout the litigation. Plaintiffs and the Settlement Class benefited from the high caliber representation of Plaintiffs' Counsel, including Plaintiffs' Counsel's TCPA class action experience. For example, since 2008, Kaufman P.A. have achieved class-wide TCPA settlements totaling more than $100 million. Decl. Kaufman ¶ 4. The attorneys of Bailey Glasser were lead trial counsel for the class in one of the few TCPA class actions to go to trial, *Krakauer v. Dish Network, L.L.C.*, No. 1:14-cv-00333 (M.D.N.C.), and achieved $61.3 million in damages for the class at trial. Decl. Barrett ¶ 4. As set forth in the Declaration of Sabita J. Soneji, attorneys Sabita J. Soneji and Hassan A. Zavareei and their law firm Tycko & Zavareei LLP have recovered hundreds of millions of dollars on behalf of consumers in class action lawsuits. Both Ms. Soneji and Mr. Zavareei have litigated numerous TCPA lawsuits through class wide recovery prior to this case. Mr. Zavareei has also testified before the House Judiciary Committee regarding the TCPA. An accomplished trial and appellate attorney, Mr. Zavareei has been recognized as a 2021 Class Action MVP by Law 360 (an award given to only five attorneys in the United States each year) and named a "Titan of the Plaintiffs' Bar" in 2022 by Law 360. Ms. Soneji's skills have been recognized by Law.com as a "500 Leading Plaintiff Consumer Lawyers" and a California Legal Awards Distinguished Leader Award Winner, and by the Elite Trial Lawyers as a recipient of the 2023 Diversity Initiative Award by the National Law Journal. In this case, Plaintiffs' Counsel's skill, experience, and perseverance have brought about an outstanding result.

The standing of opposing counsel also merits consideration because such standing reflects the challenges faced by Plaintiffs' Counsel and the skill necessary to meet those challenges. *See, e.g.*, *Wing v. Asarco Inc.*, 114 F.3d 986, 989 (9th Cir. 1997) (noting the district court's evaluation of the job done by class counsel "in light of the quality of opposition counsel and [the defendant's] record of success in this type of litigation"); *Destefano v. Zynga, Inc.*, No. 12-cv-04007-JSC, 2016 WL 537946, at *17 (N.D. Cal. Feb. 11, 2016) ("The quality of opposing counsel is also relevant to the quality and skill that class counsel provided . . . ."). Realogy was represented by teams of experienced attorneys from Faegre

1   Drinker Biddle & Reath LLP, K&L Gates LLP, and Gordon Rees Scully Mansukhani, LLP, all of

2   which are well-regarded law firms. These firms expended considerable effort and expense in their

3   zealous defense against Plaintiffs' claims. The favorable result obtained by Plaintiffs' Counsel against

4   these formidable firms and their well-financed clients is further evidence of Plaintiffs' Counsel's skill

5   and supports the requested fee.

6              **4.      Plaintiffs' Counsel Faced the Risk of Recovering No Fees At All**

7              Plaintiffs' Counsel's fee request reflects the contingency fee nature of their representation and

8   the corresponding risk of recovering no fees. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at

9   955. "The importance of assuring adequate representation for plaintiffs who could not otherwise

10  afford competent attorneys justifies providing those attorneys who do accept matters on a contingent-

11  fee basis a larger fee than if they were billing by the hour or on a flat fee." *In re Omnivision Techs.*, Inc.,

12  559 F. Supp. 2d at 1047; *see also Morales v. Conopco, Inc.*, No. 2:13-cv-02213-WBS-EFB, 2016 WL

13  6094504, at *7 (E.D. Cal. Oct. 18, 2016) ("Since class counsel took this case on a contingency basis,

14  their risk of recovery was the same as the class members . . . ."). As the Ninth Circuit has explained:

15              It is an established practice in the private legal market to reward attorneys for taking
               the risk of non-payment by paying them a premium over their normal hourly rates for
16             winning contingency cases. Contingent fees that may far exceed the market value of
               the services if rendered on a non-contingent basis are accepted in the legal profession
17             as a legitimate way of assuring competent representation for plaintiffs who could not
               afford to pay on an hourly basis regardless whether they win or lose. . . . "[I]f this
18             'bonus' methodology did not exist, very few lawyers could take on the representation
               of a class client given the investment of substantial time, effort, and money, especially
19             in light of the risks of recovering nothing."

20  *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299-300 (9th Cir. 1994) (citations

21  omitted). Indeed, attorneys undertake "immense risks" in "prosecuting complex cases in which there

22  is a great risk of no recovery." *In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*,

23  No. 4:14-md-02541-CW, 2017 WL 6040065, at *7 n.42 (N.D. Cal. Dec. 6, 2017).

24             A larger award of 30% is warranted here because Plaintiffs' Counsel risked significant amounts

25  of their own funds and dedicated time and effort to litigate the case through the class certification

26  process, motions for summary judgment, *Daubert* motions, and trial preparation. *Davis*, 2023 WL

27  3063823, at *2 ("Here, a larger award of 33% is warranted because counsel risked significant amounts

28  of their own funds and dedicated time and effort to litigate through the class certification process, the

motion for summary judgment, expert retention, trial preparation, and the nearly $1 million counsel put at risk in advancing costs."). Indeed, to date, Plaintiffs' Counsel have received no compensation in the Action, yet have invested 10,243.75 hours for a total lodestar of $9,739,959.65 and incurred expenses of $898,739.46. Decl. Granade ¶ 144. Plaintiffs' Counsel advanced costs for expert reports and have shouldered expenses for experts of $294,362.50. *Id.* & n.12. Plaintiffs' Counsel are also responsible for $365,390 in costs of the initial class notice. *Id.* at ¶ 144. Plaintiffs' Counsel were "precluded from pursuing other potential sources of revenue due to [their] prosecution of the claims in this action," which should also be taken into account. *Birch v. Off. Depot, Inc.*, No. 06-cv-01690-DMS-WMC, 2007 WL 9776717, at *2 (S.D. Cal. Sept. 28, 2007). And additional uncompensated work in connection with the Settlement and claims administration will be incurred going forward. Decl. Granade ¶ 149; Decl. Soneji ¶ 14. The contingent risk, substantial opportunity costs, and Plaintiffs' Counsel's significant commitment of time, money, and resources litigating this Action for more than five years strongly favor a finding that the requested fee is reasonable. *See Rabin v. PricewaterhouseCoopers LLP*, No. 16-cv-02276-JST, 2021 WL 837626, at *8 (N.D. Cal. Feb. 4, 2021) (stating that "the attorney's fee award should take into account the risk of representing Plaintiffs on a contingency basis over a period of four years of litigation" and awarding fee of 35% of settlement fund).

### 5.    The Fee Request Is Consistent with Awards in Comparable Cases

Here, the 30% fee request is consistent with the fees awarded in other recent TCPA settlements in courts within the Ninth Circuit. *Williams*, 2025 WL 1149710, at *2 (one-third of TCPA settlement fund); *Floyd*, 2022 WL 6173122, at *1, *2 (33.33% of TCPA settlement fund); *Lalli*, 2022 WL 8207530, at *14 (30% of TCPA settlement fund, where claimants would receive approximately $110); *Judson v. Goldco Direct, LLC*, No. 19-cv-06798-PSG-PLA, 2021 WL 8462049, at *10 (C.D. Cal. June 11, 2021) (one-third of TCPA settlement fund); *Izor v. Abacus Data Sys., Inc.*, No. 19-cv-01057-HSG, 2020 WL 12597674, at *10 (N.D. Cal. Dec. 21, 2020) (30% of TCPA settlement fund, "in recognition of the favorable settlement, the substantial risks of litigation, and the financial burden assumed"); *Cabiness*, 2019 WL 1369929, at *7-8 (30% of TCPA settlement fund, where per-class-member recovery was $33.36); *Gergetz v. Telenav, Inc.*, No. 16-cv-04261-BLF, 2018 WL 4691169, at *7 (N.D. Cal. Sept. 27, 2018) (30% of TCPA settlement fund, "based on the exceptional results achieved,

1   the risk of litigation, the fine quality of Class Counsel's work, and the contingent nature of the fee").

2       Additionally, courts adjust the benchmark upward where, as here, the settlement is a favorable

3   result for the class, and class counsel made a significant investment of time and resources, particularly

4   where the lodestar multiplier is negative. *See Schmitt v. Kaiser Found. Health Plan of Washington*, No. 2:17-

5   cv-01611-RSL, 2024 WL 1676754, at *4 (W.D. Wash. Apr. 18, 2024) (awarding one-third of settlement

6   fund); *Scott v. Blackstone Consulting, Inc.*, No. 21-cv-01470-MMA-KSC, 2024 WL 271439, at *9 (S.D.

7   Cal. Jan. 24, 2024) (awarding one-third of settlement amount where lodestar multiplier was negative);

8   *Suarez v. Bank of Am., Nat'l Ass'n*, No. 18-cv-01202-LB, 2024 WL 150721, at *3 (N.D. Cal. Jan. 11,

9   2024) (same).

10      **6.    A Lodestar Crosscheck Confirms the Requested Fee's Reasonableness**

11      "[W]hile the primary basis of the fee award remains the percentage method, the lodestar may

12  provide a useful perspective on the reasonableness of a given percentage award." *Vizcaino*, 290 F.3d

13  at 1050. "[T]he lodestar calculation can be helpful in suggesting a higher percentage when litigation

14  has been protracted." *Id.* Courts first calculate the lodestar by multiplying the number of hours

15  reasonably expended by a reasonable rate, and then consider adjusting the lodestar to account for

16  factors such as the quality of representation, the benefit obtained for the class, the complexity and

17  novelty of the issues, risk of nonpayment, and awards in similar cases. *Bluetooth*, 654 F.3d at 941-42.

18      In this case, the lodestar crosscheck emphasizes the reasonableness of Plaintiffs' Counsel's fee

19  request. Plaintiffs' Counsel's combined lodestar of $9,739,959.65 reflecting 10,243.75 hours of work—

20  which, as discussed below, is based on reasonable rates and a reasonable number of hours—represents

21  a "negative" multiplier of approximately 0.62.[5] *Smith v. Apple, Inc.*, No. 21-cv-09527-HSG, 2025 WL

22  1266927, at *8 (N.D. Cal. May 1, 2025) (negative multiplier of 0.9 supported reasonableness of fee

23  award); *Williams*, 2025 WL 1149710, at *3 ("The lodestar multiplier of 0.72x strongly supports the fee

24  award."); *Norton v. LVNV Funding, LLC*, No. 18-cv-05051-DMR, 2021 WL 3129568, at *11 (N.D.

25  Cal. July 23, 2021) ("Given that contingency cases may warrant a positive multiplier, the negative

26  multiplier weighs in favor of reasonableness."). Thus, the reasonableness of the fee request is even

27

28  ---
    [5] Notably, Plaintiffs' Counsel have excluded hours from all timekeepers who worked less than 50 hours on the case from their lodestar calculation. Decl. Granade ¶ 144 n.11.

further evident, as courts in this Circuit frequently award multipliers of around 4 times lodestar. *See, e.g., In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d 617, 633 (N.D. Cal. 2021) (Donato, J.) (awarding fee in $650 million common fund settlement representing 4.71 multiplier); *Capacitors I*, 2018 WL 4790575, at *6 ("In the Ninth Circuit, a lodestar multiplier of around 4 times has frequently been awarded in common fund cases such as this."); *In re VeriFone Holdings, Inc. Secs. Litig.*, No. 07-cv-06140-EMC, 2014 WL 12646027, at *2 (N.D. Cal. Feb. 18, 2014) (acknowledging that "over 80% of multipliers fall between 1.0 and 4.0" and awarding fee reflecting 4.3 multiplier).

### a.    Plaintiffs' Counsel's Rates Are Reasonable

As attested to in Plaintiffs' Counsel's concurrently-filed declarations, Plaintiffs' Counsel's rates are the prevailing rates in the appropriate legal markets, and are reasonable. Decl. Granade ¶¶ 150-53; Decl. Soneji ¶ 9; Decl. Kaufman ¶ 9; Decl. Coleman ¶ 5; Decl. Barrett ¶ 7. Reese LLP, Tycko & Zavareei LLP, Kaufman P.A., Coleman PLLC, and Bailey & Glasser are seeking hourly rates in line with those billed by attorneys of comparable experience and skill, rates that the firms have historically billed, and hourly rates approved by courts across the country.

Reese LLP, based in New York, has been awarded fees based on its hourly rates, which are consistent with New York market rates. *See, e.g., Lipsett v. Banco Popular North America*, No. 1:22-cv-03901-MMG (S.D.N.Y. Jan. 7, 2025), ECF No. 62 (order granting class counsel's fee request in total based upon 2025 calendar year hourly rate for Michael R. Reese of $1,625 per hour); *McKinley v. Conopco, Inc.*, Index No. 805260/2024E (Bronx County Supreme Court, Nov. 22, 2024) (order granting class counsel's fee request in total based upon 2024 calendar year hourly rate for Michael R. Reese of $1,600 per hour), *available at* https://www.vanillaicecreamsettlement.com; Decl. Granade ¶ 152.

Both Tycko & Zavareei and Bailey & Glasser are seeking hourly rates as determined by the Adjusted Laffey Matrix, which is the most commonly-used fee matrix for determining fees in complex cases in the D.C. Circuit and provides the standard hourly rates for attorneys practicing in Washington, D.C., where Tycko & Zavareei and Bailey & Glasser are located. The rates charged by Tycko & Zavareei and Bailey & Glasser have been applied in connection with the approval of their fee applications in other recent matters. *See, e.g., Kumar v. Salov North America Corp.*, No. 14-cv-02411-YGR, 2017 WL 2902898 (N.D. Cal. July 7, 2017) (approving Tycko & Zavareei rates as "reasonable and

1    commensurate with those charged by attorneys with similar experience in the market"); *Stathakos v.*

2    *Columbia Sportswear Co.*, No. 15-cv-04543-YGR, 2018 WL 1710075, at *6 (N.D. Cal. Apr. 9, 2018);

3    *Meta v. Target Corp.*, No. 14-cv-00832 (N.D. Ohio Aug. 7, 2018), ECF No. 179; *In re Think Finance,*

4    *LLC*, No. 17-bk-33964 (Bankr. N.D. Tex.); *Brown v. Transurban USA, Inc.*, No. 1:15-cv-00494-JCC-

5    MSN, 2016 WL 6909683 (E.D. Va. Sept. 29, 2016); *Small v. BOKF, N.A.*, No. 1:13-cv-01125-REB-

6    MJW (D. Colo.). *See* Decl. Soneji ¶ 9.

7       And Kaufman P.A. and Coleman PLLC, who specialize in prosecuting TCPA class actions,

8    are seeking the same hourly rates that have been regularly approved for years by courts in other TCPA

9    cases settled by these firms across the country, including in the Ninth Circuit. *See, e.g.*, *Izor*, 2020 WL

10    12597674, at *10; *Bulette v. Western Dental Services Inc.*, No. 3:19-cv-00612-MMC (N.D. Cal. Jul. 17,

11    2020), ECF No. 82; *Stark v. Blue Cross and Blue Shield of North Carolina, et al.*, No. 1:23-cv-22 (M.D.N.C.

12    Feb. 18, 2025), ECF No. 80; *Beiswinger v. West Shore Home LLC*, No. 3:20-cv-01286-HES-PDB (M.D.

13    Fla. May 26, 2022), ECF No. 36; *Wright, et al. v. eXp Realty, LLC*, No. 6:18-cv-01851-PGB-EJK (M.D.

14    Fla. Oct. 26, 2022), ECF No. 230; *Judson v. Goldco Direct, LLC*, No. 2:19-cv-06798-PSG-PLA (C.D.

15    Cal. Jun. 11, 2021), ECF No. 59. *See* Decl. Kaufman ¶ 9; Decl. Coleman ¶ 5.

16       This District has approved fee awards to complex class action litigation attorneys based on

17    similar rates. *See, e.g.*, *Fleming v. Impax Lab'ys Inc.*, No. 16-cv-06557-HSG, 2022 WL 2789496, at *9

18    (N.D. Cal. July 15, 2022) (approving hourly rates of $760 to $1,325 for partners, $895 to $1,150 for

19    counsel, and $175 to $520 for associates and finding that such "billing rates in line with prevailing

20    rates in this district for personnel of comparable experience, skill, and reputation"); *In re Volkswagen*

21    *"Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, MDL No. 2672-CRB-JSC, 2017 WL 1047834, at

22    *5 (N.D. Cal. Mar. 17, 2017) (approving billing rates ranging from $275 to $1600 for partners, $150

23    to $790 for associates, and $80 to $490 for paralegals). Plaintiffs' Counsel's hourly rates are also similar

24    to those charged by the defense bar in complex litigation. *See* National Association of Legal Fee

25    Analysis (July 23, 2018), *available at* https://www.thenalfa.org/blog/law-s-1-000-plus-hourly-rate-club

26    ("Kirk A. Radke [from] Kirkland & Ellis LLP in New York had an hourly fee of $1,250 [as early as

27    2010] . . . lawyer John M. Reiss, from White & Case in New York, started billing $1,100 an hour last

28    year [2017]").

1    Lastly, Plaintiffs' Counsel calculated their lodestar using their firms' current hourly rates.

2    Relying on current rates is appropriate given the deferred and contingent nature of counsel's

3    compensation. *See In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d at 1305; *see also LeBlanc-*

4    *Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998) ("[C]urrent rates, rather than historical rates,

5    should be applied in order to compensate for the delay in payment." (citing *Missouri v. Jenkins*, 491 U.S.

6    274, 283-84 (1989)). Using current rates, rather than historical rates, will fairly compensate Plaintiffs'

7    Counsel for the significant risk of nonpayment taken on in connection with this matter.

8              **b.    The Hours Plaintiffs' Counsel Have Expended Are Reasonable**

9    The number of hours Plaintiffs' Counsel devoted to litigating this hotly contested case is also

10   reasonable given the length of the litigation, the complexity of the case, and the amount of relief

11   recovered for the Settlement Class. As detailed in their respective firms' declarations, Plaintiffs'

12   Counsel have logged 10,243.75 hours in uncompensated time to achieve the Settlement in this case.

13   *See* Decl. Granade ¶ 144. While substantial, this time reflects the significant effort Plaintiffs' Counsel

14   put into litigating this case to the eve of trial, through multiple motions to dismiss, extensive discovery

15   including numerous non-party subpoenas, a motion for class certification and Rule 23(f) petition,

16   motions for summary judgment, *Daubert* motions, and pretrial filings. *Id.* at ¶¶ 5-141.

17   Furthermore, Plaintiffs' Counsel anticipate expending additional time and effort through final

18   approval to respond to inquiries from Settlement Class Members, respond to any potential objectors,

19   prepare final approval papers, review claims, and advocate on behalf of the Settlement Class in the

20   event a claim is wrongfully denied. Decl. Granade ¶ 149; Decl. Soneji ¶ 14. Plaintiffs' Counsel estimate

21   70 hours of work will be required to see this matter to completion, assuming no objections are filed.

22   Decl. Granade ¶ 149. These additional hours will likely increase the lodestar. Thus, by the time this

23   matter is closed, total lodestar will likely approach, and may exceed, $10,000,000.

24   **IV.    Plaintiffs' Counsel's Expenses Are Reasonable and Should Be Approved**

25   "It is appropriate to reimburse attorneys prosecuting class claims on a contingent basis for

26   'reasonable expenses that would typically be billed to paying clients in non-contingency matters,' *i.e.*,

27   costs 'incidental and necessary to the effective representation of the Class.'" *Capacitors I*, 2018 WL

28   4790575, at *6 (citing *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994), and *In re Omnivision Techs., Inc.*,

1    559 F. Supp. 2d at 1048). Plaintiffs' Counsel seek reimbursement of $898,739.46 (in addition to

2    Settlement Administrative Expenses).

3        With their concurrently-filed declarations, Plaintiffs' Counsel have provided details of their

4    expenses on this action, and the expenses sought are of a type routinely charged to hourly paying

5    clients and, therefore, properly paid out of the common fund. *Ochoa v. McDonald's Corp.*, No. 3:14-cv-

6    02098-JD, 2016 WL 8290114, at *3 (N.D. Cal. Nov. 14, 2016) (Donato, J.) ("[E]xpenses should be

7    paid from the common fund because all class members should contribute their fair share of the costs

8    of the litigation from which they benefitted."). A substantial part of Plaintiffs' Counsel's expenses are

9    expert costs, which amount to $294,362.50. *Franco v. Ruiz Food Prods., Inc.*, No. 1:10-cv-02354-SKO,

10   2012 WL 5941801, at *22 (E.D. Cal. Nov. 27, 2012) (expert fees are among the "types of fees [that]

11   are routinely reimbursed"); Decl. Granade ¶ 144 & n.12. Another substantial part of the costs is the

12   cost of the initial class notice, which was $365,390. Decl. Granade ¶ 144. Plaintiffs' Counsel's expenses

13   also include filing fees, process server fees, mediation costs, travel, lodging, meal costs, postage,

14   conference calls, legal research, court reporting, videography, DRE records research, PACER,

15   courtesy copies, and delivery fees. *See, e.g.*, Decl. Granade, Ex. 2; Decl. Soneji, Ex. 2.

16       Notably, Plaintiffs' Counsel have reduced their cost request as follows: (a) hotel costs were

17   capped at $350 per night; (b) meals were capped at $40 for dinner, and $20 for all other meals; (c) copy

18   charges were eliminated; (d) flight costs were capped at $700. The excluded costs will be borne entirely

19   by Plaintiffs' Counsel. Given that the expenses sought here are routinely charged to clients and

20   reasonably incurred in prosecuting and settling the Action, Plaintiffs' Counsel respectfully request that

21   the Court award Plaintiffs' Counsel the entirety of their $898,739.46 expense request. *In re Google Play*

22   *Dev. Antitrust Litig.*, No. 20-cv-05792-JD, 2024 WL 150585, at *4 (N.D. Cal. Jan. 11, 2024) (Donato, J.)

23   (awarding "reasonable expenses incurred in the normal course of this litigation").

24   **V.    Plaintiffs' Request for Service Awards Is Reasonable**

25       Service awards "are fairly typical in class action cases." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d

26   948, 958 (9th Cir. 2009). Such awards are "discretionary." *Id.*; *see In re Online DVD-Rental Antitrust*

27   *Litig.*, 779 F.3d at 947-48 (approving $5,000 service awards where litigation was "complicated" and

28   "took up quite a bit of the class representatives' time").

As evidenced in their concurrently-filed declarations, Plaintiffs performed their duties as class representatives here by: (1) speaking with counsel about and assisting in drafting the allegations of the first and third amended pleadings; (2) reviewing and discussing key documents throughout the litigation; (3) searching for, collecting, and producing documents; (4) answering interrogatories; (5) sitting for depositions; (6) preparing to testify at trial; (7) making themselves available by telephone for two mediations and a settlement conference; and (8) reviewing and approving the Settlement Agreement before it was executed and submitted to the Court. Decl. Bumpus ¶ 3; Decl. Peker ¶ 3; Decl. Rowan ¶ 3.

Plaintiffs' Counsel seek a $5,000 Service Award for each class representative, Sarah Bumpus, Micheline Peker, and Cheryl Rowan, in recognition of their contributions on behalf of the Settlement Class. Plaintiffs' Counsel believe Service Awards of this amount are fully supported by Plaintiffs' efforts. *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 266 (N.D. Cal. 2015) (collecting cases and stating that "[i]n this district, a $5,000 payment is presumptively reasonable"); *see also Todd v. STAAR Surgical Co.*, No. 14-cv-05263-MWF-GJS, 2017 WL 4877417, at *6 (C.D. Cal. Oct. 24, 2017) (collecting "numerous cases in which service awards of $10,000 or more" were held reasonable). Furthermore, the Service Awards constitute only a tiny percentage of the Total Settlement Amount (0.075 %). *In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d at 633 (awarding $5,000 to each of three plaintiffs where the "payments would be a miniscule proportion of the settlement amount"). Finally, the requested Service Awards align with amounts approved for other class representatives in TCPA cases in the Ninth Circuit. *See, e.g., Cabiness*, 2019 WL 1369929, at *8 ($5,000); *Gergetz*, 2018 WL 4691169, at *7 ($5,000); *Ikuseghan v. Multicare Health Sys.*, No. 14-cv-05539-BHS, 2016 WL 4363198, at *3 (W.D. Wash. Aug. 16, 2016) ($15,000); *Vandervort v. Balboa Cap. Corp.*, 8 F. Supp. 3d 1200, 1208 (C.D. Cal. 2014) ("a combined $10,000" for two plaintiffs).

## VI.    Conclusion

For all the foregoing reasons, Plaintiffs and Plaintiffs' Counsel respectfully request that the Court approve attorneys' fees of $6,000,000, expenses of $898,739.46 (in addition to Settlement Administrative Expenses), and Service Awards of $5,000 for each of the class representatives, Sarah Bumpus, Micheline Peker, and Cheryl Rowan.

1   Date: May 2, 2025

**REESE LLP**

2   By: _/s/ George V. Granade_

George V. Granade (State Bar No. 316050)
3   *ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
4   Los Angeles, California 90211
Telephone: (310) 393-0070

5

6   **REESE LLP**
Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
7   100 West 93rd Street, 16th Floor
New York, New York 10025
8   Telephone: (212) 643-0500

9   **TYCKO & ZAVAREEI LLP**
Sabita J. Soneji (State Bar No. 224262)
10  *ssoneji@tzlegal.com*
1970 Broadway, Suite 1070
11  Oakland, California 94612
Telephone: (510) 254-6808

12
**TYCKO & ZAVAREEI LLP**
13  Hassan A. Zavareei (State Bar No. 181547)
*hzavareei@tzlegal.com*
14  Gemma Seidita (State Bar No. 322201)
*gseidita@tzlegal.com*
15  2000 Pennsylvania Avenue, NW, Suite 1010
Washington, District of Columbia 20036
16  Telephone: (202) 973-0900

17  **BAILEY & GLASSER LLP**
Brian A. Glasser (*pro hac vice*)
18  *bglasser@baileyglasser.com*
John W. Barrett (*pro hac vice*)
19  *jbarrett@baileyglasser.com*
209 Capitol Street
20  Charleston, West Virginia 25301
Telephone: (304) 345-6555

21
**KAUFMAN P.A.**
22  Rachel E. Kaufman (State Bar No. 259353)
*rachel@kaufmanpa.com*
23  Avi Kaufman (*pro hac vice*)
*avi@kaufmanpa.com*
24  237 South Dixie Highway, Floor 4
Coral Gables, Florida 33133
25  Telephone: (305) 469-5881

26  **LAW OFFICES OF STEFAN COLEMAN**
Stefan Coleman (*pro hac vice*)
27  *law@stefancoleman.com*
66 West Flagler Street, Unit 900
28  Miami, Florida 33130

Telephone: (877) 333-9427

*Counsel for Plaintiffs Sarah Bumpus, Micheline Peker, and Cheryl Rowan and the Classes*